1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MCDERMOTT WILL & EMERY LLP**
WILLIAM P. DONOVAN, JR. (SBN 155881)
wdonovan@mwe.com
KATE M. HAMMOND (SBN 293433)
khammond@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA  90067-3206
Telephone:   +1 310 277 4110
Facsimile:    +1 310 277 4730

Attorneys for Defendants
CIGNA HEALTH AND LIFE INSURANCE
COMPANY; CIGNA BEHAVIORAL HEALTH,
INC.

*Side text:* MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| BRISTOL SL HOLDINGS, INC., a California corporation, in its capacity as the assignee for SURE HAVEN, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, a Connecticut corporation; CIGNA BEHAVIORAL HEALTH, INC., a Connecticut corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 8:19-cv-00709-AG-ADS<br><br>**DEFENDANTS CIGNA HEALTH AND LIFE INSURANCE COMPANY AND CIGNA BEHAVIORAL HEALTH, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Date:**  July 22, 2019<br>**Time:**  10:00 am<br>**Judge:**  Hon. Andrew J. Guilford<br>**Dept:**  10D |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on July 22, 2019, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Judge Andrew J. Guilford of the United States District Court for the Central District of California, located in Courtroom 10D, of the above-entitled Court, located at 411 West 4th Street, Santa Ana, California 92701 defendants Cigna Health and Life Insurance Company and Cigna Behavioral Health, Inc. (collectively, "Cigna"), will and hereby do move the Court for an order dismissing all causes of action for relief asserted against them by plaintiff Bristol SL Holdings, Inc. ("Bristol") filed on or about April 15, 2019 (the "Complaint") based on Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6).

Cigna moves to dismiss each and every cause of action asserted in the Complaint on the following grounds:

Breach of Employee Benefit Plan (Recovery of Plan Benefits under E.R.I.S.A. (29 U.S.C. § 1132(a)(1)(b)) (COA 1):   Bristol's cause of action for recovery of plan benefits fails because Bristol fails to allege the existence of plans that govern the 106 patients at issue or any of the terms of those purported plans.  Bristol also fails to allege compliance with these alleged ERISA plans, including without limitation, exhaustion of administrative remedies.

Breach of Oral Contract (COA 2):  Bristol's cause of action for breach of an oral contract fails because Bristol fails to allege facts sufficient to show the existence of an oral contract.  Bristol's cause of action fails for the additional reason that it is preempted by ERISA.

Intentional Misrepresentations (COA 3):  Bristol's cause of action for negligent misrepresentation fails because Bristol fails to meet the heightened pleading requirement mandated by Federal Rule of Civil Procedure 9(b) and also fails to allege the existence of any misrepresentation.  Bristol's cause of action fails for the additional reason that it is preempted by ERISA.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

Negligent Misrepresentation (COA 4):   Bristol's cause of action for negligent misrepresentation fails because Bristol fails to meet the heightened pleading requirement mandated by Federal Rule of Civil Procedure 9(b) and also fails to allege the existence of any misrepresentation.  Bristol's cause of action fails for the additional reason that it is preempted by ERISA.

Fraudulent Concealment (COA 5):  Bristol's cause of action for fraudulent concealment fails because Bristol fails to meet the heightened pleading requirement mandated by Federal Rule of Civil Procedure 9(b) and also fails to allege the existence of any omitted fact.  Bristol's cause of action fails for the additional reason that the cause of action is preempted by ERISA.

Negligent Failure to Disclose (COA 6):  Bristol's cause of action for negligent failure to disclose fails because a negligent nondisclosure is not actionable.  Even it was, Bristol fails to allege the existence of any omitted fact, and the cause of action is preempted by ERISA.

Promissory Estoppel (COA 7):  Bristol's cause of action for promissory estoppel fails because Bristol fails to allege a clear and unambiguous promise.  Bristol's cause of action fails for the additional reason that it is preempted by ERISA.

Quantum Meruit (COA 8):  Bristol's quantum meruit cause of action fails because Bristol does not allege that Cigna requested the services at issue or that Cigna was benefitted by any such services.  Bristol's cause of action fails for the additional reason that it is preempted by ERISA.

Violation of Business and Professions Code Section 17200 (COA 9):  Bristol's unfair competition cause of action fails because Bristol does not have standing to bring a cause of action under California's Unfair Competition Law.  *See* Cal. Bus. & Prof. Code §§ 17200, *et seq.*  Bristol's cause of action fails for the additional reason that Bristol does not allege any unfair, unlawful, or fraudulent conduct necessary to state a claim or that it is entitled to the equitable relief it seeks.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

<u>Breach of Implied Contract (COA 10)</u>:  Bristol's cause of action for breach of an implied contract fails because Bristol fails to allege facts sufficient to show the existence of an implied contract.  Bristol's cause of action fails for the additional reason that it is preempted by ERISA.

<u>Breach of Written Contract (COA 11)</u>:  Bristol's cause of action for breach of a written contract fails because Bristol fails to allege facts sufficient to show the existence of a written contract.  Bristol's cause of action fails for the additional reason that it is preempted by ERISA.

<u>Breach of the Implied Covenant of Good Faith and Fair Dealing (COA 12)</u>: Bristol's cause of action for breach of the implied covenant of good faith and fair dealing fails because Bristol fails to allege facts sufficient to show the existence of a contract, including the provisions that give rise to these alleged implied duties. Bristol's cause of action fails for the additional reason that it is preempted by ERISA.

Additionally, because amendment would be futile, Cigna respectfully requests that the Court grant the motion and dismiss Bristol's Complaint with prejudice.

Cigna bases its motion on this Notice of Motion and Motion to Dismiss Plaintiff's Complaint (the "Motion"), the accompanying Memorandum of Points and Authorities, all pleadings and papers filed in this action, the oral argument of counsel, and any other matters that may come before the Court.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 6, 2019.

