**MCDERMOTT WILL & EMERY LLP**
WILLIAM P. DONOVAN, JR. (SBN 155881)
wdonovan@mwe.com
KATE M. HAMMOND (SBN 293433)
khammond@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: +1 310 277 4110
Facsimile: +1 310 277 4730

Attorneys for Defendants
CIGNA HEALTH AND LIFE INSURANCE
COMPANY; CIGNA BEHAVIORAL HEALTH,
INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| BRISTOL SL HOLDINGS, INC., a California corporation, in its capacity as the assignee for SURE HAVEN, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, a Connecticut corporation; CIGNA BEHAVIORAL HEALTH, INC., a Connecticut corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO. 8:19-cv-00709-AG-ADS<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>**DATE:** July 22, 2019<br>**TIME:** 10:00 am<br>**JUDGE:** Hon. Andrew J. Guilford<br>**DEPT:** 10D |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................1

II. BRISTOL'S CLAIM FOR ERISA BENEFITS FAILS (COA 1) ..............1

III. BRISTOL'S STATE-LAW CAUSES OF ACTION ONLY SEEK THE RECOVERY OF BENEFITS AND ARE PREEMPTED BY ERISA (COA 2-12) ...............................................................................3

IV. BRISTOL'S FRAUD CLAIMS ARE NOT SUFFICIENTLY PLED (COA 3-5) ..................................................................................4

V. BRISTOL'S NEGLIGENT NONDISCLOSURE CAUSE OF ACTION SHOULD BE DISMISSED (COA 6) ......................................5

VI. BRISTOL DOES NOT ALLEGE A CLEAR AND UNAMBIGUOUS PROMISE AND ITS PROMISSORY ESTOPPEL CLAIM FAILS (COA 7) .....................................................................................6

VII. BRISTOL'S QUANTUM MERUIT CLAIM FAILS (COA 8) .................6

VIII. BRISTOL'S UNFAIR COMPETITION CLAIM FAILS (COA 9) ...........7

IX. BRISTOL'S BREACH OF CONTRACT CLAIMS FAIL (COA 2, 10-11) ..................................................................................9

X. BRISTOL'S IMPLIED COVENANT CLAIM IS DUPLICATIVE OF ITS BREACH OF CONTRACT CLAIMS AND SHOULD BE DISMISSED (COA 12) ........................................................................10

XI. CONCLUSION ..................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ackerman v. Northwestern Mut. Life Ins. Co.*,
  172 F.3d 467 (7th Cir. 1999) ............................................................................... 4

*Arabian v. Organic Candy Factory*,
  2018 WL 1406608 (C.D. Cal. Mar. 19, 2018) .................................................... 4

*Casa Bella Recovery Int'l, Inc. v. Humana Inc.*,
  2017 WL 6030260 (C.D. Cal. Nov. 27, 2017) .................................................. 10

*Enloe Med. Ctr. v. Principal Life Ins. Co.*,
  2011 WL 6396517 (E.D. Cal. Dec. 20, 2011) .................................................... 6

*Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co.*,
  2011 WL 2748724 (N.D. Cal. July 13, 2011) .................................................... 2

*Fossen v. Blue Cross & Blue Shield of Montana, Inc.*,
  660 F.3d 1102 (9th Cir. 2011) ............................................................................ 4

*Hangarter v. Provident Life & Acc. Ins. Co.*,
  373 F.3d 998 (9th Cir. 2004) .............................................................................. 9

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ............................................................................ 7

*Keshish v. Allstate Ins. Co.*,
  2012 WL 12887075 (C.D. Cal. Oct. 19, 2012) .................................................. 5

*O'Rourke v. Farmers Grp., Inc. Transitional Supplemental Exec. Ret. Plan*,
  2017 WL 10354733 (C.D. Cal. Aug. 24, 2017) .................................................. 3

*Pain Mgmt. Specialists v. Blue Shield of Cal. Life & Health Ins. Co.*,
  2015 WL 546025 (C.D. Cal. Feb. 9, 2015) ........................................................ 6

*Palmer v. Stassinos*,
  348 F. Supp. 2d 1070 (N.D. Cal. 2004), *order clarified on reconsideration*
  419 F. Supp. 2d 1151 (2005) .............................................................................. 9

*Regents of Univ. of Cal. v. Principal Fin. Grp.*,
    412 F. Supp. 2d 1037 (N.D. Cal. 2006)............................................................6

*Semegen v. Weidner*,
    780 F.2d 727 (9th Cir. 1985) ...........................................................................4

