UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 19-00709 AG (ADSx) | Date | September 24, 2019 |
|---|---|---|---|
| Title | BRISTOL SL HOLDINGS, INC. ET AL. V. CIGNA HEALTH LIFE INSURANCE COMPANY ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Melissa Kunig | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

## [IN CHAMBERS] ORDER REGARDING MOTION TO DISMISS

Plaintiff Bristol Holdings, LLC ("Bristol"), as the assignee of Sure Haven, Inc. ("Sure Haven"), a substance abuse treatment center, sued Defendants Cigna Health and Life Insurance Company and Cigna Behavioral Health, Inc. (collectively, "Cigna") for their alleged failure to pay for covered substance abuse treatment services provided by Sure Haven to Cigna patients. Bristol asserts one claim under the Employment Retirement Income Security Act (commonly known as "ERISA") and eleven state law claims. Cigna now moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss all Bristol's claims.

The Court GRANTS Cigna's motion with leave to amend. An amended complaint may be filed **within 35 days**.

## 1. BRIEF BACKGROUND

The following facts are taken from Bristol's complaint and, for purposes of this motion, the Court assumes they're true.

Bristol is the successor in interest to Sure Haven, a now-bankrupt substance abuse treatment center. (Compl., Dkt. No. 1 at ¶¶ 5-6.) Cigna is the purported provider of health benefits coverage to approximately 106 Sure Haven patients. (*Id.* at ¶¶ 8, 11.)

Bristol alleges that, before agreeing to provide treatment to any Cigna patient, Sure Haven confirmed coverage eligibility with Cigna via telephone. (*Id.* at ¶¶ 12-13.) Sure Haven also allegedly confirmed "the reimbursement rate at which [Cigna] would pay" Sure Haven for covered services. (*Id.* at ¶ 13.) Bristol claims no Cigna patient was admitted for treatment until

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 19-00709 AG (ADSx) | Date | September 24, 2019 |
|---|---|---|---|
| Title | BRISTOL SL HOLDINGS, INC. ET AL. V. CIGNA HEALTH LIFE INSURANCE COMPANY ET AL. | | |

this verification was complete. (*Id.*) Following admittance, Bristol alleges Sure Haven "routinely call[ed]" Cigna to "receive authorization to continue providing services to [Cigna] patient[s]." (*Id.* at ¶ 15.) But despite Cigna's continued authorization of service coverage, Bristol claims Cigna failed to pay Sure Haven for $8,608,468.26 in covered services provided by Sure Haven to Cigna patients. (*Id.* at ¶ 17.)

Based on these and other facts, Bristol asserts the following twelve claims against Cigna: (1) recovery of plan benefits under ERISA, 29 U.S.C. Section 1132(a)(1)(b); (2) breach of oral contract; (3) intentional misrepresentation; (4) negligent misrepresentation; (5) fraudulent concealment; (6) negligent nondisclosure; (7) promissory estoppel; (8) quantum meruit; (9) violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code Section 17200; (10) breach of implied contract; (11) breach of written contract; and (12) breach of the implied covenant of good faith and fair dealing.

## 2. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short plain statement of the claim showing that the pleader is entitled to relief." With that liberal pleading standard, the purpose of a motion under Rule 12(b)(6) is "to test the formal sufficiency of the statement of the claim for relief." 5B C. Wright & A. Miller, Federal Practice and Procedure 1356, p. 354 (3d ed. 2004). To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is factually plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Fraud claims require more. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.") "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994). Stated differently, a plaintiff must plead the "who, what, when, where, and how" of the alleged misconduct. *See Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00709 AG (ADSx) | Date | September 24, 2019 |
|---|---|---|---|
| Title | BRISTOL SL HOLDINGS, INC. ET AL. V. CIGNA HEALTH LIFE INSURANCE COMPANY ET AL. | | |

In analyzing the complaint's sufficiency, a court must "accept[ ] all factual allegations in the complaint as true and contru[e] them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). But the assumption of truth doesn't apply to legal conclusions. *Iqbal*, 56 U.S. at 678.

