**MCDERMOTT WILL & EMERY LLP**
WILLIAM P. DONOVAN, JR. (SBN 155881)
wdonovan@mwe.com
KATE M. HAMMOND (SBN 293433)
khammond@mwe.com
BRETT MEYERHOFF (SBN 323041)
bmeyerhoff@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA  90067-3206
Telephone:   +1 310 277 4110
Facsimile:   +1 310 277 4730

Attorneys for Defendants
CIGNA HEALTH AND LIFE INSURANCE
COMPANY; CIGNA BEHAVIORAL HEALTH,
INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| BRISTOL SL HOLDINGS, INC., a California corporation, in its capacity as the assignee for SURE HAVEN, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> CIGNA HEALTH AND LIFE INSURANCE COMPANY, a Connecticut corporation; CIGNA BEHAVIORAL HEALTH, INC., a Connecticut corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. 8:19-cv-00709-AG-ADS <br><br> **DEFENDANTS CIGNA HEALTH AND LIFE INSURANCE COMPANY AND CIGNA BEHAVIORAL HEALTH, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> **Date:** December 30, 2019 <br> **Time:** 10:00 am <br> **Judge:** Hon. Andrew J. Guilford <br> **Dept:** 10D |

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................... 1

II.    RELEVANT FACTUAL BACKGROUND ............................................. 1

III.   THE COURT SHOULD DISMISS BRISTOL'S CLAIMS UNDER RULE 12(B)(6) ............................................................................................... 3

    A.   Bristol Fails To State A Claim For Benefits Under ERISA Section 502(a)(1)(B) (COA 9) ............................................................... 4

        1.   Bristol Lacks Standing to Bring a Claim Under ERISA .............. 4

        2.   Bristol Does Not Adequately Plead Its ERISA Claim for Benefits ...................................................................................... 5

    B.   Bristol's Tort Claims Fail (COA 3-6, 8) ...................................... 6

        1.   Bristol's Tort Claims Are Barred By The Economic Loss Rule (COA 3, 4, 5, 6, And 8) ............................................................... 7

        2.   Bristol Fails To Plead Its Fraud-Based Claims With Specificity (COA 4-6) .................................................................................. 8

        3.   Bristol's Negligent Interference with Prospective Economic Advantage Claim Fails (COA 8) ................................................. 9

    C.   Bristol's Oral Contract, Implied Contract, and Promissory Estoppel Claims Fail (COA 1-3) .................................................. 11

    D.   Bristol's Written Contract Cause of Action Fails (COA 10) ........ 13

    E.   Bristol's Breach Of The Implied Covenant Of Good Faith And Fair Dealing Claim Fails (COA 11) ............................................. 13

    F.   Bristol's Unfair Competition Claim Fails (COA 7) ...................... 15

        1.   Bristol as an Uninjured Assignee Lacks Standing to Bring a UCL Claim ........................................................................................ 15

        2.   Bristol Fails to Allege Any Unlawful, Fraudulent, or Unfair Conduct ...................................................................................... 16

        3.   Bristol Does Not Allege An Appropriate Request for Equitable Relief .......................................................................................... 17

IV.    BRISTOL'S COMPLAINT SHOULD BE DISMISSED UNDER RULE 12 (B) WITH PREJUDICE ................................................................... 19

V.     THE COURT MAY DISMISS BRISTOL'S FAC UNDER RULE 12(E) AND RULE 8 ................................................................................................. 19

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

1

VI.    CONCLUSION ................................................................................ 21

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO DISMISS THE FAC
CASE NO. 8:19-CV-00709-AG-ADS

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Federal Cases**

4

*Alexsam Inc. v. Green Dot Corp.*,
2017 WL 2468769 (C.D. Cal. June 5, 2017)...................................................7

5

6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)............................................................................................ 3

7

*Attygala v. Wells Fargo Bank N.A.*,
2013 WL 12129400 (C.D. Cal. May 9, 2013)..................................................... 9

8

9

*Baugh v. CBS, Inc.*,
828 F. Supp. 745 (N.D. Cal. 1993)................................................................... 18

10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................................ 3

11

12

*Bristol SL Holdings, Inc. v. United Healthcare Services*,
Case No. 8:19-cv-00710-DOC (C.D. Cal. Oct. 7, 2019), ECF No. 62 .............. 5

13

*Bush v. Mondelez Int'l, Inc.*,
2016 WL 7324990 (N.D. Cal. Dec. 16, 2016) ................................................. 17

14

15

*Cedars Sinai Med. Ctr. v. Mid-West Nat'l Life Ins. Co.*,
118 F. Supp. 2d 1002 (C.D. Cal. 2000)........................................................... 12

16

*Destfino v. Kennedy*,
2008 WL 4810770 (E.D. Cal. Nov. 3, 2008) ............................................. 19, 21

17

18

*Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co.*,
2011 WL 2748724 (N.D. Cal. July 13, 2011) .................................................... 5

19

*Freeman v. ABC Legal Servs., Inc.*,
877 F. Supp. 2d 919, 924 (N.D. Cal. 2012) ..................................................... 18

20

21

*Fumatex Inc. v. Tafford Uniforms LLC*,
2013 WL 12205632 (C.D. Cal. June 10, 2013).............................................. 7, 8

22

*Gholizadeh v. Wells Fargo Bank*,
2014 WL 6884004 (C.D. Cal. Dec. 3, 2014) ................................................... 14

23

24

*GlobeSpan, Inc. v. O'Neill*,
151 F. Supp. 2d 1229 (C.D. Cal. 2001) ........................................................... 17

25

*Griffin v. Green Tree Servicing, LLC*,
2015 WL 10059081 (C.D. Cal. Oct. 1, 2015) ................................................. 14

26

27

*Hadley v. Kellogg Sales Co.*,
243 F. Supp. 3d 1074 (N.D. Cal. 2017) ........................................................... 17

28

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

iii

*Hangarter v. Provident Life & Acc. Ins. Co.*,
 373 F.3d 998 (9th Cir. 2004) ............................................................ 18

*Hatch v. Reliance Ins. Co.*,
 758 F.2d 409 (9th Cir. 1985) ............................................................ 19

*Johnson v. Buckley*,
 356 F.3d 1067 (9th Cir. 2004) .......................................................... 19

*Kazenercom Too v. Turan Petroleum, Inc.*,
 2009 WL 10679984 (C.D. Cal. June 9, 2009) .............................. 19, 21

*Kearns v. Ford Motor Co.*,
 567 F.3d 1120 (9th Cir. 2009) ........................................................ 8, 17

*Langan v. United Servs. Auto. Ass'n*,
 69 F. Supp. 3d 965 (N.D. Cal. 2014) ............................................... 13

*Love v. The Mail on Sunday*,
 2006 WL 4046180 (C.D. Cal. Aug. 15, 2006) ................................. 14

*McHenry v. Renne*,
 84 F.3d 1172 (9th Cir. 1996) ............................................................ 20

*Moss v. United States Secret Serv.*,
 572 F.3d 962 (9th Cir. 2009) .............................................................. 3

*Mountain View Surgical Ctr. v. Cigna Health Corp.*,
 2015 WL 519066 (C.D. Cal. Feb. 9, 2015) ...................................... 11

*Neilson v. Union Bank of Cal., N.A.*,
 290 F. Supp. 2d 1101 (C.D. Cal. 2003) .............................................. 8

