UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 19-00709 AG (ADSx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | BRISTOL SL HOLDINGS, INC. ET AL. v. CIGNA HEALTH LIFE INSURANCE COMPANY ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Melissa Kunig | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**[IN CHAMBERS] ORDER REGARDING MOTION TO DISMISS (DKT. NO. 44)**

Plaintiff Bristol SL Holdings, Inc. ("Bristol"), as the assignee of Sure Haven, Inc. ("Sure Haven"), a substance abuse treatment center, sued Defendants Cigna Health and Life Insurance Company and Cigna Behavioral Health, Inc. (collectively, "Cigna") for their alleged failure to pay for covered substance abuse treatment services provided by Sure Haven to Cigna patients. (First Amended Compl. ("FAC"), Dkt. No. 42.) Bristol asserts one claim under the Employment Retirement Income Security Act ("ERISA") and ten state law claims.

Cigna now moves to dismiss Bristol's FAC. (Motion to Dismiss ("Motion"), Dkt. No. 44.) The Court previously dismissed Bristol's initial complaint for failing to plead sufficient facts. (Order, Dkt. No. 38.)

The Court GRANTS in part and DENIES in part Cigna's motion with leave to amend, subject to the limitations described in this order. A second amended complaint may be filed within 30 days.

**1. BRIEF BACKGROUND**

The following facts are taken from Bristol's FAC and, for the purposes of this motion, the Court assumes they're true.

Bristol is the successor in interest to Sure Haven, a now-bankrupt mental health and substance abuse treatment center. (FAC, Dkt. No. 42 at ¶¶ 1, 7.) Cigna is the purported provider of health benefits coverage to Sure Haven's patients. (Id. at ¶¶ 2, 14.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 19-00709 AG (ADSx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | BRISTOL SL HOLDINGS, INC. ET AL. v. CIGNA HEALTH LIFE INSURANCE COMPANY ET AL. | | |

Bristol alleges that, before admitting or providing treatment to any Cigna patient, Sure Haven would contact Cigna by phone to confirm Cigna would reimburse them for their services at an agreed upon rate. (*Id.* at ¶¶ 16-18.) Bristol claims no Cigna patient was admitted for treatment until this verification was complete. (*Id.* at ¶¶34-35.) Following admittance, Bristol alleges Sure Haven "routinely called [Cigna] at specific intervals … to receive authorization to continue providing services to [Cigna] patient[s]." (*Id.* at ¶ 39.) But despite Cigna's continued authorization of service coverage, Bristol claims Cigna failed to pay Sure Haven for $8,618,068.26 in covered services provided by Sure Haven to Cigna patients. (*Id.* at ¶ 15.)

Based on these and other facts, Bristol asserts the following eleven claims against Cigna: (1) breach of express oral contract; (2) breach of implied contract; (3) promissory estoppel; (4) intentional misrepresentation; (5) negligent misrepresentation; (6) fraudulent concealment; (7) violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code Section 17200; (8) negligent interference with prospective economic advantage; (9) recovery of plan benefits under ERISA, 29 U.S.C. Section 1132(a)(1)(b); (10) breach of written contract; and (11) breach of the implied covenant of good faith and fair dealing.

## 2. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short plain statement of the claim showing that the pleader is entitled to relief." With that liberal pleading standard, the purpose of a motion under Rule 12(b)(6) is "to test the formal sufficiency of the statement of the claim for relief." 5B C. Wright & A. Miller, Federal Practice and Procedure 1356, p. 354 (3d ed. 2004). To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is factually plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Fraud claims require more. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.") "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *In re GlenFed, Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00709 AG (ADSx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | BRISTOL SL HOLDINGS, INC. ET AL. v. CIGNA HEALTH LIFE INSURANCE COMPANY ET AL. | | |

*Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994). Stated differently, a plaintiff must plead the "who, what, when, where, and how" of the alleged misconduct. *See Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

In analyzing the complaint's sufficiency, a court must "accept[ ] all factual allegations in the complaint as true and contru[e] them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). But the assumption of truth doesn't apply to legal conclusions. *Iqbal*, 56 U.S. at 678.