Dated: June 13, 2019        **MCDERMOTT WILL & EMERY LLP**

By:   */s/ William P. Donovan, Jr.*
       WILLIAM P. DONOVAN, JR
       KATE M. HAMMOND
       Attorneys for Defendants
       CIGNA HEALTH AND LIFE
       INSURANCE COMPANY; CIGNA
       BEHAVIORAL HEALTH, INC.

4

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................. 1

II. RELEVANT FACTUAL BACKGROUND ........................................ 2

III. LEGAL STANDARD ......................................................................... 3

IV. BRISTOL FAILS TO STATE A CLAIM FOR BENEFITS UNDER ERISA SECTION 502(A)(1)(B) (COA 1) .......................................... 3

V. BRISTOL FAILS TO PLEAD ITS FRAUD-BASED CLAIMS WITH SPECIFICITY (COA 3-5) ....................................................... 4

VI. BRISTOL'S NEGLIGENT NONDISCLOSURE CLAIM FAILS (COA 6) ............................................................................................. 6

VII. BRISTOL'S PROMISSORY ESTOPPEL CLAIM FAILS (COA 7) ............................................................................................. 7

VIII. BRISTOL'S UNFAIR COMPETITION CLAIM FAILS (COA 9) ............................................................................................. 7

IX. BRISTOL'S CONTRACT CAUSES OF ACTION FAIL (COA 2, 10-12) ................................................................................. 10

X. BRISTOL'S BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM FAILS (COA 12) ........................................................................................... 12

XI. BRISTOL'S QUANTUM MERUIT CLAIM FAILS (COA 8) ....... 14

XII. BRISTOL'S STATE-LAW CAUSES OF ACTION ARE PREEMPTED BY ERISA ............................................................... 15

XIII. BRISTOL'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE ................................................................................... 16

XIV. CONCLUSION ................................................................................. 17

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*Aetna Health Inc. v. Davila*,
542 U.S. 200 (2004)............................................................................................. 16

5

6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)......................................................................................... 3, 6

7

*Barlow Respiratory Hosp. v. Cigna Health & Life Ins. Co.*,
2016 WL 7626446 (C.D. Cal. Sept. 30, 2016)....................................... 14

8

9

*Baugh v. CBS, Inc.*,
828 F. Supp. 745 (N.D. Cal. 1993)............................................................. 10

10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).......................................................................................... 3, 6

11

12

*Cedars Sinai Med. Ctr. v. Mid-West Nat'l Life Ins. Co.*,
118 F. Supp. 2d 1002 (C.D. Cal. 2000) ................................................... 11

13

*Cleghorn v. Blue Shield of Cal.*,
408 F.3d 1222 (9th Cir. 2005)..................................................................... 16

14

15

*Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co.*,
2011 WL 2748724 (N.D. Cal. July 13, 2011) ................................... 3, 4

16

*Fossen v. Blue Cross & Blue Shield of Montana, Inc.*,
660 F.3d 1102 (9th Cir. 2011) .............................................................. 15, 16

17

18

*Freeman v. ABC Legal Servs., Inc.*,
877 F. Supp. 2d 919 (N.D. Cal. 2012).................................................... 10

19

*Gholizadeh v. Wells Fargo Bank*,
2014 WL 6884004 (C.D. Cal. Dec. 3, 2014)................................... 12, 13

20

21

*Griffin v. Green Tree Servicing, LLC*,
2015 WL 10059081 (C.D. Cal. Oct. 1, 2015) ................................... 12

22

*Hadley v. Kellogg Sales Co.*,
243 F. Supp. 3d 1074 (N.D. Cal. 2017).................................................... 9

23

24

*Hangarter v. Provident Life & Acc. Ins. Co.*,
373 F.3d 998 (9th Cir. 2004) ..................................................................... 10

25

*IV Solutions, Inc. v. United HealthCare Servs., Inc.*,
2017 WL 3018079 (C.D. Cal. July 12, 2017) ................................... 14

26

27

*Johnson v. Buckley*,
356 F.3d 1067 (9th Cir. 2004) ..................................................................... 16

28

M<small>C</small>D<small>ERMOTT</small> W<small>ILL</small> & E<small>MERY</small> LLP
A<small>TTORNEYS</small> A<small>T</small> L<small>AW</small>
L<small>OS</small> A<small>NGELES</small>

ii

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ............................................................................ 5, 9

*Keshish v. Allstate Ins. Co.*,
   2012 WL 12887075 (C.D. Cal. Oct. 19, 2012) ...................................................... 6

*Langan v. United Servs. Auto. Ass'n*,
   69 F. Supp. 3d 965 (N.D. Cal. 2014) .................................................................... 10

*Love v. The Mail on Sunday*,
   2006 WL 4046180 (C.D. Cal. Aug. 15, 2006) .............................................. 12, 13

*United States ex rel. Modglin v. DJO Global Inc.*,
   114 F. Supp. 3d 993 (C.D. Cal. 2015) .................................................................... 3

*Moss v. United States Secret Serv.*,
   572 F.3d 962 (9th Cir. 2009) ................................................................................. 3

*Mountain View Surgical Ctr. v. Cigna Health Corp.*,
   2015 WL 519066 (C.D. Cal. Feb. 9, 2015) .................................................... 10, 11

*Neilson v. Union Bank of California, N.A.*,
   290 F. Supp. 2d 1101 (C.D. Cal. 2003) .................................................................. 5

*New Method Wellness, Inc. v. Cigna HealthCare of California, Inc.*,
   2018 WL 5095268 (C.D. Cal. Mar. 19, 2018) ...................................................... 10

*Newson v. Countrywide Home Loans, Inc.*,
   2010 WL 4939795 (N.D. Cal. Nov. 30, 2010) ...................................................... 13

*Novak v. United States*,
   795 F.3d 1012 (9th Cir. 2015) .............................................................................. 17

*O'Rourke v. Farmers Grp., Inc. Transitional Supplemental Exec. Ret. Plan*,
   2017 WL 10354733 (C.D. Cal. Aug. 24, 2017) .................................................... 15