*Simi Surgical Ctr., Inc. v. Connecticut Gen. Life Ins. Co.*,
    2018 WL 6332285 (C.D. Cal. Jan. 4, 2018)..................................................2, 3

*Svenson v. Google, Inc.*,
    65 F. Supp. 3d 717 (N.D. Cal. 2014)..............................................................10

**California Cases**

*Amalgamated Transit Union Local 1756, AFL-CIO v. Superior Court*,
    46 Cal. 4th 993 (2009).....................................................................................7

*Day v. Alta Bates Med. Ctr.*,
    98 Cal. App. 4th 243 (2002) ............................................................................6

*Durell v. Sharp Healthcare*,
    183 Cal. App. 4th 1350 (2010) ........................................................................8

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003)...................................................................................8

*Kwikset Corp. v. Superior Court*,
    51 Cal. 4th 310 (2011).....................................................................................9

*Pacific Bay Recovery, Inc. v. California Physicians' Servs., Inc.*,
    12 Cal. App. 5th 200, 216 (2017) ....................................................................9

*Tenet Healthsystem Desert, Inc. v. Blue Cross of Cal.*,
    245 Cal. App. 4th 821 (2016) ......................................................................4, 5

**California Statutes**

California Health & Safety Code § 1371.8 ............................................................8

California Health & Safety Code § 1374.72 ..........................................................8

California Insurance Code § 10144.5 .....................................................................8

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

**Federal Statutes**

FRCP Rule 9(b) and 8(a) .............................................................................1, 4, 7

## I. INTRODUCTION

The Opposition brief filed by Bristol SL Holdings, Inc. ("Bristol" or "Plaintiff") only confirms why this Motion to Dismiss (the "Motion") should be granted.

The scattershot Opposition does nothing to address, let alone fix, the fatal flaws in Bristol's conclusory and baseless claims. The only relevant "fact" alleged in the Complaint is that Cigna Health and Life Insurance Company and Cigna Behavioral Health, Inc. (collectively, "Cigna") supposedly authorized and verified coverage for 4 out of the 102 patients at issue here. That allegation is insufficient as a matter of law to justify any of the 12 causes of action asserted by Bristol for even those four patients. Notably, Bristol ignores the actual allegations in its Complaint in opposing this Motion and spends several pages of the Opposition challenging arguments that Cigna did not make. The core flaws in the Complaint are clear. First, Bristol has not properly alleged an ERISA claim. Second, Bristol concedes its Complaint is a "collection action for unpaid insurance benefits." (Opp. at 1.) Bristol's claims are exclusively governed by ERISA and its state law claims must be dismissed. Third, even if the claims were not preempted, the Complaint does not come close to meeting its FRCP Rule 9(b) and 8(a) obligations to assert fraud claims. Finally, governing California state law does not allow any of the remaining UCL and common law claims to survive given the threadbare allegations in the Complaint. Because amendment of the Complaint would be futile, Cigna respectfully asks that the Motion should be granted with prejudice.

## II. BRISTOL'S CLAIM FOR ERISA BENEFITS FAILS (COA 1)

Bristol's Complaint fails to allege critcial components of an ERISA claim: (1) which claims are governed by ERISA; (2) the terms of those ERISA plans; (3) whether each of the ERISA claims were appropriately assigned; and (4) whether Bristol exhausted administrative remedies. (Mot. at 3-4.)

DEFS.' REPLY ISO MOT. TO DISMISS
(No. 8:19-CV-00709-AG-ADS )