**3. ANALYSIS**

   **3.1 ERISA Claim**

Bristol's first claim is for recovery of benefits under ERISA Section 502(a)(1)(B). *See* 29 U.S.C. § 1132(a)(1)(B). Cigna argues this claim fails because Bristol doesn't plausibly allege the existence of an ERISA plan covering the services at issue. (*See* Mot., Dkt. No. 17 at 3-4.)

Both parties seem to agree that the standard set forth in *Forest Ambulatory Surgical Associates, L.P. v. United HealthCare Ins. Co.*, No. 10-CV-04911-EJD, 2011 WL 2748724, at *5 (N.D. Cal. July 13, 2011), and endorsed by several other California district courts governs Bristol's first claim. (*See* Mot. at 3-4; Opp'n, Dkt. No. 21 at 6-8.) *Forest* held that, to state a claim for recovery of benefits under ERISA Section 502(a)(1)(B), "a plaintiff must allege facts that establish the existence of an ERISA plan as well as the provisions of the plan that entitle it to benefits." *Forest*, 2011 WL 2748724, at *5.

Applying *Forest* here, the Court finds Bristol hasn't plausibly alleged its first claim under ERISA. For one, Bristol's complaint fails to identify which, if any, of the 106 Cigna patients had ERISA plans. Instead, and without any factual support, Bristol merely alleges that "[it] believes . . . most of the claims at issue in this case are subject to ERISA." (*See* Compl. at ¶ 19.) This conclusory assertion, which isn't entitled to an assumption truth, fails to sufficiently allege the plans at issue were subject to ERISA. Further, because Bristol's complaint doesn't identify any plan language or plan terms in Cigna's benefits plans, Bristol also fails to plausibly allege an entitlement to benefits. Rather, Bristol attempts to allege entitlement by baldly asserting various unidentified benefits plans had certain unknown terms covering a slew of unspecified services provided to Cigna patients. (*See* Compl. at ¶¶ 13-15.) Surely, Bristol must allege more than that to sustain its ERISA claim. *See Forest*, 2011 WL 2748724, at *5 (alleging "the terms of the controlling plans" requires more than an allegation that Defendant was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | SACV 19-00709 AG (ADSx) | Date | September 24, 2019 |
|---|---|---|---|
| Title | BRISTOL SL HOLDINGS, INC. ET AL. V. CIGNA HEALTH LIFE INSURANCE COMPANY ET AL. | | |

obligated to pay "[u]nder the terms of the relevant written ERISA plans"); *see also Surgical Ctr., Inc. v. Conn. General Life Ins. Co.*, No. 2:17-cv-02685-SVW-AS, 2018 WL 6332285, at *3 (C.D. Cal. Jan. 4, 2018) (citing *Forest* and dismissing Plaintiff's ERISA claim for failing to "identify the patients' ERISA plans and the plan terms that allegedly entitled [Defendant] to benefits"). This claim must therefore be dismissed.

Still, despite these obvious pleading deficiencies, Bristol haphazardly argues it shouldn't have to plead its first claim with any more specificity because it doesn't possess the documents necessary to do so. (Opp'n at 4.) This same argument has been considered and rejected by other courts in this district on substantially similar facts. *See, e.g.*, *Simi*, 2018 WL 6332285, at *3; *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Group, Inc.*, 99 F. Supp. 3d 1110, 1158-59 (C.D. Cal. 2015). Finding no reason to hold differently here, the Court rejects Bristol's argument and dismisses Bristol's ERISA claim.

### 3.2 Fraud Claims

Bristol's third, fourth, and fifth claims allege some form of misrepresentation or fraudulent concealment. Cigna argues these claims fail because Bristol doesn't plead fraud with the specificity required by Rule 9(b). (Mot. at 4-6.)