*New Method Wellness, Inc. v. Cigna HealthCare of California, Inc.*,
 2018 WL 5095268 (C.D. Cal. Mar. 19, 2018) ................................. 13

*Newson v. Countrywide Home Loans, Inc.*,
 2010 WL 4939795 (N.D. Cal. Nov. 30, 2010) ................................. 15

*Novak v. United States*,
 795 F.3d 1012 (9th Cir. 2015) .......................................................... 19

*Orange County Health Care Agency v. Doge*,
 2011 WL 13309067 (C.D. Cal. July 25, 2011) ................................ 10

*Pain Mgmt. Specialists v. Blue Shield of Cal. Life & Health Ins. Co.*,
 2015 WL 546025 (C.D. Cal. Feb. 9, 2015) ...................................... 11

*Palmer v. Stassinos*,
 348 F. Supp. 2d 1070 (N.D. Cal. 2004), 419 F. Supp. 2d 1151 (N.D. Cal. 2005) 18

*Rhynes v. Stryker Corp.*,
 2011 WL 2149095 (N.D. Cal. May 31, 2011) .................................. 18

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

iv

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
   732 F. Supp. 2d 952 (N.D. Cal. 2010)................................................................. 13

*Simi Surgical Ctr., Inc v. Connecticut Gen. Life Ins. Co.*,
   2018 WL 6332285 (C.D. Cal. Jan. 4, 2018)....................................................... 5, 6

*Simon v. Value Behavioral Health, Inc.*,
   208 F.3d 1073 (9th Cir. 2000) ................................................................................. 4

*Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*,
   770 F.3d 1282 (9th Cir. 2014) ................................................................................. 4

*Svenson v. Google Inc.*,
   65 F. Supp. 3d 717 (N.D. Cal. 2014) .............................................................. 14, 15

*Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co.*,
   520 F. Supp. 2d 1184 (C.D. Cal. 2007) ............................................................ 9, 12

*TML Recovery, LLC v. Humana Inc.*,
   2019 WL 3208807 (C.D. Cal. March 4, 2019) ...................................................... 12

*UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.*,
   117 F. Supp. 3d 1092 (C.D. Cal. 2015) ...................................................7, 10, 11, 12

*United Guar. Mortg. Indem. Co. v. Countrywide Financial Corp.*,
   660 F. Supp. 2d 1163 (C.D. Cal. 2009) .................................................................. 7

*United States ex rel. Lee v. Smithkline Beecham, Inc.*,
   245 F.3d 1048 (9th Cir. 2001) ................................................................................. 9

*United States ex rel. Modglin v. DJO Global Inc.*,
   114 F. Supp. 3d 993 (C.D. Cal. 2015) .................................................................... 3

*Winger v. City of Garden Grove*,
   2013 WL 12377640 (C.D. Cal. Dec. 16, 2013) .................................................... 10

*YDM Mgmt. Co. v. Aetna Life Ins. Co.*,
   2016 WL 3751943 (C.D. Cal. July 13, 2016) ...................................................... 12

*Zamora v. Solar*,
   2016 WL 3512439 (C.D. Cal. June 27, 2016) ...................................................... 14

*Zhang v. American Franchise Regional Ctr., LLC*,
   2016 WL 9149507 (C.D. Cal. Mar. 7, 2016) .......................................................... 8

**California Cases**

*Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court*,
   46 Cal. 4th 993 (2009) ........................................................................................... 16

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.*,
   11 Cal. 4th 376 (1995) ........................................................................................... 10

*Durell v. Sharp Healthcare*,
   183 Cal. App. 4th 1350 (2010) .............................................................................. 17

v

*Korea Supply Co.*, 29 Cal. 4th at 1144 ................................................................ 17, 18

*Kwikset Corp. v. Superior Court*,
    51 Cal. 4th 310 (2011) ....................................................................... 16

*LiMandri v. Judkins*,
    52 Cal. App. 4th 326 (1997) ............................................................. 11

*Orthopedic Specialists of S. Cal. v. Pub. Employees' Ret. Sys.*,
    228 Cal. App. 4th 644 (2014) ........................................................... 12

*Pacific Bay Recovery, Inc. v. California Physicians' Servs., Inc.*,
    12 Cal. App. 5th 200 (2017) ................................................. 12, 13, 20

**Federal Statutes**

29 U.S.C.
    § 1132(a)(1)(b)...................................................................................... 4

Federal Rule of Civil Procedure 8(a)............................................. 3, 19, 20, 21

Federal Rule of Civil Procedure 9(b) ..................................................... 8, 9

Federal Rule of Civil Procedure 12(b)(6)..................................................... 3

Federal Rule of Civil Procedure 12(e)............................................. 2, 19, 21

**California Statutes**

Cal. Bus. & Prof. Code
    § 17200 ........................................................................................... 15
    § 17204 ........................................................................................... 16

California Health and Safety Code
    § 1371.8 ..................................................................................... 16, 17

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 30, 2019, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Judge Andrew J. Guilford of the United States District Court for the Central District of California, located in Courtroom 10D, of the above-entitled Court, located at 411 West 4th Street, Santa Ana, California 92701 defendants Cigna Health and Life Insurance Company and Cigna Behavioral Health, Inc. (collectively, "Cigna"), will and hereby do move the Court for an order dismissing all causes of action for relief asserted against them by plaintiff Bristol SL Holdings, Inc. ("Bristol") in the First Amended Complaint filed on or about October 28, 2019 (the "FAC") based on Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6). In the alternative, Cigna moves for dismissal and a more definitive statement under Federal Rule of Civil Procedure under 12(e), and moves to strike under Federal Rule of Civil Procedure 12(f).

Cigna moves to dismiss each and every cause of action under Federal Rule of Civil Procedure 12(b)(6) as barred for the reasons stated by this Honorable Court in its Order dismissing the original complaint with leave to amend on September 24, 2019. The amendments by Bristol do not cure the deficiencies already found by this Court. In addition, Cigna moves to dismiss on the following grounds:

Breach of Oral Contract (COA 1): Bristol's cause of action for breach of an oral contract fails because Bristol fails to allege facts sufficient to show the existence of an oral contract.

Breach of Implied Contract (COA 2): Bristol's cause of action for breach of an implied contract fails because Bristol fails to allege facts sufficient to show the existence of an implied contract.

Promissory Estoppel (COA 3): Bristol's cause of action for promissory estoppel fails because Bristol fails to allege a clear and unambiguous promise. Bristol's cause of action fails for the additional reason that it is barred by the economic loss rule.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

<u>Intentional Misrepresentation (COA 4)</u>:  Bristol's cause of action for negligent misrepresentation fails because Bristol fails to meet the heightened pleading requirement mandated by Federal Rule of Civil Procedure 9(b) and also fails to allege the existence of any misrepresentation.  Bristol's cause of action fails for the additional reason that it is barred by the economic loss rule.

<u>Negligent Misrepresentation (COA 5)</u>:   Bristol's cause of action for negligent misrepresentation fails because Bristol fails to meet the heightened pleading requirement mandated by Federal Rule of Civil Procedure 9(b) and also fails to allege the existence of any misrepresentation.  Bristol's cause of action fails for the additional reason that it is barred by the economic loss rule.