## 3. ANALYSIS

### 3.1 Shotgun Pleadings

Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations. They are unacceptable. One common theme of Rule 8(a), Rule 9(b), *Iqbal*, and *Twombley* is that plaintiffs must give the defendants a clear statement about what the defendants allegedly did wrong. The Court has recognized that allowing shotgun pleadings would lead to many negative consequences. *See Mason v. County of Orange*, 251 F.R.D. 562, 563-64 (C.D. Cal. 2008) (quoting *Anderson v. District Board of Trustees*, 77 F.3d 364, 366-67 (11th Cir. 1996)) ("[E]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001) ("Cases framed by shotgun pleadings consume an inordinate amount of a court's time. As a result, justice is delayed, if not denied, for litigants who are standing in the queue waiting to be heard. Their impression of the court's ability to take care of its business can hardly be favorable. As the public becomes aware of the harm suffered by the victims of shotgun pleading, it, too, cannot help but lose respect for the system.").

Bristol's initial complaint was 30 pages long, containing 76 paragraphs. It was dismissed because it failed to allege sufficient facts and to plead fraud with particularity. Bristol's FAC is 369 pages long and contains over 2100 paragraphs, most providing some level of detail of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00709 AG (ADSx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | BRISTOL SL HOLDINGS, INC. ET AL. v. CIGNA HEALTH LIFE INSURANCE COMPANY ET AL. | | |

"[m]ore than one thousand" initial verification or follow-up calls Sure Haven made to Cigna. (FAC, Dkt. No. 42 at ¶ 17.) Bristol incorporates by reference each of these allegations for all eleven causes of action. While incorporation by reference is a useful tool to streamline pleadings, it is not intended to create guesswork as to which facts support which claims. *Salazar v. County of Orange*, No. SACV 11-1125 AG (MLGx), 2012 WL 12896196, at *2 (C.D. Cal. Mar. 12, 2012). Paragraphs 51-1917 of the FAC give Cigna notice of dates and some details of phone calls concerning 106 patients. (Opp'n, Dkt. No. 46 at 1:18-19.) By incorporating 1866 paragraphs by reference, it hardly provides Cigna with the ability to piece together the puzzle. Bristol's assertion that "[t]he First Amended Complaint is as short and plain as it can be" is mistaken.

This defect alone could warrant dismissal of the FAC, but in the interests of justice and to aid any efforts to amend, the Court will analyze each claim in turn. *See* Fed. R. Civ. P. 1. Thus, any amendment must accomplish two things. It must separate out each basis for relief as an independent claim, and it must heed the corresponding substantive analysis.

### 3.2 Contract Claims

Bristol's first, second, and tenth claims are for breach of oral, implied, and written contracts. Bristol alleges that each of the "[m]ore than one thousand phone calls" to either verify coverage or follow up "each constitute[ed] a meeting of the minds" forming either an oral or implied contract. (FAC, Dkt. No. 42 at ¶ 17.) Bristol's written contract claim, on the other hand, alleges Cigna breached the terms of the "nine non-ERISA plans" drafted by Cigna. (Opp'n, Dkt. No. 46 at 18.)

#### 3.2.1 Oral and Implied Contracts

Looking first at Bristol's oral and implied contracts, the Court previously held Bristol failed to plead sufficient facts showing that Cigna made any agreements during the authorization and verification calls. Bristol's FAC cures many of the factual deficiencies, as it identifies dates of the calls, what services are being provided for each patient by billing code, and at what rate they are being provided for. Cigna argues that Bristol's first and second claims fail as a matter of law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 19-00709 AG (ADSx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | BRISTOL SL HOLDINGS, INC. ET AL. v. CIGNA HEALTH LIFE INSURANCE COMPANY ET AL. | | |

Cigna characterizes Bristol's allegations as nothing more than "a recitation of the authorization and verification process" and are insufficient as a matter of law to "transform" those phone calls "into promises to pay or contracts." (Mot., Dkt. No. 44 at 12.) Cigna cites several cases that hold pre-authorization or verification calls alone aren't enough to create an oral or implied contract. *See, e.g., Pac. Bay Recovery, Inc. v. California Physicians' Servs., Inc.*, 12 Cal. App. 5th 200, 211 (2017) (no implied contract based on preauthorization and statements that provider "would be paid"); *Orthopedic Specialists of S. Cal. v. Pub. Employees' Ret. Sys.*, 228 Cal. App. 4th 644, 649 (no implied contract based on authorization and statements that provider "would be paid"); *Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co.*, 520 F. Supp. 2d 1184, 1193-94 (C.D. Cal. 2007) (no implied contract based on authorization).