*Pain Mgmt. Specialists v. Blue Shield of Cal. Life & Health Ins. Co.*,
   2015 WL 546025 (C.D. Cal. Feb. 9, 2015) ............................................................ 7

*Palmer v. Stassinos*,
   348 F. Supp. 2d 1070 (N.D. Cal. 2004) .................................................................. 9

*Rhynes v. Stryker Corp.*,
   2011 WL 2149095 (N.D. Cal. May 31, 2011) ...................................................... 10

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
   732 F. Supp. 2d 952 (N.D. Cal. 2010) .................................................................. 12

*Simi Surgical Ctr., Inc v. Connecticut Gen. Life Ins. Co.*,
   2018 WL 6332285 (C.D. Cal. Jan. 4, 2018) ........................................................... 4

*Svenson v. Google Inc.*,
   65 F. Supp. 3d 717 (N.D. Cal. 2014) .............................................................. 13, 14

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

iii

*Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co.*,
    520 F. Supp. 2d 1184 (C.D. Cal. 2007) ............................................... 5, 11

*YDM Mgmt. Co. v. Aetna Life Ins. Co.*,
    2016 WL 3751943 (C.D. Cal. July 13, 2016) ........................................ 12

*Zamora v. Solar*,
    2016 WL 3512439 (C.D. Cal. June 27, 2016) ........................................ 13

*Zhang v. American Franchise Regional Ctr., LLC*,
    2016 WL 9149507 (C.D. Cal. Mar. 7, 2016) .......................................... 5

**California Cases**

*Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court*,
    46 Cal. 4th 993 (2009) ........................................................................ 8

*Day v. Alta Bates Med. Ctr.*,
    98 Cal. App. 4th 243 (2002) ............................................................... 14

*Durell v. Sharp Healthcare*,
    183 Cal. App. 4th 1350 (2010) ............................................................ 9

*Kwikset Corp. v. Superior Court*,
    51 Cal. 4th 310 (2011) ........................................................................ 8

*Orthopedic Specialists of S. California v. Pub. Employees' Ret. Sys.*,
    228 Cal. App. 4th 644 (2014) ............................................................. 11

*Pacific Bay Recovery, Inc. v. California Physicians' Servs., Inc.*,
    12 Cal. App. 5th 200 (2017) ......................................................... 10, 11

*Wal-Noon Corp. v. Hill*,
    45 Cal. App. 3d 605 (1975) ............................................................... 11

**Federal Statutes**

29 U.S.C.
    § 1132(a)(1)(B) .................................................................................... 3

Federal Rule of Civil Procedure 8(a) .......................................................... 3

Federal Rule of Civil Procedure 9(b) .................................................... 2, 5, 6

Federal Rule of Civil Procedure 12(b)(6) ................................................... 3

**California Statutes**

Cal. Bus. & Prof. Code
    § 17200 ......................................................................................... 2, 8
    § 17204 .............................................................................................. 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

iv

# I.  **INTRODUCTION**

Plaintiff Bristol SL Holdings, Inc.'s ("Bristol") complaint utterly fails to meet the pleading requirements mandated by the Federal Rules.  Bristol, as the assignee of the now-bankrupt substance abuse provider Sure Haven, Inc., alleges no facts to support its twelve causes of action against Cigna Health and Life Insurance Company and Cigna Behavioral Health, Inc. (collectively, "Cigna").

Bristol seeks recovery for Sure Haven's unspecified treatment of 106 patients who were allegedly covered by health benefit plans administered or underwritten by Cigna.  However, each of Bristol's causes of action are based entirely on Cigna's alleged coverage determinations and medical authorizations for *four* patients, which Bristol then seeks to extrapolate to the remaining 102 patients despite differences in health benefits plans, treatment plans, and clinical evaluations.  Bristol alleges a right to benefits under ERISA, but provides no allegations regarding the existence of these purported plans or their terms.  Bristol does not even allege which patient claims are subject to ERISA.  Bristol goes on to confusingly allege that Cigna also entered into an oral, written, and implied contract and is liable under promissory estoppel and quantum meruit theories to pay full-billed charges for these 106 patients, but does not provide a single specific factual allegation for 102 patients at issue.  Bristol's factually devoid claims must fail.  There is no exception in the Federal Rules that permits Bristol to lump all of these patients together and avoid its pleading burden.  Further, Bristol's attempt to use authorizations and coverage determinations to create a contract has been flatly rejected by numerous courts.

Bristol's four fraud claims—intentional misrepresentation, negligent misrepresentation, and intentional and negligent concealment—also fail.  These are also based on the same factually devoid authorization and coverage determination allegations (relating to four patients only) that Bristol relies upon for its failed contract claims.  Leaving aside the fact that "negligent concealment" is not even a recognized cause of action, Bristol yet again fails to provide any facts, let alone the

1

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

specific facts required under Rule 9(b), to support claims for misrepresentation and concealment.  Finally, Bristol throws in a cause of action for unfair competition under California Business and Profession Code Section 17200.  Bristol, as an assignee, lacks standing to bring this claim as a matter of law.  Even if Bristol did have standing, Bristol fails to allege any unlawful, fraudulent, or unfair conduct or a claim for equitable relief.

Finally, each of Bristol's thread-bare state-law claims are preempted by ERISA to the extent they involve patient claims subject to ERISA governed plans.  Despite including eleven baseless state law claims, Bristol only seeks the recovery of plan benefits.  This relief is solely within the purview of ERISA's enforcement mechanisms.  Bristol cannot avoid ERISA by disguising a claim for plan benefits as a state law claim.  Cigna respectfully requests that the Court grant this Motion and dismiss Bristol's claims.