Despite these fatal deficiencies, Bristol argues that its ERISA claim survives because Plaintiff believes the plans exist and Cigna purportedly informed Sure Haven that Cigna would pay for treatment at the "Usual Customary and Reasonable" (UCR) rate. (Opp. at 2.) This vague assertion is nowhere near sufficient to support an actionable claim. First, nowhere does Bristol actually allege in its Complaint that any ERISA-governed plan required Cigna to pay a UCR rate for substance abuse treatment. (*See, e.g.,* Compl. ¶ 21.) The actual allegations of the Complaint confusingly allege that the plans might have required Cigna to pay a reasonable and customary rate, "prevailing fees or recognized charges," or "such other rates as provided [sic] might have been provided in the plans." (Mot. at 4; Compl. ¶ 21.) When Bristol's Complaint does reference the UCR rate in connection with only four patients, Plaintiff alleges in a confusing fashion that different UCR reimbursement rates supposedly applied to each of these patients. (Compl. ¶ 14.) Moreover, even if the Complaint had alleged that Cigna agreed to pay the UCR rate per a governing ERISA plan, it would not satisfy Bristol's pleading burden. To plead a claim for ERISA benefits, a plaintiff must "allege facts that establish the existence of an ERISA plan as well as the provisions of the plan that entitle it to benefits." *Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co.*, 2011 WL 2748724, at *5 (N.D. Cal. July 13, 2011); *see also Simi Surgical Ctr., Inc. v. Connecticut Gen. Life Ins. Co.,* 2018 WL 6332285, at *2 (C.D. Cal. Jan. 4, 2018). This requires a plaintiff to plead key components of the plan, including which claims it covers, what services the plan covers and at what rate, and whether the plaintiff complied with an administrative exhaustion mechanism. *Simi Surgical Ctr., Inc.*, 2018 WL 6332285, at *2-*3. Merely pleading that Cigna would pay for treatment pursuant to unidentified plans at an unspecified UCR rate for unspecified services at unspecified times, utterly fails to meet this standard.

In fact, the court in *Simi Surgical Center, Inc.* rejected allegations and arguments nearly identical to Bristol's here. 2018 WL 6332285, at *2-*3. In that case, a provider brought a claim against a payor for ERISA benefits for unspecified services rendered

to 100 patients. *Id.* The provider did not allege which patients were subject to ERISA plans, how the plans were funded, or what the terms of the plans were, including what medical services they covered and for what specific rate. *Id.* at *3. Instead, the provider generally alleged that ERISA plans existed and they required the payor to pay for unspecified services. *Id.* The provider contended it was excused from pleading any more specificity because it did not possess the pertinent plans. *Id.* The court disagreed and dismissed the provider's claim. *Id.* The court held that to meet its burden, the provider needed to allege which plans governed, how they were funded, what they covered and at what specific rate, and whether the provider exhausted administrative remedies. *Id.* Notably, the court made clear that the fact that the provider did not possess the plans did not excuse it from its burden. *Id.*

As in *Simi Surgical Center, Inc.*, Bristol's vague allegations fall far short of satisfying its pleading burden so its ERISA claim should be dismissed.

### III. **BRISTOL'S STATE-LAW CAUSES OF ACTION ONLY SEEK THE RECOVERY OF BENEFITS AND ARE PREEMPTED BY ERISA (COA 2-12)**

Bristol in the very first line of its Opposition admits this action is "a collection action for unpaid insurance benefits." (Opp. at 1). Bristol provides no explanation as to how, despite this concession, its state-law claims (COA 2-12) survive preemption under ERISA, which provides the exclusive enforcement mechanism to recover unpaid benefits. *See O'Rourke v. Farmers Grp., Inc. Transitional Supplemental Exec. Ret. Plan*, 2017 WL 10354733, at *3 (C.D. Cal. Aug. 24, 2017). Bristol argues that its state law claims are not preempted because it sufficiently alleged other duties that permit it to bring a host of tort claims against Cigna, but this is not the case. As set forth in Cigna's Motion and below, the Complaint is entirely devoid of any allegations that support the existence of any oral contracts, implied contract, unfair competition, or fraud claims. The entirety of Bristol's complaint is based on purported authorization and verification correspondence for 4 out of 106 patients. These allegations do not create duties that permit Bristol to sidestep

ERISA's enforcement structure. Simply put, this is an action for unpaid benefits, and the Ninth Circuit is clear; Bristol cannot dress up these types of claims as state-law torts and avoid preemption. *See Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107, 1110 (9th Cir. 2011) ("[C]laimants simply cannot obtain relief by dressing up an ERISA benefits claim in the garb of a state law tort."). ERISA provides the exclusive enforcement mechanism for this dispute and Bristol's state-law claims should be dismissed.