The Court agrees. Turning first to Bristol's misrepresentation claims, Bristol alleges Cigna fraudulently misrepresented that it would pay for "treatment at the Usual, Customary and Reasonable . . . rate" during Cigna's various benefit verification calls with Sure Haven. (Compl. at ¶ 12.) This allegation is bolstered slightly by two other, more fact-laden allegations identifying some details concerning calls made about four Cigna patients. (*Id.* at ¶¶ 13-14.) Specifically, Bristol alleges what day these calls were made, the agents involved on the call, the patient at issue, and what was generally said during the calls. (*Id.*) But critically, Bristol doesn't allege a single fact regarding the remaining 102 Cigna patients at issue in this case. So even Bristol's more fact-specific allegations only address a small fraction of Cigna's alleged fraud. Perhaps this would be enough if there were other allegations in Bristol's complaint supporting an inference that every instance of fraud here was essentially the same. But Bristol doesn't offer any such allegations. To the contrary, Bristol's allegations seem to assert that each alleged misrepresentation varied among the 106 Cigna patients. (*See id.* at ¶ 14.) So at least for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 19-00709 AG (ADSx) | Date | September 24, 2019 |
|---|---|---|---|
| Title | BRISTOL SL HOLDINGS, INC. ET AL. V. CIGNA HEALTH LIFE INSURANCE COMPANY ET AL. | | |

now, it can't be said Bristol has particularly alleged the "who, what, when, where, and how" of Cigna's purported 106-person fraud. Cigna's misrepresentation claims must thus be dismissed.

Bristol's concealment claim fares no better. For this claim, Bristol alleges Cigna fraudulently concealed "material facts regarding the coverages and/or rates provided in the plans/policies at issue herein." (*Id.* at ¶ 38.) Stated differently, Bristol claims Cigna fraudulently hid the true terms of its benefit plans from Sure Haven during Sure Haven's coverage verification calls with Cigna. In support, Bristol cites the same four calls alleged to support Bristol's misrepresentation claims. (*Id.* (cross-referencing paragraphs 13 through 16 of the complaint).) But the deficiencies regarding those claims apply equally to Bristol's fraudulent concealment claim. So that claim fails under Rule 9(b) too.

Despite all this, Bristol argues that its fraud claims are "specific enough" since Cigna has all the "operative information." (Opp'n at 9-10). In support, Bristol cites to *Tenet Healthsystem Desert, Inc. v. Blue Cross of Cal.*, 24 Cal. App. 4th 821, 833 (2016). But *Tenet* involved California pleading standards, which clearly don't apply here. Consequently, the Court rejects this argument, and finds Bristol's fraud claims must also be dismissed.

Finally, in all events, the Court questions whether the economic loss rule, which "generally bars tort claims for contract breaches," might apply here. *See United Guar. Mortg. Indem. Co. v. Countrywide Fin. Grp.*, 660 F. Supp. 2d 1123, 1180 (C.D. Cal. 2009); *see also Elrich v. Menezes*, 21 Cal 4th 543, 551 (1999) ("[C]onduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law.") But because Cigna doesn't raise this argument, the Court need not consider it at this time.

### 3.3 Negligent Nondisclosure Claim

Bristol's sixth claim is for negligent nondisclosure. Among other things, Cigna argues this claim fails because "there is no cause of action for . . . negligent nondisclosure" under California law. (Mot. at 6.) In support, Cigna cites two cases clearly holding as much. *See Keshish v. Allstate Ins. Co.*, No. CV 12-03818-MMM (JCx), 2012 WL 12887075, at *4 (C.D. Cal. Oct. 19, 2012) ("Under California law, the tort of negligent misrepresentation extends only to affirmative statements or positive assertions. . . . There is no liability for implied