<u>Fraudulent Concealment (COA 6)</u>:  Bristol's cause of action for fraudulent concealment fails because Bristol fails to meet the heightened pleading requirement mandated by Federal Rule of Civil Procedure 9(b) and also fails to allege the existence of any omitted fact.  Bristol's cause of action fails for the additional reason that it is barred by the economic loss rule.

<u>Violation of Business and Professions Code Section 17200 (COA 7)</u>:  Bristol's unfair competition cause of action fails because Bristol does not have standing to bring a cause of action under California's Unfair Competition Law.  *See* Cal. Bus. & Prof. Code §§ 17200*, et seq*.  Bristol's cause of action fails for the additional reason that Bristol does not allege any unfair, unlawful, or fraudulent conduct necessary to state a claim or that it is entitled to the equitable relief it seeks.

<u>Negligent Interference with Prospective Economic Advantage (COA 8)</u>: Bristol's cause of action for negligent interference with prospective economic advantage fails because Bristol fails to allege an independently wrongful act or the existence of any prospective economic advantage subject to interference.  Bristol's cause of action fails for the additional reason that it is barred by the economic loss rule.

Breach of Employee Benefit Plan (Recovery of Plan Benefits under E.R.I.S.A. (29 U.S.C. § 1132(a)(1)(b)) (COA 9): Bristol's cause of action for recovery of plan benefits fails because Bristol lacks standing to bring the claim.  Bristol also fails to sufficiently allege the operative plan terms and compliance with these alleged ERISA plans, including without limitation, exhaustion of administrative remedies.

Breach of Written Contract (COA 10): Bristol's cause of action for breach of a written contract fails because Bristol fails to allege facts sufficient to show the existence of a written contract.

Breach of the Implied Covenant of Good Faith and Fair Dealing (COA 11): Bristol's cause of action for breach of the implied covenant of good faith and fair dealing fails because Bristol fails to allege facts sufficient to show the existence of a contract, including the provisions that give rise to these alleged implied duties.

Additionally, because amendment would be futile, Cigna respectfully requests that the Court grant the motion and dismiss Bristol's Complaint with prejudice.

In the alternative, Cigna moves to dismiss and for a more definitive statement under Federal Rule of Civil Procedure under Rules 8 and 12(e), and moves to strike under Federal Rule of Civil Procedure 12(f).  Bristol's FAC fails to comply with Rule 8 and impermissibly incorporates by reference all allegations in each cause of action.  Cigna also moves to strike Bristol's cause of action for negligent interference with prospective economic advantage (COA 8) on the grounds that it was not added with leave of the Court or the consent of Cigna.

///

///

///

1       Cigna bases its motion on this Notice of Motion and Motion to Dismiss

2   Plaintiff's First Amended Complaint (the "Motion"), the accompanying

3   Memorandum of Points and Authorities, all pleadings and papers filed in this action,

4   the oral argument of counsel, and any other matters that may come before the Court.

5       This Motion is made following the conference of counsel pursuant to L.R. 7-3

6   which took place on November 5, 2019.

7

8   Dated: November 12, 2019     **MCDERMOTT WILL & EMERY LLP**

9

10               By:   */s/ William P. Donovan, Jr.*

                           WILLIAM P. DONOVAN, JR.

11                      Attorneys for Defendants

                           CIGNA HEALTH AND LIFE

12                      INSURANCE COMPANY; CIGNA

                           BEHAVIORAL HEALTH, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO DISMISS THE FAC
CASE NO. 8:19-CV-00709-AG-ADS

## I.     INTRODUCTION

The First Amended Complaint (the "FAC") filed by Plaintiff Bristol SL Holdings, Inc. ("Bristol" or "Plaintiff") misses the forest for the trees.  Instead of complying with this Honorable Court's September 24, 2019 Order dismissing its original complaint and fixing the deficient claims, Bristol has submitted a verbose 369-page complaint with no less than 2,102 paragraphs and scrambled the order of its causes of action, which only creates unnecessary work and does not save any of Bristol's claims.  Simply stated, the FAC is barred under FRCP 12, Plaintiff's ERISA claims cannot proceed, and the state law claims otherwise lack merit for the reasons the Court has already recognized.  In particular, Bristol continues to allege in violation of governing law that purported authorizations create contractual obligations.  The FAC is also subject to dismissal under FRCP 8(a)(2) and FRCP 12(e) because the FAC is anything but a "short and plain" statement of the claim.  Instead of complying with this Court's instructions and clearly alleging what Bristol contends it is owed for specific medical claims and pursuant to which theory, Bristol provides thousands of confusing, inconsistent, and unhelpful allegations making it impossible to determine what Bristol actually believes it is owed.  To make matters worse, the FAC does not specify which of the two thousand allegations apply to which cause of action and instead each cause of action incorporates by reference all preceding paragraphs.  In short, for the reasons stated below and confirmed in this Court's prior Order, the FAC now should be dismissed without further leave to amend.

## II.     RELEVANT FACTUAL BACKGROUND

Plaintiff Bristol is the alleged assignee of claims held by Sure Haven, Inc.[1] ("Sure Haven").  (FAC ¶ 1.)  Bristol is not a health care provider.  (*See id.*)  Sure

---

[1] Bristol's FAC also adds Cedar Creek Recovery, Inc. as a provider who allegedly assigned claims to Bristol.  During the meet and confer conducted prior to the filing of this Motion, Bristol's counsel confirmed that Cedar Creek Recovery, Inc. had been added in error.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

Haven was the health care provider—more specifically, a residential substance abuse treatment facility, which filed a voluntary Chapter 11 bankruptcy petition.  (*Id*.)  Sure Haven purportedly provided substance abuse and medical health treatment to patients who allegedly were covered by health benefit plans that were administered or underwritten by defendants Cigna Health and Life Insurance Company or Cigna Behavioral Health, Inc.  (*See id.* ¶ 14.)  The entire basis of Bristol's claims is that Cigna allegedly failed to pay Sure Haven for services purportedly rendered to Cigna's members.  (*Id.*)

Based on this one purported wrong, Bristol filed its original complaint against Cigna on April 15, 2019 alleging twelve causes of action.  (Dkt. No. 1.)  Cigna subsequently moved to dismiss all of Bristol's claims.  (Dkt. No. 17.)  On September 24, 2019, this Court granted Cigna's motion finding that all of Bristol's claims were deficiently pled.  (Dkt. No. 38.)

Bristol filed its FAC on October 28, 2019.  (Dkt. No. 42.)  Bristol's FAC spans 369 pages, contains over 2,000 paragraphs, and alleges eleven causes of action, including causes of action for implied contract, oral contract, promissory estoppel, unfair competition, fraud, and intentional interference with prospective economic advantage.  Bristol confusingly does not specify which of the thousands of allegations apply to which cause of action and instead each cause of action incorporates by reference all preceding paragraphs.  (FAC ¶¶ 1918, 1946, 1966, 1979, 1991, 2016, 2036, 2047, 2077, 2097.)