The court in *Pacific Bay* rejected the provider's theory that representations made during authorization phone calls that it "would be paid" and "was led to believe that it would be paid … charges correlated with usual, reasonable and customary charges" constituted a binding agreement because those allegations alone were insufficient to demonstrate a meeting of the minds. *Pac. Bay Recovery*, 12 Cal. App. 5th at 216. Because there were no specifics as to the type or extent of treatment, or an agreement as to rate, the court could not find breach of an implied contract. *Id.*

Here, Bristol alleges more. Bristol's allegations go beyond a simple pre-authorization or verification and the blanket guarantee that Cigna would cover the treatment. For each patient, Bristol alleges what type of treatment was being sought and how long the course of treatment was expected to last, along with extensions of time and requests to follow up. Bristol further alleges a specific billing rate pegged to a percentage of the usual, customary and reasonable rate, and alleges a different rate depending on whether or not the patient had met his or her out-of-pocket maximum. In each of the follow-up calls, Sure Haven was ensured the payment would be made at the previously agreed upon rate. These allegations are sufficient to plead a plausible claim under Rule 8(a). Cigna's motion to dismiss Bristol's first and second claims is denied.

### 3.2.2 Written Contracts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00709 AG (ADSx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | BRISTOL SL HOLDINGS, INC. ET AL. v. CIGNA HEALTH LIFE INSURANCE COMPANY ET AL. | | |

In the alternative, Bristol brings a claim for breach of written insurance contract. Bristol's FAC alleges that Sure Haven "had no written agreements that established or set rates of pay for services rendered…" (FAC, Dkt. No. 42 at ¶ 23.) Yet, Bristol argues it "has provided the necessary information regarding the relevant operative language of the plans/policies applicable to the nine non-ERISA plans" and that it has incorporated those terms from "prior paragraphs of the FAC." (Opp'n, Dkt. No. 46 at 18.) It is unclear which of the previous 2076 paragraphs are subject to this claim, but Bristol alleges all 106 patients were covered by a Cigna plan. (FAC, Dkt. No. 42 at ¶ 32.) Even if a written Cigna plan existed, Bristol hasn't provided the material terms or policy language that was allegedly breached. Instead, Bristol argues that incorporation by reference is sufficient because Cigna "know[s] the terms and conditions of these plans/policies which they drafted." (Opp'n, Dkt. No. 46 at 18.) Such allegations are not enough to plausibly allege breach. The Court thus dismisses Bristol's tenth cause of action for breach of written contracts.

### 3.3 Promissory Estoppel

Bristol's third claim is for promissory estoppel. A claim for promissory estoppel requires "a promise clear and unambiguous in its terms." *Advanced Choices, Inc. v. Dep't of Health Servs.*, 182 Cal. App. 4th 1661, 1671-72 (2010). As previously discussed, Bristol has alleged sufficient facts for a plausible oral or implied contract claim, and because its promissory estoppel claim is based on the same facts, it survives. To the extent Bristol's promissory estoppel claim seeks contractual relief, it is not barred by the economic loss rule. Cigna's motion to dismiss Bristol's third cause of action is denied.

### 3.4 Tort Claims

#### 3.4.1 Economic Loss Rule

The Court previously questioned whether the economic loss rule might bar Bristol's tort claims, but did not reach those grounds in its previous order. (Order, Dkt. No. 38 at 5.) Because Cigna now raises this argument, the Court finds the economic loss rule applies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00709 AG (ADSx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | BRISTOL SL HOLDINGS, INC. ET AL. v. CIGNA HEALTH LIFE INSURANCE COMPANY ET AL. | | |

The economic loss rule "generally bars tort claims for contract breaches." *See United Guar. Mortg. Indem. Co. v. Countrywide Fin. Grp.*, 660 F. Supp. 2d 1123, 1180 (C.D. Cal. 2009); *see also Elrich v. Menzes*, 21 Cal. 4th 543, 551 (1999) ("[C]onduct amounting to a breach of contract becomes tortious only when it violates a duty independent of the contract arising from principles of tort law."). "Allowing parties to essentially recover for breach of contract in tort undermines the 'predictability' that parties seek when they enter into a contract." *Body Jewelz, Inc. v. Valley Forge Ins. Co.*, 241 F. Supp. 3d 1084, 1093 (C.D. Cal. 2017).