## II.   RELEVANT FACTUAL BACKGROUND

Plaintiff Bristol is the alleged assignee of claims held by Sure Haven, Inc. ("Sure Haven").  (Compl., ¶ 5.)  Sure Haven was a residential substance abuse treatment facility, which filed a voluntary Chapter 11 bankruptcy petition on June 1, 2017.  (*Id*.)  Sure Haven purportedly provided unspecified substance abuse and medical health treatment to 106 patients who allegedly were covered by health benefit plans that were administered or underwritten by defendants Cigna Health and Life Insurance Company or Cigna Behavioral Health, Inc.  (*Id.* ¶ 11.)  Bristol alleges that it "believes that most of the claims at issue in this case are subject to ERISA." (*Id.* ¶ 19.)  Bristol does not attach any plan language to the complaint or allege any specific terms of these benefit plans.  (*See id.*)

Bristol alleges that for four patients, Cigna representatives spoke with Sure Haven representatives and the Cigna representatives conveyed coverage rates and authorized medical treatment.  (Compl., ¶¶ 14-15.)  Bristol alleges that Cigna conveyed a different coverage amount for each of these four patients.  (*Id.*, ¶ 14.)

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

Bristol does not allege Cigna agreed to any specific amount of coverage, what treatments would be covered, or for how long.  (*See e.g.,* ¶¶ 14-15.)  Other than patient initials and Sure Haven's alleged charges, Bristol does not provide any factual allegations for 102 of the patients at issue.  (*See, e.g., id.*)  Bristol alleges that Cigna has not paid all of Sure Haven's billed charges for these unspecified services.  (*Id.*, ¶ 17.)

## III.   LEGAL STANDARD

A motion under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of the claims asserted in the complaint" under the pleading standards of Rule 8(a).  *United States ex rel. Modglin v. DJO Global Inc.*, 114 F. Supp. 3d 993, 1008 (C.D. Cal. 2015).  A court must dismiss a complaint if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In determining whether a complaint meets this standard, the court must take the complaint's well-pleaded factual allegations as true and must draw all reasonable inferences therefrom in favor of the plaintiff; the court need not, however, defer to "unreasonable inferences" or conclusory allegations that lack factual support. *Modglin*, 114 F. Supp. 3d at 1008; *see also Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  Applying these standards, Bristol's claims fail, and Cigna respectfully requests that the Court dismiss Bristol's complaint.

## IV.   BRISTOL FAILS TO STATE A CLAIM FOR BENEFITS UNDER ERISA SECTION 502(a)(1)(B) (COA 1)

ERISA Section 502(a)(1)(B) allows for recovery of benefits due "under the terms of [an ERISA] plan."  *See* 29 U.S.C. § 1132(a)(1)(B).  To state a claim under ERISA Section 502(a)(1)(B), "a plaintiff must allege facts that establish the existence of an ERISA plan as well as the provisions of the plan that entitle it to benefits." *Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co.*, 2011 WL 2748724, at *5 (N.D. Cal. July 13, 2011).  This requires the plaintiff to "identify a

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

specific plan term that confers the benefit in question." *Simi Surgical Ctr., Inc v. Connecticut Gen. Life Ins. Co*., 2018 WL 6332285, at *2 (C.D. Cal. Jan. 4, 2018). "Failure to identify the controlling ERISA plans makes a complaint unclear and ambiguous." *Forest Ambulatory Surgical Assocs., L.P.*, 2011 WL 2748724, at *5.

Here, not only does Bristol fail to allege which of the 106 patients were subject to ERISA plans, but Bristol also fails to allege a single specific term from any of these purported plans.  Bristol alleges that it "believes that most of the claims at issue in this case are subject to ERISA," but does not allege any facts to support this belief. (Compl., ¶ 19.)  Bristol similarly provides no details regarding the terms of these plans or how Cigna allegedly breached them.  (*See id.,* ¶¶ 18-23.)  Bristol alleges that it is "informed and believes" that the plans/policies have the same operative language (Compl., ¶ 11), but then confusingly alleges that the plans required Cigna to pay different rates (Compl., ¶ 21).  Bristol contends that the plans might have required Cigna to pay a reasonable and customary rate, "prevailing fees or recognized charges," or "such other rates as provided [sic] might have been provided in the plans." (Compl., ¶ 21).  Bristol comes nowhere close to identifying a "specific plan term that confers the benefit in question."  *Simi Surgical Ctr., Inc*., 2018 WL 6332285, at *2.  Moreover, Bristol's deficient allegations make it impossible to determine whether Bristol exhausted internal review procedures as required by ERISA.  *See id.* at *3.  Bristol's claim for benefits should be dismissed.

## V.   <u>BRISTOL FAILS TO PLEAD ITS FRAUD-BASED CLAIMS WITH SPECIFICITY (COA 3-5)</u>

Bristol's fraud-based claims also fail.  Bristol's claims for intentional misrepresentation (COA 3), negligent misrepresentation (COA 4) and fraudulent concealment (COA 5) require Bristol to plead "(a) misrepresentation (false representation, concealment, or nondisclosure ); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

4

1    (e) resulting damage."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir.

2    2009).

3        Additionally, Rule 9(b) mandates that these claims are pled with heightened

4    particularity.  Fed. R. Civ. Proc. 9(b); *Neilson v. Union Bank of California, N.A.*, 290

5    F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well-established in the Ninth Circuit

6    that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s

7    particularity requirements."); *Zhang v. American Franchise Regional Ctr., LLC*, 2016

8    WL 9149507, at *1 (C.D. Cal. Mar. 7, 2016) ("A cause of action for fraudulent

9    concealment must be pled with heightened specificity.").  To meet this requirement,

10   the "circumstances constituting the alleged fraud [must] be specific enough to give

11   defendants notice of the particular misconduct ... so that they can defend against the

12   charge and not just deny that they have done anything wrong."  *Kearns*, 567 F.3d at

13   1124.  This requires the plaintiff to plead "the who, what, when, where, and how of

14   the misconduct charged."  *Id.*

15       Bristol fails to do that here.  The only "misrepresentation" Bristol alleges is

16   that Cigna purportedly conveyed alleged coverage rates and authorized medical

17   treatment for four patients. (Compl., ¶¶ 14-15.)  Fatally, Bristol does not allege that

18   Cigna promised to pay Sure Haven a certain rate, made any false statement, or

19   concealed any information.  (*See, id.*)  Bristol only vaguely alleges that Cigna

20   communicated reimbursement rates and nowhere alleges that Cigna conveyed that

21   Sure Haven was entitled to or would be paid any specified rates.  (*Id.*)  Merely

22   reciting the coverage terms of an alleged health plan and providing medical

23   authorization is not actionable fraud.  *See Tenet Healthsystem Desert, Inc. v. Fortis*

24   *Ins. Co.*, 520 F. Supp. 2d 1184, 1193 (C.D. Cal. 2007) (allegations that payor

25   conveyed that it would cover medical treatment not actionable).  Bristol also does not

26   identify a single fact that was allegedly concealed.  Bristol only concludes that Cigna

27   "concealed materials facts regarding the coverages and/or rates provided in the

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

plans/policies at issue herein."  (Compl., ¶ 38.)  This conclusory allegation falls far short of the heightened pleading required by Rule 9(b).