## IV. BRISTOL'S FRAUD CLAIMS ARE NOT SUFFICIENTLY PLED (COA 3-5)

Even if they are not preempted, Bristol's fraud claims fare no better. Bristol's Complaint falls far short of the heightened pleading requirements mandated by Rule 9(b) and provides vague allegations for only 4 of the 106 patient at issue. Bristol argues that its Complaint is "specific enough" because Cigna has the "operative information" regarding the purported fraud. (Opp. at 9-10.) Bristol provides no authority that permits a plaintiff to circumvent these requirements by providing allegations for less than 10 percent of the patients at issue because the defendant should know what happened. (*See* Opp. at 11.) Bristol turns the heightened fraud pleading requirements on its head. Indeed, permitting Bristol to press forward with its fraud claims based on nothing more than vague conclusions and speculation would defeat the entire purpose behind Rule 9(b), which is designed to "prevent[] the filing of a complaint as a pretext for the discovery of unknown wrongs" and "protect[] potential defendants . . . from the harm that comes from being charged with the commission of fraudulent acts." *Arabian v. Organic Candy Factory*, 2018 WL 1406608, at *4 (C.D. Cal. Mar. 19, 2018) *citing Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir. 1985); see also Ackerman v. Northwestern Mut. Life Ins. Co., 172 F.3d 467, 469 (7th Cir. 1999).

To try to support its baseless position, Bristol only cites to one California decision that is inapplicable here on both the facts and the law. *See Tenet*

*Healthsystem Desert, Inc. v. Blue Cross of Cal.*, 245 Cal. App. 4th 821 (2016). First, *Tenet* is a California state case that evaluates and applies California's pleading requirements, not the federal pleading requirements applicable to this case. *Id.* at 833. Second, *Tenet*, involves a payment dispute involving *a single patient. Id.* at 832. For that single patient, the provider's complaint contained 276 pages and extensively outlined the plaintiff's interactions and correspondence with the defendant hospital over a 50-day period. *Id.* While the *Tenet* court held that these extensive allegations were sufficient to allege fraud in California state court, the court did not hold that the plaintiff was somehow excused from pleading fraud. *See id.* at 839. In contrast to the extensive allegations present in *Tenet*, Bristol's complaint contains only 30 pages for 106 patients and contains allegations that relate to telephone conversations for only 4 of the patients at issue. Bristol has not met its pleading burden and its fraud claims should be dismissed.

Moreover, even if Bristol's allegations regarding these 4 patients could somehow be applied to all of the patients, they do not contain allegations sufficient to support fraud or concealment causes of action. Critically, Bristol does not allege that Cigna promised to pay Sure Haven a certain rate, made any false statement, or concealed any information. (Compl., ¶¶ 14-15.) The allegations simply assert that Cigna communicated purported coverage rates, which is not a misrepresentation or a concealment. (Mot. at 5.) (*citing Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co.*, 520 F. Supp. 2d 1184, 1193 (C.D. Cal. 2007). Bristol's fraud claims should be dismissed.

### V. BRISTOL'S NEGLIGENT NONDISCLOSURE CAUSE OF ACTION SHOULD BE DISMISSED (COA 6)

Bristol ignores Cigna's argument that "negligent nondisclosure" is not actionable under California law. (Mot. at 6) (*citing Keshish v. Allstate Ins. Co.*, 2012 WL 12887075, at *4 (C.D. Cal. Oct. 19, 2012).) This is unsurprising because even a case upon which Bristol relies squarely holds that there is no cause of action for a

negligent nondisclosure. *See Regents of Univ. of Cal. v. Principal Fin. Grp.*, 412 F. Supp. 2d 1037, 1045 (N.D. Cal. 2006) ("California negligent misrepresentation law, however, does not impose liability for negligent omissions; some "positive assertion" is required."). This cause of action is frivolous and should be dismissed.

## VI. BRISTOL DOES NOT ALLEGE A CLEAR AND UNAMBIGUOUS PROMISE AND ITS PROMISSORY ESTOPPEL CLAIM FAILS (COA 7)

Bristol concedes that promissory estoppel requires the plaintiff to allege a "clear and unambiguous promise in its terms." (Mot. at 7) (*quoting Pain Mgmt. Specialists v. Blue Shield of Cal. Life & Health Ins. Co.*, 2015 WL 546025, at *2 (C.D. Cal. Feb. 9, 2015). Bristol argues that its general and vague allegations regarding verifications and authorization meets this standard. (Opp. at 12.) They do not. Tellingly, Bristol provides no support for this position, and instead cites to two inapposite summary judgment cases, neither of which involve the pleading requirements for promissory estoppel claims. (*See* Opp. at 12) (*citing Regents of the Univ. of Cal. v. Principal Fin. Grp.*, 412 F. Supp. 2d 1037 (N.D. Cal. 2006); *Enloe Med. Ctr. v. Principal Life Ins. Co.*, 2011 WL 6396517 at *6 (E.D. Cal. Dec. 20, 2011)). Bristol's promissory estoppel claim should be dismissed. *See Pain Mgmt. Specialists*, 2015 WL 546025, at *2 (dismissing promissory estoppel claim where plaintiff failed to allege that the payor made a clear and ambiguous promise to pay billed charges).