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00709 AG (ADSx) | Date | September 24, 2019 |
|---|---|---|---|
| Title | BRISTOL SL HOLDINGS, INC. ET AL. V. CIGNA HEALTH LIFE INSURANCE COMPANY ET AL. | | |

representations, much less negligent nondisclosure or concealment." (internal quotation and citation omitted)); *see also Regents of Univ. of Cal. v. Principal Fin. Grp.*, 412 F. Supp. 2d 1037, 1045 (N.D. Cal. 2006) ("California negligent misrepresentation law, however, does not impose liability for negligent omissions; some 'positive assertion' is required."). Bristol doesn't address these cases in either its opposition or surreply. Instead, Bristol argues that negligent nondisclosure must be an actionable claim under California law because there's a "pattern California Civil Jury Instruction[ ]" for it. (Surreply, Dkt. No. 29 at 3.) But the instruction Bristol cites to support its position is for *intentional* nondisclosure, not negligent nondisclosure. *See* California Civil Instruction No. 1901. And since Bristol fails to cite to any other authority suggesting it can state a claim for negligent nondisclosure, the Court finds dismissal appropriate. The Court thus dismisses Bristol's negligent nondisclosure claim.

### 3.4 Contract Claims

Bristol's second, tenth, and eleventh claims are for breach of oral, implied, and written contracts. Bristol alleges that an oral or implied contract was formed during the preadmission and follow-up verification calls Sure Haven had with Cigna. Bristol's written contract claim, on the other hand, alleges Cigna breached the written benefits plans Cigna issued to its patients. (*See* Opp'n at 15.) Cigna argues all three claims fail because they're insufficiently alleged. (Mot. at 10.)

The Court first considers Bristol's claims for breach of oral or implied contracts, concluding that these claims fail as a matter of fact and, possibly, as a matter of law. Again, these claims allege Cigna agreed to pay for covered services at the usual and customary rate during its preadmission and follow-up verification calls with Sure Haven. (*See* Compl. at ¶¶ 25-27, 62-63.) As a matter of fact, these claims fail because Bristol doesn't plead sufficient facts showing Cigna made such an agreement during these calls. Indeed, Bristol generally fails to specify what services Cigna agreed to pay for, and at what rate beyond the "usual and customary rate." Nor does Cigna specify how these agreements varied among patients, if at all. Instead, Bristol vaguely alleges Sure Haven made coverage verification calls to Cigna and that, during these calls, Cigna promised to pay for certain unspecified services for certain unknown patients at mostly unknown rates. (*See* Compl. at ¶¶ 13-16, 25-27, 62-63.) And although Bristol asserts some more detailed allegations for a few Cigna patients, Bristol fails to carry its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00709 AG (ADSx) | Date | September 24, 2019 |
|---|---|---|---|
| Title | BRISTOL SL HOLDINGS, INC. ET AL. V. CIGNA HEALTH LIFE INSURANCE COMPANY ET AL. | | |

pleading burden for the overwhelming majority of patients. (*See id.* at ¶¶ 13-16.) Consequently, Bristol fails to plausibly allege its oral and implied contract claims. The Court thus dismisses Bristol's second and tenth claims.

The Court next considers Bristol's written contract claim. Again, for this claim, Bristol alleges Cigna breaches its written insurance contracts with its insureds by failing to pay for services provided to Cigna patients by Sure Haven. (*See* Compl. at ¶¶ 69-71.) But as Cigna correctly notes, Bristol fails to plausibly allege anything about the substance of these written contracts. And consequently, Bristol fails to plausibly allege Cigna breached those contracts' terms. Bristol doesn't, for example, include any policy language in its complaint or attempt to paraphrase what those policies likely said. Nor does Bristol plead what services the policies covered, what reimbursement rate applied to those services, or whether coverage varied amongst the 106 policies implicated here. Rather, Bristol vaguely alleges that the insureds "entered into written insurance contracts whereby [Cigna] would provide coverage and pay for substance abuse treatment to the insureds . . . based on an allowed amount specified by the insurance policies." (*Id.* at ¶ 69.) This threadbare allegation, devoid of any factual support, fails to plausibly allege breach. Nor does the other allegation that looks just like it. (*See, e.g.*, *id.* at ¶ 70 ("Defendants breached the insurance contracts by engaging in the conduct alleged herein . . . [and by] not paying the appropriate allowed amount under the insurance policies.").) The Court thus dismisses Bristol's eleventh claim for breach of written contracts.