In addition to the FAC's unreasonable length, the FAC largely ignores the reasons for the Court's prior dismissal Order.  Prioritizing quantity over quality, Bristol's thousands of new allegations consist primarily of a resuscitation of alleged coverage communications and authorizations between Sure Haven and Cigna.  (*Id.* at ¶¶ 53-1917.)  Nowhere in these allegations does Bristol allege a binding contractual agreement to pay these claims or any other enforceable rights.  (*See id.*)  Bristol does not identify any of the purported Cigna "agents" who engaged in these alleged

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

conversations or the requisite details to state a fraud claim.  (*See id.* at ¶¶ 53-1917.)
Bristol generally argues that each patient "was insured by Defendants under active
'PPO' plans of insurance or other coverage" (*id. ¶* 32), but confusingly alleges that
only nine patients are subject to its written contract cause of action (FAC ¶ 2083) and
certain other patients are subject to ERISA governed plans, but that it has not
"include[d] plan information in th[e] complaint" (FAC ¶ 2053).  Bristol also alleges
different purported rates covered various services rendered to those patients.  (*See,
e.g.,* ¶ 1554 (alleging a rate of 80% of UCR), ¶ 1725 (alleging a rate of 50% of
UCR); ¶ 1770 (alleging a rate of "n/a%" of UCR).)  In short, Bristol's FAC makes it
impossible to determine which patients and claims are supposedly governed by
which of the many alleged contracts at issue and what those particular contracts
purportedly required.

## III.   THE COURT SHOULD DISMISS BRISTOL'S CLAIMS UNDER RULE 12(b)(6)

A motion under Federal Rule of Civil Procedure 12(b)(6) "tests the legal
sufficiency of the claims asserted in the complaint" under the pleading standards of
Rule 8(a).  *United States ex rel. Modglin v. DJO Global Inc.*, 114 F. Supp. 3d 993,
1008 (C.D. Cal. 2015).  A court must dismiss a complaint if it does not plead
"enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,
556 U.S. 662, 697 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
(2007)).  In determining whether a complaint meets this standard, the court must take
the complaint's well-pleaded factual allegations as true and must draw all reasonable
inferences therefrom in favor of the plaintiff; the court need not, however, defer to
"unreasonable inferences" or conclusory allegations that lack factual support.
*Modglin*, 114 F. Supp. 3d at 1008; *see also Moss v. United States Secret Serv.*, 572
F.3d 962, 969 (9th Cir. 2009).  Applying these standards, Bristol's claims fail, and
Cigna respectfully requests that the Court dismiss Bristol's complaint.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

### A.     Bristol Fails To State A Claim For Benefits Under ERISA Section 502(A)(1)(B) (COA 9)

Bristol fails to state a claim for benefits under ERISA (COA 9).[2]  Not only does Bristol lack standing to bring this claim, Bristol also still fails to plead the claim's required elements.  Despite this Court's clear instructions that Bristol needed to specify the plan language or plan terms, Bristol provides a scattershot of inconsistent and confusing allegations that make it impossible to determine what Bristol believes it was entitled to under ERISA governed plans.  Bristol's claim should be dismissed.

### 1.     Bristol Lacks Standing to Bring a Claim Under ERISA

First, Bristol lacks standing to bring a claim under ERISA.  The scope of parties who may bring claims under ERISA is narrow.  *See Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1080-81 (9th Cir. 2000).  Under ERISA, only a plan participant or beneficiary may bring a claim directly.  29 U.S.C. § 1132(a)(1)(b).  Because a health care provider is not a beneficiary or participant for purposes of ERISA, the Ninth Circuit has granted limited derivative standing to health care providers permitting the providers to bring a claim under ERISA "derivatively, relying on its patients' assignments of their benefits claims."  *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.,* 770 F.3d 1282, 1289 (9th Cir. 2014).  The Ninth Circuit has declined to extend this derivative standing to assignees of health care providers.  *Simon*, 208 F.3d at 1081-82.  This means that in the Ninth Circuit only health care providers may bring claims under ERISA pursuant to an assignment.  *See id.*  To permit otherwise would "transform[] health benefit claims into a freely tradable commodity."  *Id.* at 1081.

---

[2] Cigna addresses the causes of action as they are discussed by the Court in the prior Order on the original motion to dismiss.

Bristol is admittedly not a plan participant, a beneficiary, or a health care provider and the Court may dismiss this claim on that basis (FAC ¶ 2 (alleging that "Bristol is a holding company")).  In fact, the Honorable Judge Carter recently dismissed Bristol's ERISA claim filed against another health plan on these precise grounds last month.  *See* Order Granting Mot. to Dismiss, *Bristol SL Holdings, Inc. v. United Healthcare Services*, Case No. 8:19-cv-00710-DOC  (C.D. Cal. Oct. 7, 2019), ECF No. 62.  Cigna respectfully requests that this Court do the same.

## 2.    Bristol Does Not Adequately Plead Its ERISA Claim for Benefits

While the Court need not evaluate Bristol's ERISA claim any further, if it were to do so, the claim still fails.  As this Court has already recognized, to state a claim under ERISA Section 502(a)(1)(B), "a plaintiff must allege facts that establish the existence of an ERISA plan as well as the provisions of the plan that entitle it to benefits."  *Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co.*, 2011 WL 2748724, at *5 (N.D. Cal. July 13, 2011).  This requires the plaintiff to "identify a specific plan term that confers the benefit in question."  *Simi Surgical Ctr., Inc v. Connecticut Gen. Life Ins. Co.*, 2018 WL 6332285, at *2 (C.D. Cal. Jan. 4, 2018).  "Failure to identify the controlling ERISA plans makes a complaint unclear and ambiguous."  *Forest Ambulatory Surgical Assocs., L.P.*, 2011 WL 2748724, at *5.

Bristol failed to comply with the Court's clear instructions—instead of clearly setting forth the plan terms and how it is entitled to benefits thereunder, Bristol's thousands of allegations make it impossible to determine which allegations actually pertain to its claim for benefits under ERISA or what it contends it was owed pursuant to ERISA governed plans.  Bristol's ERISA claim incorporates all 2,046 preceding paragraphs.  (FAC ¶ 204.)  These preceding paragraphs, among other facts, purport to recite verification and authorization information for the patients at issue,

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

5

which appear to set forth varying services and rates of reimbursement. (*See e.g.,* FAC ¶ 1554 (alleging a rate of 80% of UCR), ¶ 1725 (alleging a rate of 50% of UCR); ¶ 1770 (alleging a rate of "n/a%" of UCR).) Bristol then confusingly alleges that it has not "include[d] plan information in th[e] complaint" (FAC ¶ 2053), but provides alleged terms for a 2015 "Open Access Plus Plan," which purports to provide coverage for certain services at an unidentified rate (FAC ¶ 2064 ("Defendants promised they would pay for those services at the stated percentage of UCR for each patient")). It is impossible to determine what services and patients Bristol contends are covered by ERISA governed plans and what Bristol contends it is owed pursuant to those plans. Bristol comes nowhere close to identifying a "specific plan term that confers the benefit in question." *Simi Surgical Ctr., Inc.,* 2018 WL 6332285, at *2. Bristol's claim for benefits should be dismissed.

## B.   Bristol's Tort Claims Fail (COA 3-6, 8)

Like its ERISA claim, Bristol's five tort-based claims—promissory estoppel (COA 3), intentional misrepresentation (COA 4), negligent misrepresentation (COA 5), fraudulent concealment (COA 6), and negligent interference with expected economic opportunity (COA 8), also remain deficient. Each of these claims are entirely premised on purported contractual obligations and are therefore barred by the economic loss rule as this Court suggested in its prior order. (*See* Dkt. No. 38 at 5.) Notwithstanding the economic loss rule, the claims each still suffer from the same flaws that plagued Bristol's original complaint. In particular, Bristol fails to plead its fraud claims with the requisite specificity or allege any purported misrepresentation or concealed fact. Bristol's inappropriately added cause of action for negligent interference with expected economic opportunity fails to allege any independently wrongful act or any economic opportunity that was subject to interference. Finally, as discussed in Section III.C below, Bristol's promissory

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

estoppel claim (along with its breach of implied and oral contract claims) fail because it is premised entirely on alleged authorizations and verifications.