So the economic loss rule bars Bristol's tort claims unless Cigna violated some independent, non-contractual duty. Bristol cites *United Guar.* for the idea that a properly pleaded fraudulent inducement claim isn't barred by the economic loss rule. (Opp'n, Dkt. No. 46 at 8-9.) But that's not what is at issue. Bristol hasn't brought a fraudulent inducement cause of action, and it instead attempts to import that holding to all fraud claims which "are properly pled and supported by detailed factual allegations." (*Id.* at 9.) Setting aside the issue of proper pleading for the moment, Bristol cites no authority for this proposition. In fact, the cases cited by Cigna indicate otherwise. *See UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1104 (C.D. Cal. 2015) (collecting cases) ("Other district courts applying California law have similarly found tort claims barred in cases in which one party breached a purported contract that it allegedly never intended to perform."); *see also id.* ("Courts have also applied the economic loss rule to bar negligent misrepresentation claims where the purportedly negligent conduct is conceptually indistinct from a contract breach.").

Here, Bristol admits that its "complaint arises out of the failure of [Cigna] to make proper payment to the Providers of amounts due and owing for behavioral services…" (FAC, Dkt No. 42 at ¶ 14.) Bristol doesn't attempt to distinguish any separate harm above and beyond those economic damages, and further exacerbates the problem by incorporating nearly 2000 paragraphs into its allegations. Put simply, Bristol alleges Cigna promised to reimburse Sure Haven and failed to do it. That's not enough for tort damages. *See NuCal Foods, Inc. v. Quality Egg LLC*, 918 F. Supp. 2d 1023, 1028 (E.D. Cal. 2013) ("Generally, purely economic losses are not recoverable in tort.").

Bristol's fourth, fifth, sixth and eighth causes of action are barred by the economic loss rule.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00709 AG (ADSx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | BRISTOL SL HOLDINGS, INC. ET AL. v. CIGNA HEALTH LIFE INSURANCE COMPANY ET AL. | | |

### 3.4.2 Fraud Claims

Bristol's fourth, fifth, and sixth causes of action allege some form of misrepresentation or fraudulent concealment. These claims were previously dismissed because they failed to meet the specificity requirement of Rule 9(b). (Order, Dkt. No. 28 at 4.)

Despite adding over 2000 paragraphs, the FAC still fails to meet this requirement. While Bristol has added some facts showing the "what, when, where, and how," the "who" is still lacking. Bristol alleges during every phone conversation, a Sure Haven representative spoke with Cigna's "agent." Under Rule 9(b), reference to an "agent" or "representative" isn't enough, the pleading must identify a particular individual. *See In re GlenFed*, 43 F.3d at 1548; *see also Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1094 (C.D. Cal. 1999). Because Bristol's fraud claims still fall short of Rule 9(b)'s specificity requirements, they are also dismissed for this reason.

### 3.4.3 Negligent Interference with Prospective Economic Advantage

Bristol's eighth cause of action for Negligent Interference with Prospective Economic Advantage was impermissibly added without leave of this Court or Cigna's permission. In its previous order, the Court granted Bristol leave to amend its twelve existing claims. It did not grant Bristol leave to add new claims. (Order, Dkt. No. 38.)

Unless a party is entitled to amend its pleading as a matter of right, the "party may amend its pleading *only* with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis added). Bristol never sought leave to add any new claims. Bristol's eighth cause of action is dismissed without leave, but without prejudice to Bristol seeking leave to amend under Rule 15.

### 3.5 Unfair Competition Claim

The Court's previous order dismissed Bristol's UCL claim because it lacked standing as an assignee. (Order, Dkt. No. 38 at 8.) Bristol recycles the same arguments this Court already

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00709 AG (ADSx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | BRISTOL SL HOLDINGS, INC. ET AL. v. CIGNA HEALTH LIFE INSURANCE COMPANY ET AL. | | |

rejected in its attempt to distinguish *Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court*, 46 Cal. 4th 993, 1002 (2009). Bristol's seventh claim is dismissed.

### 3.6 ERISA Claim

Bristol again brings a claim for recovery of benefits under ERISA Section 502(a)(1)(B). *See* 29 U.S.C. § 1132(a)(1)(B). Cigna argues that Bristol lacks standing to bring a claim under ERISA, and even if they did, they still haven't pleaded the necessary elements. (*See* Mot., Dkt. No. 44 at 4-6.)