Finally, Bristol does not allege a single fact pertaining to the remaining 102 patients at issue.  Bristol cannot circumvent the heightened pleading requirement by alleging facts for only 4% of the patients at issue.  There is simply no exception in the Federal Rules that permits Bristol to lump patients together and state a viable claim.  Bristol's claims should be dismissed.

## VI. BRISTOL'S NEGLIGENT NONDISCLOSURE CLAIM FAILS (COA 6)

Bristol's claim for negligent nondisclosure suffers from similar deficiencies. First, at least one court in this district has concluded that there is no cause of action for a negligent nondisclosure.  *See Keshish v. Allstate Ins. Co.*, 2012 WL 12887075, at *4 (C.D. Cal. Oct. 19, 2012) (dismissing negligent concealment claims because "[u]nder California law, "'the tort of negligent misrepresentation extends only to affirmative statements or positive assertions.... There is no liability for implied representations, much less negligent nondisclosure or concealment.'").  Cigna respectfully requests this Court to follow the sound reasoning of the court in *Keshish* and conclude the same.

Further, even if "negligent nondisclosure" was actionable, to survive dismissal, Bristol must allege more than bare conclusions, which, again, Bristol utterly fails to do.  *See Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Bristol alleges that Cigna "failed to disclose the facts set forth in paragraphs 13-15."  (Compl., ¶ 41.)  Paragraphs 13-15, however, do not identify a single undisclosed fact, but instead only allege that Cigna conveyed coverage rates and provided alleged medical authorizations.  (*Id.*, ¶¶ 13-15.)  This is insufficient to support a claim and Bristol's claim should be dismissed.  *See Iqbal*, 556 U.S. at 678.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

## VII.   BRISTOL'S PROMISSORY ESTOPPEL CLAIM FAILS (COA 7)

Bristol's promissory estoppel claim also should be dismissed.  Promissory estoppel requires a plaintiff to plead "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3)[the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance."  *Pain Mgmt. Specialists v. Blue Shield of Cal. Life & Health Ins. Co.*, 2015 WL 546025, at \*2 (C.D. Cal. Feb. 9, 2015).

Bristol's allegation that Cigna promised to "pay for substance abuse treatment at the UCR rate" comes nowhere close to the "clear and unambiguous promise" necessary to sustain a claim.  (Compl., ¶ 45.)  Critically, this purported "promise" to pay for treatment does not specify which type of "substance abuse treatment" was covered, for how long the coverage applied, or whether it applied to all or any 106 patients at issue.  (*See, id.*)  Moreover, even if this "promise" to pay the alleged UCR rate for unspecified treatment, at different times and for different patients, was sufficiently definite, Bristol provides no factual allegations to support its existence. The only factual allegations Bristol provides are summaries of alleged phone calls with Cigna representatives pertaining to only four patients.  According to these allegations, the representatives conveyed *varying rates* of coverage and did not even promise to pay Sure Haven these rates.  (Compl., ¶ 14.)  Bristol alleges that Cigna conveyed that each patient was covered at a different UCR rate and subject to unspecified out-of-pocket maximums.  (*Id.*)  This is not even a promise, let alone a clear or unambiguous promise required to state a claim.  Bristol's claim should be dismissed.  *See Pain Mgmt. Specialists*, 2015 WL 546025, at \*3 (dismissing promissory estoppel claim where plaintiff failed to allege that the payor made a clear and ambiguous promise to pay full-billed charges).

## VIII.   BRISTOL'S UNFAIR COMPETITION CLAIM FAILS (COA 9)

Bristol's claim under California's Unfair Competition Law (the "UCL") fails for three independent reasons.  First, Bristol, the assignee of Sure Haven, lacks

7

1    standing to bring the claim.  Second, even if Bristol had standing to bring the claim,

2    Bristol fails to allege any unlawful, fraudulent, or unfair conduct necessary for its

3    claim.  Finally, Bristol fails to allege an entitlement to any equitable relief.

4         To allege a claim under California's Unfair Competition Law (the "UCL"), a

5    plaintiff must allege the defendant engaged in an "unlawful, unfair or fraudulent

6    business act or practice."  Cal. Bus. & Prof. Code § 17200.  Additionally, a plaintiff

7    may only bring a claim if the plaintiff has statutory UCL standing, which requires

8    that the plaintiff suffered "a loss or deprivation of money or property sufficient to

9    qualify as injury in fact, i.e., economic injury, and [] show that that economic injury

10   was the result of, i.e., caused by, the unfair business practice or false advertising that

11   is the gravamen of the claim."  *Kwikset Corp. v. Superior Court,* 51 Cal. 4th 310, 322

12   (2011); Cal. Bus. & Prof. Code § 17204.

13        In 2009, the California Supreme Court made clear that UCL claims cannot be

14   assigned.  *Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court*, 46

15   Cal. 4th 993, 1002 (2009).  The California Supreme Court noted:

16        To allow a *noninjured assignee* of an unfair competition claim to stand
         in the shoes of the *original, injured claimant* would confer standing on
17        the assignee in direct violation of the express statutory requirement in
         the unfair competition law, as amended by the voters' enactment of
18        Proposition 64, that a private action under that law be
         brought *exclusively* by a "person who has suffered injury in fact and has
19        lost money or property as a result of the unfair competition."