## VII. BRISTOL'S QUANTUM MERUIT CLAIM FAILS (COA 8)

Bristol's quantum meruit claim is also flawed. Bristol concedes through its silence that its quantum meruit cause of action fails because Bristol alleges no facts that (1) Cigna specifically requested that Sure Haven provide the services at issue; and (2) Sure Haven's performance of services conferred any benefit on Cigna (Mot. at 14), both of which are required elements for a quantum meruit claim. *See Day v. Alta Bates Med. Ctr.*, 98 Cal. App. 4th 243, 248 (2002). Bristol's claim should be dismissed.

## VIII. BRISTOL'S UNFAIR COMPETITION CLAIM FAILS (COA 9)

Bristol's UCL claim fails. Bristol, as the alleged assignee of Sure Haven, lacks standing to bring its unfair competition claim and the UCL claim otherwise fails to state an actionable claim, because Plaintiff seeks damages (not restitution) and because Bristol has pled no right to injunctive relief.

As an initial matter, Bristol admits the UCL claims at issue were received in an assignment from Sure Haven. (Opp. at 13.) This dooms Bristol's claims. Bristol nonetheless argues that it has statutory standing, because it paid "significant consideration" for its assignment. (*Id*.) Bristol cites to no authority for this position and urges this Court to ignore the clear holding of *Amalgamated Transit Union Local 1756, AFL-CIO v. Superior Court*, 46 Cal. 4th 993 (2009), which flatly prohibits the assignment of unfair competition claims (*id.* at 1002). Bristol contends that because *Amalgamated* "doesn't discuss if any consideration was paid for the assignment" it does not apply here. (Opp. at 13.) Not so. The holding of *Amalgamated* contains no such limitation. To the contrary, *Amalgamated* broadly holds that unfair competition claims cannot be assigned. *Id.* at 1002. An assignment of such claims would run afoul of "the express statutory requirement in the unfair competition law . . . that a private action under that law be brought *exclusively* by a 'person who has suffered injury in fact and has lost money or property as result of the unfair competition.'" *Id.* Bristol's claim therefore fails on this ground alone.

Nevertheless, even assuming Bristol had standing, Bristol's Opposition still fails to explain how Bristol sufficiently pleads any fraudulent, unlawful, or unfair conduct or how it pleads it is entitled to equitable relief.

To the extent Bristol's unfair competition claim is based on fraud, it must meet the heightened pleading standards of Rule 9(b), which it fails to do for the reasons discussed in Cigna's motion and in Section IV above. *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1127 (9th Cir. 2009).

To the extent its claim is based on unlawful conduct, Bristol's Opposition does not and cannot change the fact that the Complaint does not cite or reference a single statute that underlies the claim. Bristol argues that even though no statutes are cited, its unlawful prong is actually based on purported violations of California Health & Safety Code sections 1371.8 and 1374.72 and California Insurance Code section 10144.5. Bristol's post-motion to dismiss arguments cannot now save its Complaint. And even if these statutes were expressly referenced in the Complaint, Bristol does not allege that Cigna violated them (it did not). California Health & Safety Code section 1371.8 prohibits the rescission or modification of authorizations provided for a specific type of treatment while California Health & Safety Code section 1374.7 2 and California Insurance Code section 10144.5 requires insurance policies and health plans for specifically enumerated "severe mental illnesses." Bristol does not allege that any policies or plans did not contain any mandated coverage and similarly does not allege that Cigna rescinded or modified any authorizations for specific treatments.

Bristol similarly provides no argument as to how its bare bones allegations plead a claim based on the unfair prong. *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1366 (2010) ("unfair" conduct under the UCL requires allegations that the "conduct is tethered to an[] underlying constitutional, statutory or regulatory provision, or that it threatens an incipient violation of an antitrust law, or violates the policy or spirit of an antitrust law").

Finally, Bristol's Opposition also fails to address how it adequately pleads a request for equitable relief. Bristol's Complaint does not seek the return of any money or property it paid to Cigna; it seeks damages for purported injuries and nonrestitutionary disgorgement of profits. This is not restitution. *Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1134, 1144 (2003). To be recoverable restitution, Bristol must have paid money to Cigna and must seek its return. *Id.* at 1152. Bristol misses this point and conflates injury-in-fact UCL standing with

equitable relief.  (Opp. at 14-15.)  To plead a claim for a relief under the UCL, the plaintiff must allege *both* that they have standing to bring the claim, i.e., they suffered an injury-in-fact, and a right to equitable relief.  *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011).  Bristol does not do that here.