### 3.5 Implied Covenant Claim

Bristol's twelfth claim is for breach of the implied covenant of good faith and fair dealing. California law implies a covenant of good faith and fair dealing in every contract. *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010). Still, liability under the covenant is constrained by the "purposes and express terms of the contract." *Love v. The Mail on Sunday*, No. CV057798ABCPJWX, 2006 WL 4046180, at *7 (C.D. Cal. Aug. 15, 2006) (citing and quoting *Carma Developers Inc. v. Marathon Dev. California, Inc.*, 2 Cal. 4th 342, 373 (1992)); *see also Griffin v. Green Tree Servicing, LLC*, 2015 WL 10059081, at *10 (C.D. Cal. Oct. 1, 2015) ("[T]o state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must identify the specific contractual provision that was frustrated." (internal quotation and citation omitted)). And here, since Bristol fails to plausibly allege the terms of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 19-00709 AG (ADSx) | Date | September 24, 2019 |
|---|---|---|---|
| Title | BRISTOL SL HOLDINGS, INC. ET AL. V. CIGNA HEALTH LIFE INSURANCE COMPANY ET AL. | | |

any of the purported contracts, Bristol also fails to plausibly allege its related implied covenant claim. The Court thus dismisses this claim.

### 3.6 Promissory Estoppel and Quantum Meruit Claims

Bristol's seventh and eighth claims are for promissory estoppel and quantum meruit. The previously discussed absence of specific facts regarding what Cigna purportedly promised, if anything, during its verification calls with Sure Haven also causes these claims to fail. *See Advanced Choices, Inc. v. Dep't of Health Servs.*, 182 Cal. App. 4th 1661, 1671-72 (2020) (promissory estoppel requires "a promise clear and unambiguous in its terms") (citing *US Ecology, Inc. v. State of California*, 129 Cal. App. 4th 887, 901 2005)); *Day v. Alta Bates Med. Ctr.*, 98 Cal. App. 4th 243, 248 (2002) (to recover under quantum meruit, "a plaintiff must establish both that he or she was acting pursuant to either an express or implied request for such services from the defendant and that the services rendered were intended to and did benefit the defendant"). The Court thus dismisses these claims.

### 3.8 Unfair Competition Claim

All that remains is Bristol's ninth claim for violations of the UCL. Cigna argues this claim fails as a matter of law because "UCL claims cannot be assigned [to a noninjured assignee]." (Mot. at 8.) The Court agrees. In *Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court*, 46 Cal. 4th 993 (2009), the California Supreme Court held that "a noninjured assignee of an unfair competition claim" lacks standing to sue under the UCL because the UCL requires that "a private action under that law be brought *exclusively* by a 'person who has suffered injury in fact and has lost money or property as a result of the unfair competition.'" *Amalgamated*, 46 Cal. 4th at 1002 (quoting and citing Bus. & Prof. Code § 17204). Despite *Amalgamated*'s clear holding, Bristol insists it has standing because it paid "significant consideration" for assignment of its UCL claim. (Opp'n at 13.) Bristol cites no authority for this position. And since accepting Bristol's position would severely undermine the rule announced in *Amalgamated*, the Court finds Bristol, as a noninjured assignee, lacks standing to sue under the UCL. The Court thus dismisses Bristol's UCL claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 19-00709 AG (ADSx) | Date | September 24, 2019 |
|---|---|---|---|
| Title | BRISTOL SL HOLDINGS, INC. ET AL. V. CIGNA HEALTH LIFE INSURANCE COMPANY ET AL. | | |

### 4. LEAVE TO AMEND

If a court dismisses certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts[.]" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 112 (9th Cir. 2000) (en banc)); *see also* Fed. R. Civ. P. 15(a). Under this standard, leave to amend is appropriate for all Bristol's claims.

### 5. DISPOSITION

The Court GRANTS Cigna's motion with leave to amend. An amended complaint may be filed **within 35 days**.

Any arguments not addressed in this lengthy order either weren't convincing or didn't need to be addressed at this time.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | mku | |