### 1.   Bristol's Tort Claims Are Barred By The Economic Loss Rule (COA 3, 4, 5, 6, And 8)

The economic loss rule "generally bars tort claims for contract breaches, thereby limiting contracting parties to contract damages."  *United Guar. Mortg. Indem. Co. v. Countrywide Financial Corp.*, 660 F. Supp. 2d 1163, 1180 (C.D. Cal. 2009).  The rule exists to "prevent[] the law of contract and the law of tort from dissolving into one another."  *Id.*  The rule applies "unless the party [bringing the claim] can demonstrate harm above and beyond a broken contractual promise" and applies with equal force to claims ground in fraud.  *Alexsam Inc. v. Green Dot Corp.*, 2017 WL 2468769, at *4 (C.D. Cal. June 5, 2017); *Fumatex Inc. v. Tafford Uniforms LLC*, 2013 WL 12205632, at *3 (C.D. Cal. June 10, 2013).  Like with other claims, courts will bar fraud claims where "the damages plaintiffs seek are the same economic losses arising from the alleged breach of contract."  *Fumatex Inc.*, 2013 WL 12205632, at *4.

The economic loss rule bars all of Bristol's tort claims.  Each of Bristol's tort claims, as Bristol admits, are premised on the same conduct and harm—Cigna's purported failure to pay for medical services allegedly rendered to Cigna's members.  (*See* FAC ¶ 14 (alleging that the FAC "arises out of the failure of Defendants to make proper payment to the Providers of amounts due and owing for behavioral health services").)  Bristol fatally does not allege any harm beyond this alleged "broken contractual promise" to pay "amounts due and owing."  Bristol's unnecessary tort claims consist of nothing more than an alleged failure to make good on purported contractual promises and should be dismissed.  *See, e.g., UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.*, 117 F. Supp. 3d 1092, 1105-06 (C.D. Cal. 2015) (dismissing fraud claims based entirely on conduct and harm stemming from alleged

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

breach of oral agreement); *Fumatex Inc.*, 2013 WL 12205632, at *4 (dismissing fraud claim based on same purported harm as breach of contract claims).

### 2.   Bristol Fails To Plead Its Fraud-Based Claims With Specificity (COA 4-6)

Bristol's fraud-based claims also fail because they are not sufficiently pled with specificity.  Bristol's claims for intentional misrepresentation (COA 4), negligent misrepresentation (COA 5) and fraudulent concealment (COA 6) require Bristol to plead "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009).

Rule 9(b) mandates that these claims are pled with heightened particularity. Fed. R. Civ. Proc. 9(b); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements."); *Zhang v. American Franchise Regional Ctr., LLC*, 2016 WL 9149507, at *1 (C.D. Cal. Mar. 7, 2016) ("A cause of action for fraudulent concealment must be pled with heightened specificity.").  To meet this requirement, the "circumstances constituting the alleged fraud [must] be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns*, 567 F.3d at 1124.  This requires the plaintiff to plead "the who, what, when, where, and how of the misconduct charged." *Id.*

Even though this Court specifically directed Bristol to amend its fraud claims to comply with Rule 9, Bristol's allegations still fall far short of the rule's heightened particularity requirements.  As for Bristol's misrepresentation claims (COA 4-5), the only "misrepresentation" Bristol alleges is that Cigna purportedly conveyed alleged

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

8

coverage rates and authorized medical treatment for the patients at issue. (FAC ¶¶ 1984-85.) Bristol fatally does not allege that Cigna made any false statement and therefore fails to allege any actionable misrepresentations. *See Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co*., 520 F. Supp. 2d 1184, 1193 (C.D. Cal. 2007) (allegations that payor conveyed that it would cover medical treatment not actionable).

As for Bristol's concealment claim (COA 6), Bristol also does not identify a single fact that was allegedly concealed. Bristol alleges that Cigna concealed that it would place Sure Haven in an "Kafkaesque 'audit'" and never pay Sure Haven. (FAC ¶ 2006.) Bristol fails to allege any facts to support these bare accusations other than the encyclopedia of purported verification and authorization communications, which are not actionable fraud. *See Tenet Healthsystem Desert*, 520 F. Supp. 2d at 1193.

Finally, as to all of its fraud claims, Bristol fails to identify any of the purported "agents" that allegedly "misrepresented" or "concealed" unidentified information (*see, e.g.,* FAC ¶¶ 55, 1984 (only identifying "Defendant's agent")), despite the fact that Rule 9(b) mandates that the plaintiff identify the specific person who engaged in the alleged fraudulent conduct. *See United States ex rel. Lee v. Smithkline Beecham, Inc.*, 245 F.3d 1048, 1051 (9th Cir. 2001) (requiring fraud claim to identify the specific employees who performed the allegedly fraudulent conduct); *Attygala v. Wells Fargo Bank N.A.*, 2013 WL 12129400, at *17 (C.D. Cal. May 9, 2013) (requiring the plaintiff to allege the "identities of the representatives who purportedly made the fraudulent statements"). Bristol's claims should be dismissed.

### 3. Bristol's Negligent Interference with Prospective Economic Advantage Claim Fails (COA 8)

Bristol's cause of action for interference with prospective economic advantage suffers from similar fatal deficiencies.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

First, Bristol added this claim without leave from this Court or the consent of Cigna. The Court, in its order granting Cigna's first motion to dismiss, granted Bristol leave to amend its prior twelve causes of action, but did not grant Bristol leave to add new causes of action. (*See* Dkt. No. 38.) The Court may dismiss this improperly added cause of action. *See Orange County Health Care Agency v. Doge*, 2011 WL 13309067, at *4 (C.D. Cal. July 25, 2011) (dismissing counterclaim that was added to the first amended countercomplaint without leave from the Court); *Winger v. City of Garden Grove*, 2013 WL 12377640, at *2 (C.D. Cal. Dec. 16, 2013) (dismissing claim added to second amended complaint without leave). But, even if the Court were to consider the merits of the claim, it fails.

A claim for interference with prospective advantage requires the plaintiff to plead "(1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff; (2) the defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship; (3) the defendant was negligent; and (4) such negligence caused damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part the economic benefits or advantage reasonably expected from the relationship." *UMG Recordings, Inc.*, 117 F. Supp. 3d 1092 at 1118. The plaintiff must also plead that the defendant owed the plaintiff a duty of care and that the defendant's interfering conduct was "independently wrongful," i.e., it was wrongful beyond the fact of interference itself. *Id.* at 1118 n.57; *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 392–93 (1995).

Bristol falls woefully short of pleading these required elements. Bristol's complaint lacks any allegations that Cigna owed it a duty of care or that Cigna's purported interfering conduct was independently wrongful. (FAC ¶¶ 2036-46.) This

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1   alone mandates dismissal of the claim.  *See UMG Recordings, Inc.*, 117 F. Supp. 3d

2   at 1118 n.57 (dismissal of negligent interference claim appropriate where

3   counterdefendants did not allege a duty of care existed); *LiMandri v. Judkins*, 52 Cal.