#### 3.6.1 Standing

ERISA authorizes health plan participants or beneficiaries to bring a claim directly. *Simon v. Value Behavior Health, Inc.*, 208 F.3d 1073, 1081 (9th Cir. 2000), overruled on other grounds by *Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007). Health care providers are not "beneficiaries" under ERISA. *DB Healthcare v. Blue Cross Blue Shield*, 852 F.3d 868, 874-75 (9th Cir. 2017). So even though health care providers lack direct standing, the Ninth Circuit recognizes a health care provider may have limited derivative standing. *Spindex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770 F.3d 1282, 1289 (9th Cir. 2014). The Ninth Circuit has declined to extend this derivative standing to assignees of health care providers. *Simon*, 208 F.3d at 1081. In doing so, the Ninth Circuit sought to prevent the transformation of "health benefit claims into a freely tradable commodity." *Id.*

Bristol is a holding company, an assignee of the health care provider. (Mot., Dkt. 44 at 4-5.) In its opposition, Bristol does not dispute this, but attempts to limit the holding of *Simon*, or distinguish it on the basis that the "assignments were subject to the highest degree of scrutiny" by the Bankruptcy Court and is a core proceeding that cannot be challenged in this forum. (Opp'n, Dkt. No. 46 at 3-4.) Bristol's lone citation to *In re Kincaid*, 917 F.2d 1162, 1164 (9th Cir. 1990) is unavailing. Seeing no reason to create an exception the Ninth Circuit doesn't recognize, the Court rejects Bristol's argument and dismisses Bristol's ERISA claim with prejudice.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00709 AG (ADSx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | BRISTOL SL HOLDINGS, INC. ET AL. v. CIGNA HEALTH LIFE INSURANCE COMPANY ET AL. | | |

### 3.7 Implied Covenant Claim

Bristol's eleventh claim is for breach of the implied covenant of good faith and fair dealing. California law implies a covenant of good faith and fair dealing in every contract. *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010). Still, liability under the covenant is constrained by the "purposes and express terms of the contract." *Love v. The Mail on Sunday*, No. CV057798ABCPJWX, 2006 WL 4046180, at *7 (C.D. Cal. Aug. 15, 2006) (citing and quoting *Carma Developers Inc. v. Marathon Dev. California, Inc.*, 2 Cal. 4th 342, 373 (1992)); *see also Griffin v. Green Tree Servicing, LLC*, 2015 WL 10059081, at *10 (C.D. Cal. Oct. 1, 2015) ("[T]o state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must identify the specific contractual provision that was frustrated." (internal quotation and citation omitted)).

Although Bristol has plausibly alleged the existence of an oral or implied contract, it has not identified which specific contractual provision has been frustrated. This is again a byproduct of Bristol's wholesale incorporation by reference. Bristol's specific allegations in paragraph 2101 of the FAC fare no better. Further, Cigna argues that regardless of any specific provision, this claim must be dismissed because it is duplicative of Bristol's breach of contract claims. (Mot., Dkt. No. 44 at 14-15.) The Court agrees. Under California law, an implied covenant claim that seeks the same relief based on the same alleged facts as a breach of contract claim may be disregarded as superfluous. *Svenson v. Google, Inc.*, 65 F. Supp. 3d 717, 725 (N.D. Cal. 2014). Thus the Court dismisses Bristol's eleventh claim.

### 4. LEAVE TO AMEND

If a court dismisses certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts[.]" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 112 (9th Cir. 2000) (en banc)); *see also* Fed. R. Civ. P. 15(a). Under this standard, leave to amend is appropriate for all of Bristol's claims with the exception of its ERISA claim and its negligent interference with prospective economic advantage claim.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | SACV 19-00709 AG (ADSx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | BRISTOL SL HOLDINGS, INC. ET AL. v. CIGNA HEALTH LIFE INSURANCE COMPANY ET AL. | | |

## 5. DISPOSITION

This Court GRANTS in part and DENIES in part Cigna's motion with leave to amend, subject to the limitations described in this order. Further, Bristol should seek to shorten or otherwise focus its claims. A second amended complaint may be filed **within 30 days.**

                                                                    : 0
                                            Initials of Preparer    mku