20        Bristol here is a "noninjured assignee," and thus its UCL claims must fail.  *See*

21   *id.*  Bristol does not allege that it has suffered any independent injuries and instead

22   brings its claims on behalf of Sure Haven.  (Compl., ¶ 5.)  The Court's inquiry into

23   this claim need not go further, but even if Bristol could allege standing, Bristol's

24   UCL claim fails for the additional reason that it does not allege any unlawful,

25   fraudulent, or unfair conduct.  Bristol does not allege any underlying statutory

26   violation to support its claim.  (*See, e.g.,* Compl., ¶¶ 54-60.)  Bristol similarly fails to

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

allege any fraudulent conduct for the reasons set forth in Section V above.[1]  Finally, Bristol does not allege any "unfair" conduct, which requires allegations that the "conduct is tethered to an[] underlying constitutional, statutory or regulatory provision, or that it threatens an incipient violation of an antitrust law, or violates the policy or spirit of an antitrust law."  *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1366 (2010).  Bristol makes no such allegation here and its unfair competition claim should be dismissed.

Finally, assuming *arguendo* that Bristol could overcome these first two fatal deficiencies, Bristol still does not allege an appropriate request for equitable relief, nor can it.  Under the UCL a plaintiff may only seek equitable relief, e.g., restitution or injunctive relief.  *Korea Supply Co.*, 29 Cal. 4th at 1144.  Bristol's "restitution" seeks recovery for allegedly unpaid bills and "disgorgement of illegal profit and/or ill-gotten financial gains."  (Compl., ¶ 59.)  None of which are recoverable restitution.

Over sixteen years ago, the California Supreme Court made clear that "nonrestitutionary disgorgement of profits is not an available remedy in an individual action under the UCL" and further clarified that recoverable restitution is limited to an order compelling a defendant "to return money obtained through an unfair business practice to those persons in interest from whom the property was taken."  *Korea Supply Co.*, 29 Cal. 4th at 1149, 1152.  Bristol does not seek the return of any money or property it paid to Cigna; it seeks compensation for alleged injuries and nonrestitutionary disgorgement of profits.  Bristol's claim must be dismissed.  *See Palmer v. Stassinos*, 348 F. Supp. 2d 1070, 1088 (N.D. Cal. 2004), order clarified on reconsideration, 419 F. Supp. 2d 1151 (N.D. Cal. 2005) (request for restitution improper and UCL claim dismissed where plaintiff did not allege she paid any

---

[1] UCL claims premised on fraud must also be pled with heightened particularity. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009); *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1094 (N.D. Cal. 2017).

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

money to defendants); *Baugh v. CBS, Inc.*, 828 F. Supp. 745, 757–58 (N.D. Cal. 1993) (request for restitution improper where plaintiff did not allege defendant took any property from plaintiff); *See Rhynes v. Stryker Corp*. 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011) (dismissing UCL claim where compensatory damages sought by plaintiffs provided an adequate remedy at law to redress alleged injuries).

Bristol's request for injunctive relief is similarly flawed.  To seek injunctive relief under the UCL, a plaintiff "must demonstrate a real or immediate threat of an irreparable injury."  *Hangarter v. Provident Life & Acc. Ins*. Co., 373 F.3d 998, 1021 (9th Cir. 2004); *Freeman v. ABC Legal Servs*., Inc., 877 F. Supp. 2d 919, 924 (N.D. Cal. 2012).  Bristol fails to identify how it will suffer imminent, irreparable injury. Bristol does not allege any ongoing relationship with Cigna.  Bristol does not even allege that it is a treatment provider.  Bristol is merely the assignee of the now-bankrupt provider, Sure Haven.  (Compl., ¶ 5.)  Bristol's request thus fails.  *See Hangarter*, 373 F.3d at 1022 (reversing UCL injunction where plaintiffs had no ongoing relationship with defendant).

## IX.    BRISTOL'S CONTRACT CAUSES OF ACTION FAIL (COA 2, 10-12)

Bristol's four-contract claims similarly must be dismissed.  Each of these claims require Bristol to plead "(1) the existence of a contract, (2) performance or excuse for nonperformance, (3) defendant's breach, and (4) damages."  *Mountain View Surgical Ctr. v. Cigna Health Corp*., 2015 WL 519066, at *2 (C.D. Cal. Feb. 9, 2015).  Bristol must plead the terms of these contract with sufficient specificity to ascertain the parties' respective obligations and the existence of a breach.  *See Pacific Bay Recovery, Inc. v. California Physicians' Servs., Inc.*, 12 Cal. App. 5th 200, 216 (2017); *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014) (to state a cause of action the "Court must be able generally to discern at least what material obligation of the contract the defendant allegedly breached"); *New Method Wellness, Inc. v. Cigna HealthCare of California, Inc.*, 2018 WL 5095268, at *2 (C.D. Cal. Mar. 19, 2018) (dismissing implied contract claim because plaintiff

failed to "sufficiently allege the relevant terms of coverage for the 37 patients"). Bristol fails to do that here.

Bristol confusingly alleges that, based on the same conduct, three separate contracts govern Sure Haven's treatment of the patients—(1) an oral contract (COA 2), an implied contract (COA 10), and (3) a "written insurance contract" (COA 11). This alone mandates dismissal of these claims. *See Wal-Noon Corp. v. Hill*, 45 Cal. App. 3d 605, 613 (1975) ("There cannot be a valid, express contract and an implied contract, each embracing the same subject matter, existing at the same time."); *Mountain View Surgical Ctr. v. Cigna Health Corp.,* 2015 WL 519066, at *3 (C.D. Cal. Feb. 9, 2015) (dismissing implied and oral contract claims because the claims were not distinct).