Bristol similarly does not allege a real or immediate threat of an irreparable injury and therefore cannot seek injunctive relief; its claim should be dismissed.  *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004); *Palmer v. Stassinos*, 348 F. Supp. 2d 1070, 1088 (N.D. Cal. 2004) *order clarified on reconsideration*, 419 F. Supp. 2d 1151 (2005) (UCL claim dismissed where plaintiff did not allege right to equitable relief).

## IX. <u>BRISTOL'S BREACH OF CONTRACT CLAIMS FAIL (COA 2, 10-11)</u>

Bristol's Opposition argues that three separate contracts govern the alleged provision of services to Cigna members—an alleged oral contract and implied contract based on the verification and authorization process between Sure Haven and Cigna, and an alleged written contract based on the written plan.  (Opp. at 16-17.) Bristol urges this Court to believe Plaintiff has sufficiently pled the existence of these contracts because it alleges Cigna purportedly agreed to pay the UCR rate.  Again, Bristol nowhere alleges that Cigna agreed to pay the UCR rate for each patient.  Indeed, the allegations that reference the UCR rate actually reference varying UCR rates, varying out-of-pocket maximums, and do not contain any reference to an explicit agreement.  (Compl., ¶ 14.)  Bristol similarly fails to plead what services the contract covered and for which patient.  Bristol has not adequately pled the existence of any contract.  *See Pacific Bay Recovery, Inc. v. California Physicians' Servs., Inc.*, 12 Cal. App. 5th 200, 216 (2017) (a plaintiff must plead the terms of purported contracts with sufficient specificity to ascertain the parties' respective obligations and the existence of a breach).

Further, there cannot be three separate contracts, each of which governs the same alleged services.  As this Court has previously recognized, "[u]nder California

law, the ability of a medical provider with an assignment from its patients to recover from a health insurer for nonemergency services generally derives from and is limited by the terms of coverage (also called "evidence of coverage" or "EOC") in the patients' health insurance policy." *Casa Bella Recovery Int'l, Inc. v. Humana Inc.*, 2017 WL 6030260, at *3 (C.D. Cal. Nov. 27, 2017). This means that "[o]rdinarily, noncontracted providers may recover based only on a breach of written contract theory," if at all. *Id.* Bristol's contract claims should be dismissed.

## X. BRISTOL'S IMPLIED COVENANT CLAIM IS DUPLICATIVE OF ITS BREACH OF CONTRACT CLAIMS AND SHOULD BE DISMISSED (COA 12)

Bristol's breach of implied covenant of good faith and fair dealing claim is duplicative of its breach of contract claims, which Bristol admits. Bristol's Opposition concedes that this claim is based solely on Cigna's failure to pay for services Sure Haven allegedly provided to Cigna's members as allegedly required by plans governing those members. (Opp. at 18-19.) Bristol does not and cannot explain how or why this admission is not dispositive. Bristol's implied covenant claim is duplicative and therefore fails as a matter of law. *See, e.g., Svenson v. Google, Inc.*, 65 F. Supp. 3d 717, 725 (N.D. Cal. 2014) (implied covenant claim that merely duplicates a breach of contract claim is deemed superfluous under California law).

## XI. CONCLUSION

Based on the foregoing and Cigna's opening brief, Cigna respectfully requests that the Court grant the Motion and dismiss Bristol's Complaint. Additionally, because Bristol cannot allege that its state-law claims are for anything other than the recovery of plan benefits and are therefore preempted by ERISA, these claims (COA 2-12) should be dismissed with prejudice. Bristol similarly cannot allege that it has UCL standing, and it cannot allege the existence of an implied contract and oral contract or that any of the alleged conduct constitutes a claim for quantum meruit,

promissory estoppel, fraud, concealment, or a breach of implied covenant. These claims can therefore be dismissed with prejudice for this additional reason.

Dated: July 8, 2019　　　　　　　　**MCDERMOTT WILL & EMERY LLP**

By: */s/ Kate M. Hammond*
　　　WILLIAM P. DONOVAN, JR
　　　KATE M. HAMMOND
　　　Attorneys for Defendants
　　　CIGNA HEALTH AND LIFE
　　　INSURANCE COMPANY; CIGNA
　　　BEHAVIORAL HEALTH, INC.

DM_US 160905820-1.015187.0044