4   App. 4th 326, 342 (1997) (affirming demurrer to interference claim because plaintiff

5   failed to allege that interfering conduct was independently wrongful).

6        Bristol also fails to allege that Cigna's conduct interrupted any economic

7   relationship with a specific third party, which must be identified with particularity.

8   *UMG Recordings, Inc.*, 117 F. Supp. 3d at 1118 ("[A] plaintiff alleging negligent

9   interference with prospective business advantage must identify with particularity the

10  relationships or opportunities with which [the] [d]efendant is alleged to have

11  interfered.").  Far from identifying any lost relationship with "particularity," Bristol

12  broadly alleges that Cigna's purported verifications and authorizations interrupted

13  relationships "between the Provider and the third-parties, Defendant's

14  insureds/Provider's patients."  (FAC ¶ 2043.)  Critically, Bristol does not allege a

15  single specific patient relationship that carried with it the probability of a future

16  economic benefit and was purportedly disrupted.  Bristol's claim should be

17  dismissed.

18      **C.**   **Bristol's Oral Contract, Implied Contract, and Promissory**

19          **Estoppel[3] Claims Fail (COA 1-3)**

20       Bristol's oral and implied contract (COA 1-2) and promissory estoppel[4] (COA

21  3) claims also fail because they are based on only purported verification and

22

23  _____

   [3] Bristol's promissory estoppel cause of action also fails because it is barred by the
economic loss rule as discussed in Section III.B.1 above.

24     [4] For completeness, promissory estoppel requires a plaintiff to plead "(1) a promise
clear and unambiguous in its terms; (2) reliance by the party to whom the promise is

25  made; (3)[the] reliance must be reasonable and foreseeable; and (4) the party
asserting the estoppel must be injured by his reliance."  *Pain Mgmt. Specialists v.*

26  *Blue Shield of Cal. Life & Health Ins. Co.*, 2015 WL 546025, at *2 (C.D. Cal. Feb. 9,
2015).  Breach of an oral or implied contract requires the plaintiff to plead "(1) the

27  existence of a contract, (2) performance or excuse for nonperformance, (3)
defendant's breach, and (4) damages."  *Mountain View Surgical Ctr. v. Cigna Health*

28  *Corp.*, 2015 WL 519066, at *2 (C.D. Cal. Feb. 9, 2015).

authorization correspondence.  Bristol alleges that each and every patient at issue was "insured by [Cigna] under active 'PPO' plans of insurance or other coverage from [Cigna]"  (FAC ¶ 32), but critically does not allege the existence of any promises or agreements beyond what was set forth in these allegedly "active plans" or purportedly conveyed during the verification of benefits process.  Despite providing over 2,000 paragraphs, Bristol's allegations for each patient consist entirely of a recitation of the authorization and verification process, nothing more. Bristol alleges that, for each patient, Sure Haven looked at the patient's insurance ID card and called Cigna using the phone number on the card.  (*See, e.g.,* FAC ¶¶ 34-40.)  Cigna in turn allegedly verified coverage and authorized services.  (*Id.*) Bristol's attempt to transform these allegations into promises to pay fails under clear California law, which prohibits providers from transforming verifications and authorizations into promises to pay or contracts.  *See Pacific Bay Recovery, Inc.*, 12 Cal. App. 5th at 211; *Orthopedic Specialists of S. Cal. v. Pub. Employees' Ret. Sy*s., 228 Cal. App. 4th 644, 649 (2014) (noting that no implied contract created by authorizations for treatment and statement that provider "would be paid" for treatment); *Tenet Healthsystem Desert, Inc.*, 520 F. Supp. 2d at 1193 (no implied contract created by insurer's confirmation that patient was eligible for benefits and authorization for treatment); *YDM Mgmt. Co. v. Aetna Life Ins. Co*., 2016 WL 3751943, at *4 (C.D. Cal. July 13, 2016) (dismissing with prejudice breach of implied contract claim arising from alleged authorizations to provide medical services); *Cedars Sinai Med. Ctr. v. Mid-West Nat'l Life Ins. Co*., 118 F. Supp. 2d 1002, 1008 (C.D. Cal. 2000) (recognizing that authorizations of treatment are "not the same as a promise to pay"); *TML Recovery, LLC v. Humana Inc*., 2019 WL 3208807, at *4 (C.D. Cal. March 4, 2019) (dismissing claims for breach of implied contract, breach of oral contract, promissory estoppel and quantum meruit because alleged [authorization and verification of benefits] do not constitute promises under California law").  Bristol's claims fail.

**D.**   **Bristol's Written Contract Cause of Action Fails (COA 10)**

Bristol's breach of written contract cause of action similarly remains deficient. This Court ordered Bristol to set forth what services the contracts covered and what reimbursement rate applied to those services.  (DKt. No. 38 at pp. 6-7.)  Instead of following this straight-forward order, Bristol's FAC confusingly incorporates all preceding 2,076 paragraphs into its breach of written contract claim making it impossible to discern which patients Bristol believes are subject to the written contract cause of action, which services the contract's covered and at what rate. (*See* FAC ¶ 2077.)  More specifically, Bristol's thousands of allegations related to the verification and authorization process allege varying services and rates of reimbursement.  (*See e.g.*, FAC ¶ 1554 (alleging a rate of 80% of UCR), ¶ 1725 (alleging a rate of 50% of UCR); ¶ 1770 (alleging a rate of "n/a%" of UCR).)  Bristol also appears to contend that every patient was covered by a written and active plan (FAC ¶ 32), but that only nine patients are subject to its written contract cause of action (FAC ¶ 2083).  The Court should dismiss Bristol's claim.  *See Pacific Bay Recovery, Inc. v. California Physicians' Servs., Inc.*, 12 Cal. App. 5th 200, 216 (2017); *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014) (to state a cause of action the "Court must be able generally to discern at least what material obligation of the contract the defendant allegedly breached"); *New Method Wellness, Inc. v. Cigna HealthCare of California, Inc.*, 2018 WL 5095268, at *2 (C.D. Cal. Mar. 19, 2018) (dismissing implied contract claim because plaintiff failed to "sufficiently allege the relevant terms of coverage for the 37 patients").

**E.**   **Bristol's Breach Of The Implied Covenant Of Good Faith And Fair Dealing Claim Fails (COA 11)**

Bristol's implied covenant claim based on these alleged "contracts" also still fails.  California law implies a covenant of good faith and fair dealing in every contract.  *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D.

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

13

Cal. 2010).  Obligations implied by the covenant are "circumscribed by the purposes and express terms of the contract."  *Love v. The Mail on Sunday,* 2006 WL 4046180, at *7 (C.D. Cal. Aug. 15, 2006).  The covenant "is implied to protect the express covenants of a contract, not a general public policy interest that is not directly tied to the contract's purpose."  *Gholizadeh v. Wells Fargo Bank*, 2014 WL 6884004, at *4 (C.D. Cal. Dec. 3, 2014).