Nevertheless, the claims are also deficient because Bristol does not provide a single factual allegation to support allegations that Cigna and Sure Haven even entered into any agreements. Bristol only alleges that based on coverage determinations and authorizations for four patients, Cigna "entered into agreements" for the 106 patients at issue. These allegations come nowhere close to establishing the existence of an agreement under which Cigna would pay a specified rate for various treatments provided to each of the 106 patients at issue. Indeed, courts repeatedly reject allegations by providers, like Bristol's allegations here, that a contract was created with a payor based on "authorizations" and coverage determinations. *See Pacific Bay Recovery, Inc*., 12 Cal. App. 5th at 211; *Orthopedic Specialists of S. California v. Pub. Employees' Ret. Sy*s., 228 Cal. App. 4th 644, 649 (2014) (noting that no implied contract created by authorizations for treatment and statement that provider "would be paid" for treatment); *Tenet Healthsystem Desert, Inc.*, 520 F. Supp. 2d at 1193 (no implied contract created by insurer's confirmation that patient was eligible for benefits and authorization for treatment); *Cedars Sinai Med. Ctr. v. Mid-West Nat'l Life Ins. Co*., 118 F. Supp. 2d 1002, 1008 (C.D. Cal. 2000) (recognizing that authorizations of treatment are "not the same as a promise to

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

---

11

1   pay"); *YDM Mgmt. Co. v. Aetna Life Ins. Co.*, 2016 WL 3751943, at *4 (C.D. Cal.

2   July 13, 2016) (dismissing with prejudice breach of implied contract claim arising

3   from alleged authorizations to provide medical services).

4          Bristol also fails to provide any allegations to determine what these

5   unidentified contracts purportedly required and whether there was a breach. Bristol

6   does not identify which patient supposedly was covered by which contract, what kind

7   of treatment the contract covered, or for what rate. Bristol only contends that the

8   contracts required Cigna to pay the "UCR rate" for "substance abuse treatment" or

9   "an appropriate allowed amount, as defined in the polices and paid in numerous

10  previous claims." (Compl., ¶¶ 25, 62, 69.) This is insufficient to support a claim.

11  With these allegations, neither Cigna nor the Court can determine what Cigna was

12  purportedly contractually required to do for the 106 patients, what Sure Haven was

13  required to do, and whether the parties' fulfilled their respective duties. Without such

14  allegations, the claims must fail.

## X.    BRISTOL'S BREACH OF THE IMPLIED COVENANT OF GOOD

FAITH AND FAIR DEALING CLAIM FAILS (COA 12)

17         Bristol's implied covenant claim based on these alleged "contracts" also fails.

18  California law implies a covenant of good faith and fair dealing in every contract.

19  *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal.

20  2010). Obligations implied by the covenant are "circumscribed by the purposes and

21  express terms of the contract." *Love v. The Mail on Sunday,* 2006 WL 4046180, at *7

22  (C.D. Cal. Aug. 15, 2006). The covenant "is implied to protect the express covenants

23  of a contract, not a general public policy interest that is not directly tied to the

24  contract's purpose." *Gholizadeh v. Wells Fargo Bank*, 2014 WL 6884004, at *4

25  (C.D. Cal. Dec. 3, 2014).

26         Accordingly, in order to survive dismissal, the plaintiff "must identify the

27  specific contractual provision or provisions that gave rise to the implied duties."

28  *Griffin v. Green Tree Servicing, LLC*, 2015 WL 10059081, at *10 (C.D. Cal. Oct. 1,

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

2015).  "[W]ithout such terms, neither [a defendant] nor the Court can discern whether such terms could give rise to the implied duties" that are claimed to be breached.  *Love*, 2006 WL 4046180, at *7.  Moreover, such a claim cannot merely duplicate a breach of contract claim.  *See, e.g., Svenson v. Google Inc*., 65 F. Supp. 3d 717, 725 (N.D. Cal. 2014) (implied covenant claim that merely duplicates a breach of contract claim is deemed superfluous under California law); *see also Zamora v. Solar*, 2016 WL 3512439, at *4 (C.D. Cal. June 27, 2016) (same).

Bristol's breach of the implied covenant claim fails because Bristol fails to allege any specific provisions that were breached and because it is merely duplicative of the breach of contract claims.

First, Bristol's failure to allege any specific contractual provisions that give rise to the implied duties mandates dismissal of this claim.  Bristol generally alleges that Cigna breached the covenant by not making "fair and equitable payment of claims," "misrepresenting pertinent policy provisions," and by "failing to provide a reasonable basis . . . for the handling of the claims."  (Compl., ¶ 74.)  Bristol does not provide any factual support for these conclusory claims and nowhere alleges any specific contractual provision tied to these purported breaches.  Bristol does not allege any instance where Cigna misrepresented a policy provision, and likewise does not provide a single factual allegation regarding any purported failure to "provide a reasonable basis" when "handling . . . the claims."   Bristol's claim fails. *See Love*, 2006 WL 4046180, at *7; *see also Gholizadeh*, 2014 WL 6884004, at *4 (dismissing breach of implied covenant claim based on a denial of plaintiffs' request for a loan modification where plaintiffs failed to allege that contract contained an implied duty requiring a modification); *Newson v. Countrywide Home Loans, Inc*., 2010 WL 4939795, at *4 (N.D. Cal. Nov. 30, 2010) (dismissing breach of implied covenant claim based on a refusal to provide a lower interest rate where plaintiff failed to allege that such an obligation "emanate[d] from an actual contract").

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

13

Bristol's breach of the implied covenant claim fails for the additional reason that it merely duplicates Bristol's three other breach of contract claims. Bristol asserts no factual allegations that render the claim different than its three other breach of contract claims, which all allege Cigna failed to pay an unspecified rate for unspecified treatments to unspecified patients. It is therefore duplicative and must be dismissed. *See Svenson*, 65 F. Supp. 3d at 725 (dismissing implied covenant claim that was duplicative of breach of contract claim).