Accordingly, in order to survive dismissal, as this Court has already recognized, the plaintiff "must identify the specific contractual provision or provisions that gave rise to the implied duties."  *Griffin v. Green Tree Servicing, LLC*, 2015 WL 10059081, at *10 (C.D. Cal. Oct. 1, 2015).  "[W]ithout such terms, neither [a defendant] nor the Court can discern whether such terms could give rise to the implied duties" that are claimed to be breached.  *Love*, 2006 WL 4046180, at *7. Moreover, such a claim cannot merely duplicate a breach of contract claim.  *See, e.g., Svenson v. Google Inc*., 65 F. Supp. 3d 717, 725 (N.D. Cal. 2014) (implied covenant claim that merely duplicates a breach of contract claim is deemed superfluous under California law); *see also Zamora v. Solar*, 2016 WL 3512439, at *4 (C.D. Cal. June 27, 2016) (same).

Bristol somehow still fails to allege any specific provisions that were breached and or allege any facts that are not duplicative of the breach of contract claims.

Bristol generally alleges that Cigna breached the covenant by providing "deceptive authorizations," the "moebius strip of an 'audit,'" and by engaging in other unidentified "wrongful acts."  (FAC ¶ 2101.)  Bristol does not allege any instance where Cigna misrepresented a policy provision or provide any factual support for these unidentified "wrongful acts" or this purportedly wrongful audit. Even if there was factual support for these allegations, Bristol nowhere alleges any specific contractual provision tied to these purported breaches.  Bristol's claim fails. *See Love*, 2006 WL 4046180, at *7; *see also Gholizadeh*, 2014 WL 6884004, at *4 (dismissing breach of implied covenant claim based on a denial of plaintiffs' request

for a loan modification where plaintiffs failed to allege that contract contained an implied duty requiring a modification); *Newson v. Countrywide Home Loans, Inc.*, 2010 WL 4939795, at *4 (N.D. Cal. Nov. 30, 2010) (dismissing breach of implied covenant claim based on a refusal to provide a lower interest rate where plaintiff failed to allege that such an obligation "emanate[d] from an actual contract").

The claim fails for the additional reason that it merely duplicates Bristol's three other breach of contract claims. Bristol asserts no factual allegations that render the claim different than its contract claims, which all allege Cigna improperly authorized and failed to pay for unspecified services. It is therefore duplicative and must be dismissed. *See Svenson*, 65 F. Supp. 3d at 725 (dismissing implied covenant claim that was duplicative of breach of contract claim).

## F.    Bristol's Unfair Competition Claim Fails (COA 7)

Finally, Bristol's Unfair Competition Law (the "UCL") still fails for the same three independent reasons that plagued its original complaint. First, Bristol, the assignee of Sure Haven, lacks standing to bring the claim. Second, even if Bristol had standing to bring the claim, Bristol fails to allege any unlawful, fraudulent, or unfair conduct necessary for its claim. Finally, Bristol fails to allege an entitlement to any equitable relief.

### 1.    Bristol as an Uninjured Assignee Lacks Standing to Bring a UCL Claim

To allege a claim under California's Unfair Competition Law (the "UCL"), a plaintiff must allege the defendant engaged in an "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Additionally, a plaintiff may only bring a claim if the plaintiff has statutory UCL standing, which requires that the plaintiff suffered "a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and [] show that that economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

is the gravamen of the claim." *Kwikset Corp. v. Superior Court,* 51 Cal. 4th 310, 322 (2011); Cal. Bus. & Prof. Code § 17204.

In 2009, the California Supreme Court made clear that UCL claims cannot be assigned. *Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court*, 46 Cal. 4th 993, 1002 (2009). The California Supreme Court noted:

> To allow a *noninjured assignee* of an unfair competition claim to stand in the shoes of the *original, injured claimant* would confer standing on the assignee in direct violation of the express statutory requirement in the unfair competition law, as amended by the voters' enactment of Proposition 64, that a private action under that law be brought *exclusively* by a "person who has suffered injury in fact and has lost money or property as a result of the unfair competition."

Bristol here is a "noninjured assignee," and thus its UCL claim must fail. *See id.* Bristol does not allege that it has suffered any independent injuries and instead brings its claims on behalf of Sure Haven. (FAC ¶ 1.) Bristol's FAC adds no new allegations to contest this fatal flaw.

## 2. Bristol Fails to Allege Any Unlawful, Fraudulent, or Unfair Conduct

The Court's inquiry into this claim need not go further, but even if Bristol could allege standing, Bristol's UCL claim still remains deficient. Despite adding over 2,000 allegations to its FAC, Bristol still does not allege any unlawful, fraudulent, or unfair conduct.

*First,* Bristol's FAC still does not allege any underlying statutory violation to support its claim. (*See, e.g.,* FAC ¶¶ 2016-2035.) In the FAC, Bristol now contends that Cigna's purported failure to pay Sure Haven violated the Mental Health Parity and Addiction Act of 2008 ("MHPAA"), the Affordable Care Act ("ACA"), and section 1371.8 of California Health and Safety Code. (FAC ¶ 2028.) Bristol does not identify a single specific provision of the ACA or the MHPAA that it contends Cigna violated. Consequently, these cannot form the basis of Bristol's UCL claim.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

16

*See GlobeSpan, Inc. v. O'Neill*, 151 F. Supp. 2d 1229, 1236 (C.D. Cal. 2001) ("A plaintiff alleging unfair business practices under the unfair competition statutes 'must state with reasonable particularity the facts supporting the statutory elements of the violation.'"); *Bush v. Mondelez Int'l, Inc.*, 2016 WL 7324990, at *4 (N.D. Cal. Dec. 16, 2016) (dismissing UCL claim where plaintiff did not allege with specificity any particular provision of the Food Drug and Cosmetics Act that the defendant purportedly violated).  Bristol's reliance on section 1371.8 of the California Health and Safety Code fares no better.  This section prohibits a plan from rescinding or modifying authorization.  Bristol does not contend that Cigna rescinded or modified any authorizations (it did not)—Bristol contends it was not paid.  Bristol has not alleged any underlying statutory violation.

*Second,* Bristol again fails to allege any fraudulent conduct for the reasons set forth in Section III.B.2 above.[5]

*Finally*, Bristol, yet again, does not allege any "unfair" conduct, which requires allegations that the "conduct is tethered to an[] underlying constitutional, statutory or regulatory provision, or that it threatens an incipient violation of an antitrust law, or violates the policy or spirit of an antitrust law."  *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1366 (2010).  Bristol makes no such allegation here and its unfair competition claim should be dismissed.

### 3.   Bristol Does Not Allege An Appropriate Request for Equitable Relief

Finally, assuming *arguendo* that Bristol could overcome these first two fatal deficiencies, Bristol still does not allege an appropriate request for equitable relief, nor can it.  Under the UCL a plaintiff may only seek equitable relief, e.g., restitution or injunctive relief.  *Korea Supply Co.*, 29 Cal. 4th at 1144.  Bristol's request for

---

[5] UCL claims premised on fraud must also be pled with heightened particularity. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009); *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1094 (N.D. Cal. 2017).

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1    "restitution" seeks "restitutionary damages" and the "disgorgement of illegal profit

2    and/or ill-gotten financial gains."  (FAC ¶ 2029.)  Neither of which is recoverable

3    restitution.

4           California law unambiguously precludes the recovery of "nonrestitutionary

5    disgorgement of profits . . . in an individual action under the UCL." *Korea Supply*

6    *Co.*, 29 Cal. 4th at 1149, 1152.  Recoverable restitution under the UCL is limited to

7    an order compelling a defendant "to return money obtained through an unfair

8    business practice to those persons in interest from whom the property was taken."