## XI. BRISTOL'S QUANTUM MERUIT CLAIM FAILS (COA 8)

Bristol's quantum meruit claim also fails. To recover under quantum meruit, "a plaintiff must establish both that he or she was acting pursuant to either an express or implied request for such services from the defendant and that the services rendered were intended to and did benefit the defendant." *Day v. Alta Bates Med. Ctr*., 98 Cal. App. 4th 243, 248 (2002).

Like Bristol's other claims, here too, Bristol fails to allege these required elements. Bristol alleges no facts that Cigna specifically requested that Sure Haven provide the services at issue. To the contrary, Bristol alleges that "[Sure Haven] contacted" Cigna to verify coverage. (Compl., ¶ 13.) This is insufficient to support a claim. *See Barlow Respiratory Hosp. v. Cigna Health & Life Ins. Co.,* 2016 WL 7626446, at *3 (C.D. Cal. Sept. 30, 2016*)* (plaintiff failed to establish a claim for quantum meruit where "[payor] did not request that [provider] provide [patient] with medical services. Rather, [patient] requested medical services from [provider], who then contacted [payor] to verify [patient's] coverage eligibility").

Bristol likewise alleges no facts to support the idea that Sure Haven's performance of these services conferred any benefit on Cigna, nor can it. It is the patients who would obtain any benefit from these services, not Cigna. Bristol's claims must be dismissed. *See IV Solutions, Inc. v. United HealthCare Servs., Inc*., 2017 WL 3018079, at *11 (C.D. Cal. July 12, 2017*)* (dismissing quantum meruit

14

claim because "it was [the insurer's] members, not [the insurer] itself, who benefitted from [the provider's] services").

## XII.   BRISTOL'S STATE-LAW CAUSES OF ACTION ARE PREEMPTED BY ERISA

Bristol's eleven state-law causes of action fail for the additional reason that they are preempted by ERISA (COA 2-12).  Bristol does not specify which patients at issue are subject to ERISA governed plans, but generally alleges that it "believes that most of the claims at issue in this case are subject to ERISA."  (Compl., ¶ 19.) Consequently, to the extent the Bristol's state-law causes of action involve an ERISA governed plan, they are preempted.

"ERISA provides for the comprehensive federal regulation of employee benefit plans." *O'Rourke v. Farmers Grp., Inc. Transitional Supplemental Exec. Ret. Plan*, 2017 WL 10354733, at *3 (C.D. Cal. Aug. 24, 2017).  To that end, ERISA Section 502(a) "sets forth a comprehensive civil enforcement scheme' that completely preempts state-law causes of action within the scope of these civil enforcement provisions." *Fossen v. Blue Cross & Blue Shield of Montana, Inc*., 660 F.3d 1102, 1107 (9th Cir. 2011) (internal quotations omitted).  A cause of action is completely preempted when it could have been brought under Section 502(a)(1)(B) and "where there is no other independent legal duty that is implicated by a defendant's actions." *Id.* at 1107–08.  This second question "requires a practical, rather than a formalistic, analysis because claimants simply cannot obtain relief by dressing up an ERISA benefits claim in the garb of a state law tort." *Id.* at 1110-11.

Each of Bristol's state-law causes of action (COA 2-12) are based on the same universe of thread-bare facts and all effectively seek the recovery of benefits under allegedly applicable benefits plans.  They are therefore all completely preempted and should be dismissed.

For each of these causes of action, Bristol contends Cigna should have paid Sure Haven a certain rate, based on allegations that Cigna communicated health plan

DEFENDANTS' MOTION TO DISMISS
CASE NO. 8:19-CV-00709-AG-ADS

coverage rates to Sure Haven for four specific patients. (Compl., ¶¶ 14-15.) Setting aside the issue that these allegations do not even sufficiently allege the existence of an agreement between Cigna and Sure Haven, actionable fraud or concealment, unfair competition, or a right to quantum meruit, as discussed above, even if they did, they impermissibly seek recovery for benefits under an ERISA governed plan. Each of these claims could have been brought under ERISA section 502(a) to recover plan benefits and do not implicate any other duties other than the alleged duty to pay plan benefits. The fact that Bristol dressed up its claims as various state-law claims is of no import. "Claimants simply cannot obtain relief by dressing up an ERISA benefits claim in the garb of a state law tort." *Fossen,* 660 F.3d at 1110–11. This is precisely what Bristol has done here. Despite disguising its claims as arising under state law, Bristol does not identify any other purported harm other than unpaid plan benefits. These claims are therefore exclusively governed by ERISA's enforcement scheme and completely preempted. *See Cleghorn v. Blue Shield of Cal.,* 408 F.3d 1222, 1225 (9th Cir. 2005) (state law claims preempted where the only factual basis for relief pleaded in the complaint was the refusal of the payor to reimburse for medical services). Indeed, "Congress' intent to make the ERISA civil enforcement mechanism exclusive would be undermined if state causes of action that supplement the ERISA § 502(a) remedies were permitted, even if the elements of the state cause of action did not precisely duplicate the elements of an ERISA claim." *Id.* (quoting *Aetna Health Inc. v. Davila,* 542 U.S. 200 (2004)). Bristol's claims should be dismissed.

## XIII. BRISTOL'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

A court may deny leave to amend if amendment would not cure the deficiencies of the complaint, *i.e.,* amendment would be futile. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Here, Bristol cannot cure the fundamental deficiencies within its Complaint and Cigna respectfully requests that the Court

dismiss the Complaint with prejudice.  *See Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (holding that futility alone is sufficient to justify dismissal with prejudice).

## XIV.  <u>CONCLUSION</u>

Based on the foregoing, Cigna respectfully requests that the Court grant this motion and dismiss Bristol's claims with prejudice.

Dated: June 13, 2019                   **MCDERMOTT WILL & EMERY LLP**

By:   */s/ William P. Donovan, Jr.*
      WILLIAM P. DONOVAN, JR
      KATE M. HAMMOND
      Attorneys for Defendants
      CIGNA HEALTH AND LIFE
      INSURANCE COMPANY; CIGNA
      BEHAVIORAL HEALTH, INC.

DM_US 160388312-1.015187.0044