9    *Id.*  Bristol, here, does not seek the return of any money or property it paid to Cigna;

10   it seeks compensation for alleged injuries and nonrestitutionary disgorgement of

11   profits.  Bristol's claim must be dismissed.  *See Palmer v. Stassinos*, 348 F. Supp. 2d

12   1070, 1088 (N.D. Cal. 2004), order clarified on reconsideration, 419 F. Supp. 2d

13   1151 (N.D. Cal. 2005) (request for restitution improper and UCL claim dismissed

14   where plaintiff did not allege she paid any money to defendants); *Baugh v. CBS, Inc.*,

15   828 F. Supp. 745, 757–58 (N.D. Cal. 1993) (request for restitution improper where

16   plaintiff did not allege defendant took any property from plaintiff); *See Rhynes v.*

17   *Stryker Corp.* 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011) (dismissing UCL

18   claim where compensatory damages sought by plaintiffs provided an adequate

19   remedy at law to redress alleged injuries).

20          Bristol's request for injunctive relief is similarly flawed.  To seek injunctive

21   relief under the UCL, a plaintiff "must demonstrate a real or immediate threat of an

22   irreparable injury."  *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021

23   (9th Cir. 2004); *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 924 (N.D.

24   Cal. 2012).  Bristol fails to identify how it will suffer imminent, irreparable injury.

25   Bristol does not allege any ongoing relationship with Cigna, or even allege that it is a

26   treatment provider.  Bristol is merely the assignee of the now-bankrupt provider, Sure

27   Haven.  (FAC ¶ 1.)  Bristol's request thus fails.  *See Hangarter*, 373 F.3d at 1022

28

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

18

DEFENDANTS' MOTION TO DISMISS
CASE NO. 8:19-CV-00709-AG-ADS

1    (reversing UCL injunction where plaintiffs had no ongoing relationship with

2    defendant).

3    **IV.    BRISTOL'S COMPLAINT SHOULD BE DISMISSED UNDER RULE 12**

4           **(b) WITH PREJUDICE**

5           A court may deny leave to amend if amendment would not cure the

6    deficiencies of the complaint, *i.e.,* amendment would be futile. *Johnson v. Buckley*,

7    356 F.3d 1067, 1077 (9th Cir. 2004). Here, Bristol has already been given one

8    opportunity to amend its complaint and did not and cannot cure the fundamental

9    deficiencies therein. Cigna respectfully requests that the Court dismiss the

10   Complaint with prejudice. *See Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir.

11   2015) (holding that futility alone is sufficient to justify dismissal with prejudice).

12   **V.     THE COURT MAY DISMISS BRISTOL'S FAC UNDER RULE 12(e)**

13          **AND RULE 8**

14          In the alternative, the Court may dismiss Bristol's FAC under Rule 12(e) and

15   Rule 8. A court may dismiss a complaint under Rule 12(e) "when the complaint is so

16   vague and ambiguous that defendant cannot be reasonably required to frame a

17   responsive pleading." *Destfino v. Kennedy*, 2008 WL 4810770, at *2 (E.D. Cal.

18   Nov. 3, 2008), *aff'd sub nom. Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011).

19   Granting this type of motion is particularly proper when, where as here, a verbose

20   complaint's causes of action incorporate each and every preceding paragraph,

21   regardless of relevancy. *Id.*; *Kazenercom Too v. Turan Petroleum, Inc.*, 2009 WL

22   10679984, at *1 (C.D. Cal. June 9, 2009) ("A 'shotgun' complaint must be dismissed

23   under Rule 12(e).").

24          A court may also dismiss a complaint under Rule 8 for a failure to comply with

25   the rule's requirement that a complaint contain "a short and plain statement of the

26   claim showing that the pleader is entitled to relief." *See Hatch v. Reliance Ins. Co.*,

27   758 F.2d 409, 415 (9th Cir. 1985) (affirming dismissal of a complaint under Rule 8,

28   which "including attachments, exceeded 70 pages in length, [and] w[as] confusing

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

19

and conclusory"); *McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a 37-page complaint under Rule 8 that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

Here, Bristol's 369 page and 2,102 paragraph shotgun complaint is nowhere near a "short and plain" statement. Bristol alleges eleven causes of action, including multiple fraud, contract, and statutory causes of action, all based on the same purported wrong—Cigna's alleged failure to pay Sure Haven for medical services purportedly rendered to Cigna's members. Despite the fact that the FAC is premised on a single wrong, Bristol alleges over two thousand separate paragraphs, several of which contain extraneous and irrelevant background facts, including generalized allegations regarding the purported payment structure of the entire behavioral health industry (FAC ¶¶ 24-31), an explanation and resuscitation of each and every possible medical diagnosis code (*id.* ¶¶ 43-44), and an explanation of "levels of care" and guidelines issued by the American Society of Addiction Medicine for behavioral health and substance abuse treatment (*id.* ¶¶ 45-50). Bristol goes on to provide *thousands* of allegations that purport to recite the diagnosis for every patient and each and every alleged communication between Cigna and Sure Haven, no matter how irrelevant. (*Id.* ¶¶ 53-1917.) For each patient, Bristol provides multiple paragraphs and pages of allegations that purport to provide each and every unnecessary detail retarding purported verification and authorization communications between Cigna and Sure Haven. (*See id.*)

There is simply no justification for Bristol's kitchen sink pleading approach. Providing an encyclopedia of alleged verification and authorization communications gains Bristol nothing. Under California law, these verifications and authorizations do not constitute promises to pay. *See Pacific Bay Recovery, Inc.*, 12 Cal. App. 5th at 211. If Bristol believes there were promises to pay and Sure Haven was promised a specified amount for specified services, Bristol should clearly and simply allege such contentions in far less paragraphs and far less pages. Given the FAC's redundancy

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

and unnecessary length, Bristol has made it impossible to determine what Bristol actually alleges was promised or conveyed to Sure Haven.  Bristol's FAC should be dismissed on this ground alone.

Adding further ambiguity, Bristol "re-alleges and incorporates" each and every factual allegation into every cause of action.  (FAC ¶¶ 1918, 1946, 1966, 1979, 1991, 2016, 2036, 2047, 2077, 2097.)  This type of shotgun complaint "does great disservice to the administration of civil justice" and "must be dismissed under Rule 12(e)." *Kazenercom Too v. Turan Petroleum, Inc*., 2009 WL 10679984, at \*1 (C.D. Cal. June 9, 2009) ("A 'shotgun' complaint must be dismissed under Rule 12(e)."). Bristol cannot force Cigna and this Court to sift through these allegations and determine which allegations pertain to which claims and at the same time comply with its obligations under Rule 8.  *Destfino v. Kennedy*, 2008 WL 4810770, at \*3 ("'[S]hotgun pleading' . . . violates Rule 8's requirement of a 'short and plain statement' and interferes with the court's ability to administer justice.").  Bristol's complaint should be dismissed.

## VI.    <u>CONCLUSION</u>

Based on the foregoing, Cigna respectfully requests that the Court grant this motion and dismiss Bristol's FAC with prejudice.

Dated: November 12, 2019          **McDERMOTT WILL & EMERY LLP**


By:   */s/ William P. Donovan, Jr.*
      WILLIAM P. DONOVAN, JR.
      Attorneys for Defendants
      CIGNA HEALTH AND LIFE
      INSURANCE COMPANY; CIGNA
      BEHAVIORAL HEALTH, INC.

DM_US 164031668-1.015187.0044