1

2

MATTHEW M. LAVIN, ESQ. (*pro hac vice*)
NAPOLI SHKOLNIK PLLC
5757 W. Century Boulevard, Suite 680
Los Angeles, CA 90045
(212) 397-1000 / Fax (646) 843-7603

3

4

5

6

JOHN W. TOWER, ESQ. SBN 106425
LAW OFFICE OF JOHN W. TOWER
2211 Encinitas Blvd., 2nd Floor
Encinitas, CA  92024
(760) 436-5589 / Fax (760) 479-0570

7

8

9

10

*Attorneys for Plaintiff*
Bristol SL Holdings, Inc.

11

12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

| | |
|---|---|
| BRISTOL SL HOLDINGS, INC., a California corporation, in its capacity as the assignee for SURE HAVEN, INC., a California corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, a Connecticut corporation; CIGNA BEHAVIORAL HEALTH, INC., a Connecticut corporation; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No.: 8:19-cv-00709-PSG-ADS<br><br>PLAINTIFF'S NOTICE OF MOTION, MOTION & POINTS AND AUTHORITIES PURSUANT TO FED. R. CIV. P. 59 & 60<br><br>Date:    December 7, 2020<br>Time:   1:30 PM<br>Judge:  Honorable Philip S. Gutierrez |

27

28

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 7, 2020, at 1:30 PM, or as soon thereafter as the matter may be heard before the Hon. Philip S. Gutierrez, in Courtroom 6A, located on the 6th Floor of the First Street Courthouse, 350 West First Street, Los Angeles, CA, 90112, Plaintiff, BRISTOL SL HOLDINGS, INC., will and hereby does move for this Court to amend, modify, and vacate its grant of summary judgment (Dkt. 77) that fully dismisses this matter.

Plaintiff and Counsel respect the Orders of the Court and it is based on studied and professional judgment that this Motion is being filed in good faith to alert the Court to matters that may have been overlooked or misapprehended that warrant reconsideration/vacating the Order Granting Summary Judgment.

This Motion is made on the following grounds:

1. Exhibit "A" to the Declaration of Tanisha Porreca raised triable issues of material fact.

2. The Order misapprehends or overlooks decisional and statutory law that authorizations with benefits quotes are promises to pay.

3. The Order turns on a misapprehension of critical material facts about the claimed disclaimer and creates a manifest injustice against the Plaintiff if left uncorrected.

4. The Order misapprehends or overlooks that the disclaimer in the EOB does not relieve Cigna of its obligation to pay.

5. The Order misapprehends the burden to bring a motion to compel untimely disclosed evidence, after the discovery cutoff, in violation of court rules by placing it solely on Plaintiff.

This Motion is based on this Notice of Motion and Motion and the accompanying Memorandum of Points and Authorities, as well as all other pleadings, records, and papers filed in this action, and upon such matters as may be presented to the Court at the hearing requested by Plaintiff on this Motion.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>Local Rule 7-3 Certification</u>

This Motion follows a conference of counsel pursuant to L.R. 7-3, which took place telephonically on October 14, 2020 wherein counsel for Cigna opposed the relief sought herein.

Dated: October 21, 2020          NAPOLI SHKOLNIK PLLC

<u>/s/ Matthew Lavin</u>
MATTHEW M. LAVIN


LAW OFFICE OF JOHN W. TOWER

<u>/s/ John W. Tower</u>
JOHN W. TOWER

*Attorneys for Plaintiff*
Bristol SL Holdings, Inc.

MATTHEW M. LAVIN, ESQ. (*pro hac vice*)
NAPOLI SHKOLNIK PLLC
5757 W. Century Boulevard, Suite 680
Los Angeles, CA 90045
(212) 397-1000 / Fax (646) 843-7603

JOHN W. TOWER, ESQ. SBN 106425
LAW OFFICE OF JOHN W. TOWER
2211 Encinitas Blvd., 2nd Floor
Encinitas, CA  92024
(760) 436-5589 / Fax (760) 479-0570

*Attorneys for Plaintiff*
Bristol SL Holdings, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRISTOL SL HOLDINGS, INC., a California corporation, in its capacity as the assignee for SURE HAVEN, INC., a California corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, a Connecticut corporation; CIGNA BEHAVIORAL HEALTH, INC., a Connecticut corporation; and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No.: 8:19-cv-00709-PSG-ADS<br><br>PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF IT MOTION PURSUANT TO FED. R. CIV. P. 59 & 60<br><br>Date:   December 7, 2020<br>Time:  1:30 PM<br>Judge:  Honorable Philip S. Gutierrez |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................i

TABLE OF AUTHORITIES ..........................................................................ii

Introductory Statement ................................................................................1

Argument ......................................................................................................1

I.    Legal Standard.................................................................................1

II.   The Order Granting Summary Judgment in Favor of Cigna Should Be Set Aside, Altered, or Amended Under Rule 59 to Correct Manifest Errors of Law and Fact upon Which the Final Order Rests. ....................................3

    1.   Exhibit "A" to the Declaration of Tanisha Porreca Raised Triable Issues of Material Fact. ......................................................................................3

    2.   Courts recognize that authorizations with benefits quotes are promises to pay. ...................................................................................................12

    3.   Manifest Injustice .............................................................................15

III.  This Order Granting Summary Judgment to Cigna Should Be Set Aside Under Rule 60(b)........................................................................................20

IV.  Additional Considerations.................................................................21

    1.   The Order misapprehends or overlooks that the disclaimer in the EOB does not relieve Cigna of its obligation to pay.................................................22

    2.   The Order Misapprehended the Burden of Plaintiff to Bring a Motion to Compel Untimely Disclosed Evidence, After the Discovery Cutoff, in Violation of Court Rules .....................................................................................24

CONCLUSION...............................................................................................25

- i -

Plaintiff's Point and Authorities in Support of Motion Pursuant to Fed. R. Civ. P. 59 & 60
BRISTOL v. CIGNA Case No. 8:19-cv-00709-PSG-ADS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## Cases

*Allstate Ins. Co. v. Herron*,

  634 F.3d 1101 (9th Cir. 2011)........................................................................2

*Beyene v. Coleman Sec. Servs., Inc.*,

  854 F.2d 1179 (9th Cir. 1988)......................................................................19

*California Spine & Neurosurgery Inst. v. United Healthcare Servs., Inc.*,

  No. 18-CV-2867 PSG (AFM), 2018 WL 6074567 (C.D. Cal. June 28, 2018) .........16

*Casey v. Albertson's Inc*,

  362 F.3d 1254 (9th Cir. 2004)........................................................................1

*Cedars Sinai Med. Ctr. v. Mid-W. Nat. Life Ins. Co.*,

  118 F. Supp. 2d 1002 (C.D. Cal. 2000) ...........................................12, 13

*De Saracho v. Custom Food Mach., Inc.*,

  206 F.3d 874 (9th Cir. 2000)........................................................................2

*Edwards v. Princess Cruise Lines, Ltd.*,

  471 F. Supp. 2d 1027 (N.D. Cal. 2007), *rev'd on other grounds,* 371 F. App'x 768

  (9th Cir. 2010) ........................................................................2

*Franco v. Connecticut Gen. Life Ins. Co.*,

  647 F. App'x 76 (3d Cir. 2016)......................................................................17

*Godinez v. Alta-Dena Certified Dairy LLC*,

  2016 WL 6915509 (C.D. Cal. Jan. 29, 2016) ...........................................9

*Griffin v. Kennedy*,

  344 F.2d 198 (D.C. Cir. 1965) ......................................................................20

*Hoag Memorial Hospital v. Managed Care Administrators*,

  820 F.Supp. 1232 (C.D. Cal. 1993)................................................................12

*Konik v. Time Warner Cable*,

  No. CV 07-763 SVW (RZx), 2010 U.S. Dist. LEXIS 150908 (C.D. Cal. July 19,

  2010)........................................................................8

- ii -

Plaintiff's Point and Authorities in Support of Motion Pursuant to Fed. R. Civ. P. 59 & 60
BRISTOL v. CIGNA Case No. 8:19-cv-00709-PSG-ADS

*Leidos, Inc. v. Hellenic Republic*,

881 F.3d 213 (D.C. Cir. 2018) ...................................................................... 3, 15

*Lyon & Lyon, LLP v. Gill (In re Lyon & Lyon, LLP)*,

No. CC-04-1239-MaBK, 2005 Bankr. LEXIS 3407 (B.A.P. 9th Cir. June 30, 2005)

(unpublished) ......................................................................................................... 8

*Regents of the University of California. v. Principal Financial Group*,

412 F. Supp. 2nd 1037 (N.D. Cal. 2006) ......................................................... 12, 13

*Regents of Univ. of California v. Principal Fin. Grp.*,

412 F. Supp. 2d 1037 (N.D. Cal. 2006) ............................................................... 23

*S.F. Baykeeper v. W. Bay Sanitary Dist.*,

791 F. Supp. 2d 719 (N.D. Cal. 2011) .................................................................. 8

*Scottsdale Ins. Co. v. Computer Scis. Corp.*,

804 F. App'x 722 (9th Cir. 2020) ........................................................................ 16

*Sepulveda v. Wal-Mart Stores, Inc.*,

237 F.R.D. 229 (C.D. Cal. 2006), *aff'd in part, rev'd in part*, 275 F. App'x 672 (9th

Cir. 2008), *opinion vacated on reh'g*, 464 F. App'x 636 (9th Cir. 2011), *and aff'd*,

464 F. App'x 636 (9th Cir. 2011) ........................................................................ 24

*The Meadows v. Employers Health Insurance*,

826 F.Supp. 1225 (D. Ariz. 1993) ....................................................................... 12

*United States v. Chu Kong Yin*,

935 F.2d 990 (9th Cir. 1991) ................................................................................ 8

*United States v. Pazsint*, 703 F.2d 420 (9th Cir. 1983) ............................................ 8

**Rules**

Fed. R. Civ. P. 23(f) ................................................................................................. 24

Fed. R. Civ. P. 26 ............................................................................................... 23, 24

Fed. R. Civ. P. 37 ..................................................................................................... 25

Fed. R. Civ. P. 37(c) ................................................................................................ 23

Fed. R. Civ. P. 59 ....................................................................................................... 5

Fed. R. Civ. P. 59(b) ................................................................................ 2

Fed. R. Civ. P. 59(e) ............................................................................ 1, 2

Fed. R. Civ. P. 60 ........................................................................... 2, 5, 20

Fed. R. Evid. 901 .................................................................................. 19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Introductory Statement**

Plaintiff brings this motion, under Fed. R. Civ. P. 59 and 60, to amend, modify, and vacate this Court's fully dispositive summary judgment order (the "Order") (Dkt. 77). There are five critical points, as set forth in more detail below, that the Plaintiff believes the Order overlooks or misapprehends. Each critical point merits an alteration or amendment to the Order.

Specifically, the Order overlooks or misapprehends the significance of Exhibit "A," which the Court noted it could not locate, which significance is further explained in the attached Declaration of Tanisha Porreca.[1] The Order also overlooks or misapprehends the admissibility and applicability of Cigna's evidence supporting its motion for summary judgment and the application of the case law the Order cites in support of its decision.

Plaintiff and Counsel respect the Orders of the Court and it is based on studied and professional judgment that his Motion is being filed in good faith to alert the Court to matters that may have been overlooked or misapprehended that warrant reconsideration/vacating the Order Granting Summary Judgment.

**Argument**

### I. Legal Standard

This motion is appropriate and timely directed to the fully dispositive summary judgment order [Dkt. 77], as the Order resolves all the issues in this matter as if it were a final judgment and closes the case. *See Casey v. Albertson's Inc*, 362 F.3d 1254, 1256 (9th Cir. 2004).

---

[1] Plaintiff was not aware that Exhibit "A" to the Declaration of Tanisha Porreca (Dkt. 75-2) had failed to be uploaded until September 14, 2020 when Cigna filed its Reply (Dkt. 76). In combining the declaration and exhibits as into a single *.pdf file, Exhibit "A" did not incorporate, but also did not produce any error messages. This was due to a computer error as, after learning that Exhibit "A" had not been appended, the same paralegal took the exact same files and the same result occurred, Exhibit "A" failed to be incorporated but the software did not produce an error message.

- 1 -

Plaintiff's Point and Authorities in Support of Motion Pursuant to Fed. R. Civ. P. 59 & 60
BRISTOL v. CIGNA Case No. 8:19-cv-00709-PSG-ADS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). The court, moreover, is not limited to those four situations. *Id.* A motion under Rule 59(e) is appropriate when the matter is disposed of by summary judgment rather than by trial. *See Edwards v. Princess Cruise Lines, Ltd.*, 471 F. Supp. 2d 1027, 1029 (N.D. Cal. 2007)*, rev'd on other grounds,* 371 F. App'x 768 (9th Cir. 2010). Plaintiff moves under subsections (1) through (3) and under the *Edwards* decision.

Plaintiff also moves under Fed. R. Civ. P. 60 to vacate the final order.  Rule 60(b) provides in relevant part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

Plaintiff moves under subsections (1) through (3). More particularly, under Rule 60(b)(3) it is appropriate to set aside or vacate a judgment that is "obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000).

## II.   The Order Granting Summary Judgment in Favor of Cigna Should Be Set Aside, Altered, or Amended Under Rule 59 to Correct Manifest Errors of Law and Fact upon Which the Final Order Rests.

The Order granting summary judgment (Dkt. 77) to Cigna should be set aside under Rule 59. Specifically, the final Order should be set aside as the Order expressly did not consider and factor in the missing Exhibit "A" to the Declaration of Tanisha Porreca (Dkt. 75-2), which presents triable issues of material fact. Further, the Order is based on manifest errors and the order must be reversed to prevent a manifest injustice to the Plaintiff.

This motion is appropriate as, in this matter, the need for justice outweighs the interests advanced by treating final judgments as final and not reopen to correction or reconsideration. *See Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018). It is also timely filed within 28 days under Rule 59.

### 1.   *Exhibit "A" to the Declaration of Tanisha Porreca Raised Triable Issues of Material Fact.*

The failure to attach Exhibit "A," the result of a software error, to the Declaration of Tanisha Porreca (Dkt. 75-2) merits reversal of this Order granting summary judgment for Cigna (Dkt. 77), as the Exhibit raises genuine issues of material fact and its omission was due to a technical error in the filing of the document. The Court's consideration of this document presents no prejudice to Cigna because the documents had already been produced to Cigna, as shown by their Bates Numbers CIGNA00000022, 88-9, 139, 178, 216-17, 286-9, and 292.

This is the same production to which Mr. Donovan (Dkt. 76-1) cited and used in his exhibits. In fact, CIGNA00000088-9 appears in his own Exhibit "A" (Dkt. 76-2) and CIGNA000000139 appears in his own Exhibit "B" (Dkt. 76-2). Sure Haven produced these documents to Cigna pre-litigation, in 2015, as part of settlement negotiations (Porreca Dec., Dkt. 75-2, ¶¶7-8). Cigna then reproduced these documents to Plaintiff in November 2019.

Exhibit "A" to the Declaration is critical because it provides a contemporaneous record of the verification calls Cigna made to Sure Haven. Specifically, this contemporaneous record shows the following:

| | |
|---|---|
| CIGNA00000022 | Cigna is the primary carrier. Sure Haven called the number (800) 926-2273, and the Patient's benefits included treatment for substance abuse. |
| CIGNA00000088-89 | Cigna is the primary carrier. Sure Haven called (800) 244-6224, and the Patient's benefits included treatment for substance abuse. That substance abuse treatment was paid at 70% of UCR after the $1,200 deductible was satisfied. |
| CIGNA000000139 | The Patient's benefits included treatment for substance abuse. That substance abuse treatment was paid at 50% of UCR after the $500 deductible was satisfied. |
| CIGNA000000178 | Cigna is the primary carrier. Sure Haven called numbers (800) 244-6224 / (800) 926-2273, and the Patient's benefits included treatment for substance abuse. That substance abuse treatment was paid at 60% of UCR after the $1,000 deductible was satisfied. |
| CIGNA000000216-217 | Cigna was the insurance carrier. Sure Haven called numbers (800) 244-6224 / (800) 926-2273 and the Patient's benefits included treatment for substance abuse. That substance abuse treatment was paid at 70% of UCR after the $1,000 deductible was satisfied. Cigna's agent, Chelsea, gave this information to Sure Haven's representative, Andy. It also includes the specific notes:<br><br>ALL LOC 70%<br><br>DTX/RTC $100 ADMIT FEE |

- 4 -

| | DED 1000 MET 0 |
|---|---|
| | OOP 3000 MET 0 |
| CIGNA000000286-289 | Cigna was the insurance carrier. Sure Haven called the numbers (800) 244-6224 / (800) 926-2273, and the Patient's benefits included treatment for substance abuse. That substance abuse treatment was paid at 70% of UCR after the $1,000 deductible was satisfied. This information was given by Cigna's agent, David L., to Sure Haven's representative. It also includes the specific notes:<br><br>SUB-ACUTE DETOX AND RTC LOC<br>REQUIRES A $100.00 ADMIT FEE<br>ALL LEVELS OF CARE INCLUDING<br>LABS ARE COVER THE SAME, %70<br>IND DED $1,000.00/$55.00 MET IND<br>COP MAX $3,000.00/$55.00 MET. |
| CIGNA000000292 | The Patient's benefits included treatment for substance abuse. That substance abuse treatment was paid at 70% of UCR after the $1,000 deductible was satisfied. |

The Order repeatedly discusses verification and authorization calls, even quoting the IVR script that Plaintiff had not even seen until the day of the July 15, 2020 summary judgment motion (discussed *infra*). (Dkt. 77, Pg. 2,3). The information contained in Exhibit "A," combined with the additional record evidence, clearly shows that terms were communicated and that whether a contract was formed is a disputed question of material fact on evidence that does not support solely Cigna, but supports Plaintiff,, thus defeating summary judgment in favor of Cigna.

The Order also relies on the disclaimer that was printed on the Explanation of Benefits (EOB) reports that were produced to Cigna. The Court overlooks or

- 5 -

Plaintiff's Point and Authorities in Support of Motion Pursuant to Fed. R. Civ. P. 59 & 60
BRISTOL v. CIGNA Case No. 8:19-cv-00709-PSG-ADS

misapprehends, however, that all EOB reports were sent to Sure Haven only *after* Sure Haven had provided the service. *See* Declaration of Tanisha Porreca in Support of Plaintiff's Motion Pursuant to Fed. R. Civ. P. 59 & 60 ¶37 (Attached as Exhibit "1"). This matters because the Court is considering language as to individual claims that was only provided *ex post facto* and thus has no relevance to the formation of the contract created by the authorization and verification calls and other communications. When properly considered, the authorization and verification calls create a material issue of fact as to the formation of a contract that defeats summary judgment.

As set forth more fully below, Plaintiffs have clearly presented record evidence that shows more than a merely colorable substance to the Plaintiff's allegations. This evidence and its reasonable inferences amply precluded this Order granting summary judgment under Rule 56. *See Dombrowski v. Eastland*, 387 U.S. 82, 84 (1967) .

As to the disclaimers on which the Court relied in its ruling (Dkt. 77), the Order overlooks that nowhere does Cigna explain, let alone support with evidence, how a disclaimer on a document received *post hoc* could retroactively prevent the formation of an oral or implied contract. The disclaimer referenced by Mr. Donovan in Exhibit "B" to his declaration (Dkt. 76-3), dated May 12, 2015, nearly three months *after* the date the services were provided, February 22, 2015, states:

> Reminder: A coverage determination, prior authorization, or certification that is made prior to a service being performed is not a promise to pay for the service at any particular rate or amount. The patient's summary plan description governs amount payable, as every claim submitted is subject to all plan provisions, including, but not limited to, eligibility requirements, exclusions, limitations, and applicable state mandates.

The same document continues, under 'NOTES ON BENEFIT DETERMINATION:' FINAL PAYMENT DETERMINATION WILL FOLLOW THE REVIEW OF AVAILABLE FUNDS IN A CIGNA CHOICE FUND HEALTH

- 6 -

REIMBURSEMENT ACCOUNT OR FLEXIBLE SPENDING ACCOUNT. VIEW ELIGIBILITY, BENEFITS, AND CLAIM DETAILS AND GET PRECERTIFICATION ANSWERS FAST AT THE CIGNA FOR HEALTH CARE PROFESSIONALS WEBSITE (WWW. CIGNAFORHCP.COM)

AO) SEE THE EXCLUSIONS PAGE OF YOUR CIGNA-ADMINISTERED PLAN DOCUMENT: CHARGES WHICH YOU ARE NOT OBLIGATED TO PAY OR FOR WHICH YOU ARE NOT BILLED OR FOR WHICH YOU WOULD NOT HAVE BEEN BIL LED EXCEPT THAT THEV WERE COVERED UNDER THE PLAN ARE NOT COVERED. **CIGNA WILL RECONSIDER THIS CLAIM ONCE WE SEE PROOF OF YOUR PAYMENT**(emphasis added)

Thus, the *actual reason* given for non-payment of the claim is that Cigna did not have proof that the patient had paid anything to Sure Haven. Not that there was no contract to pay.

As such, despite the boilerplate relied upon in the Order, it does not affect the agreement between Sure Haven and Cigna or change the representation and promises that Cigna made to Sure Haven. Further, despite having provided Cigna proof of payment for all of these claims, Cigna did not reconsider the claims and none of them have been paid.

In addition to its being inappropriate to consider a statement on a benefits statement as preventing the formation of a contract three months prior, reading the entire document as a whole, the document does not have the meaning assigned to it in the Order. When properly considered, the authorization and verification calls create a material issue of fact as to the formation of a contract that defeats summary judgment. Plaintiff has clearly presented record evidence that shows more than a merely colorable substance to the allegations. This evidence and its reasonable inferences amply

precluded this Order granting summary judgment under Rule 56. *See Dombrowski v. Eastland*, 387 U.S. 82, 84 (1967).

The Order also overlooks or misapprehends that, in the case of the IVR scripts, Cigna did not produce a single transcript or recording of ***any*** of the actual verification or authorization calls. The Order also overlooks that, not only did Cigna not produce a single transcript or recording of the calls in which the claimed disclaimer was supposedly played, but Cigna did not propound any discovery requests or take a single deposition wherein Cigna asked any of Sure Haven's representatives whether this disclaimer was even heard or what transpired on the verification and authorization calls. "It is axiomatic that testimony concerning business records must refer to records being proffered into evidence." *Lyon & Lyon, LLP v. Gill (In re Lyon & Lyon, LLP)*, No. CC-04-1239-MaBK, 2005 Bankr. LEXIS 3407, at *17-19 (B.A.P. 9th Cir. June 30, 2005) (unpublished); *Konik v. Time Warner Cable*, No. CV 07-763 SVW (RZx), 2010 U.S. Dist. LEXIS 150908, at *53 n.14 (C.D. Cal. July 19, 2010). Thus, Cigna's "evidence" of disclaimers is mere hearsay within hearsay, violating Rule 802, and violates the best evidence rule, Federal Rule of Evidence 1002, and inadmissible evidence on which to base summary judgment. *Konik*, at *53 n.14; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011) (citing *United States v. Chu Kong Yin*, 935 F.2d 990, 999 (9th Cir. 1991); *United States v. Pazsint*, 703 F.2d 420, 424 (9th Cir. 1983)).

Further, the Order overlooks that all the documents that Cigna produced were documents that Sure Haven originally produced to Cigna. (Dkt. 75-2, ¶7-8). And Cigna's entire production included records for a mere 57 of Sure Haven's more than 100 patients. Plaintiff's Complaint, however, identified and sued on unpaid claims for 106 patients. Thus, for 49 patients, that is, 46 percent of the total number of patients, Cigna provided absolutely no discovery responses whatsoever even though Plaintiff provided over 65,000 pages of records to Cigna.

Despite this entire discovery that Plaintiff provided to Cigna, there is no

- 8 -

indication that Cigna reviewed its own claim files or records with regard to the claims at issue in this litigation. Yet, despite the fact that Cigna could have reviewed its own records for the claims sued upon, Cigna, instead, asked the Court to rely on 'publicly available information' based on unspecified methods from unspecified sources (Dkt. 73-3, ¶14-15) to then claim that Sure Haven did not speak to Cigna's agents or employees for at least ten of Sure Haven's patients. Again, hearsay within hearsay. Yet, the Order appears to have overlooked this, and relied on this inadmissible evidence. (Dkt. 77, Pg. 7).

The Order's citation to the unpublished opinion *Godinez v. Alta-Dena Certified Dairy LLC*, 2016 WL 6915509, at *3 (C.D. Cal. Jan. 29, 2016), does not support summary judgment in Cigna's favor. Although cited by the Court in numerous other decisions (36 to be exact), no other court or jurist has cited to this decision for the proposition for which this Court has cited this unpublished decision—that the Court can allege it relies solely on admissible evidence and therefore overrule objections raised to evidence with no specific ruling or holding on the specific objections, themselves, the admissibility of evidence, or even the specific evidence relied upon by the Court. With greatest respect, that is reversible legal error and Plaintiff does not believe it was the intent of this Order to rely on inadmissible hearsay and speculation to grant summary judgment.

The Order similarly misapprehends the evidence upon which it relied regarding the nonexistence of a contract between Sure Haven and Cigna. To be clear, Plaintiff *has* produced record evidence that Cigna consented to enter into a contract, contrary to the Court's holding. (Dkt. 77, Pg. 8). This includes the verification of benefits records in Exhibit "A" of Tanisha Porreca's declaration, each of which includes a specific percentage of UCR to be paid, and the numerous the authorization numbers provided to Sure Haven authorizing treatment paid at the previously provided percentage of UCR.

The Order merely accepts that Cigna's call representatives could not enter into

a contract with Sure Haven because "(1) call representatives were not authorized to make promises to pay." But, having failed to review or present any actual recordings, transcriptions, or other evidence from the actual calls, the evidence only states what representatives were authorized to do according to a corporate policy, not what actually occurred on the call. Plaintiff has produced evidence of what happened on the calls in the form of the verification of benefits notes already cited and the 60,000 pages of patient records provided to Cigna. Cigna has not rebutted that evidence.

Further, as set forth in Ms. Porreca's declaration, she has no recollection of hearing the disclaimers as alleged by Cigna. Notably, Cigna is in possession of the claimed recordings of each and every phone call, and has chosen not to review them and has never produced them to Plaintiff. That, in conjunction with Plaintiff's evidence of detailed verifications and authorizations, supports the reasonable inference that Cigna did not disclaim the consent to contract and that the evidence about which Cigna speculates, and does not produce, is nonexistent or, if it does exist, unfavorable to Cigna.

The record evidence cited in Plaintiff's Opposition to Defendant's Motion for Summary Judgment and further explained here squarely raises issues of material fact and inferences that defeat summary judgment. However, the attached Declaration of Cynthia Marie Wofford (Exhibit "2") is provided to underscore that these issues of material fact and inferences surrounding Cigna's alleged disclaimers are significant; they show, with greatest respect, that a material error is made in the Order that warrants reconsideration and correction. Ms. Wofford was Solid Landings' Director of Admissions , and she was a Director who regularly made verification of benefits and authorization calls for patients, including the patients at issue in this litigation with Cigna. She personally made several of the calls on behalf of the patients whose claims are at issue in this litigation. Ms. Wofford is also clearly identified in the Plaintiff's discovery documents that were already produced to Cigna, so Cigna knows of her. Ms. Wofford has sworn under oath that she never  heard the disclaimer that Cigna claims

was played on these calls. This, plus the fact that Cigna has produced no evidence that disclaimers were actually played, directly defeats summary judgment in Cigna's favor.

Under Candor to the Tribunal, Plaintiff acknowledges that Ms. Wofford's declaration is submitted in connection with this Motion and was not previously submitted in response to Cigna's motion for summary judgment because Plaintiff relied on and respected the Court's prior Orders, including the ruling that discovery was closed and that inadmissible evidence submitted well after the close of discovery would not be permitted or considered by either side. As the Order does expressly consider Cigna's inadmissible and untimely evidence  that Cigna did not present until the day of filing its motion for summary judgment, the Plaintiff respectfully requests that this Court give the same consideration to the declaration of Ms. Wofford as it gave to Cigna's untimely declarations. To do otherwise works a manifest injustice. Ms. Wofford is an individual identified in Plaintiff's discovery documents timely provided to Cigna and a person with first-hand personal knowledge of the actual calls that were made to Cigna wherein no disclaimers were played, contrary to Cigna's unproven claims that they were. The evidence is highly material to the Order.

The Order also misapprehends that it is the combination of actual verification and authorization calls that form the basis of the contract and the promises that Sure Haven relied upon. By quoting Cigna's motion that "Cigna has no knowledge [sic] what services will ultimately be provided, the codes that will be used to bill for those services, the rates that will be charged for those services, or whether the services will be provided and billed in a manner consistent with Cigna's medical billing guidelines" (Dkt. 77, Pg. 8), the Order overlooks that such information was actually provided to Cigna in the authorization calls that followed the verification calls and for which Cigna provided authorization numbers.

The Order also overlooks the California Insurance Code § 796.04, which states that an insurer "that authorizes a specific type of treatment for services covered under a policyholder's contract or plan by a provider *shall not* rescind or modify this

authorization after the provider renders the health care service in good faith and pursuant to the authorization for any reason." (Emphasis added). Shall is not may. What Cigna has urged the Court to do is re-legislate a statute and eviscerate the legal import of an authorization, in contravention of the California statute and legislative mandate. The Order has done so. For every claim at issue, the Plaintiff has provided the authorizations for treatment provided by Cigna.

2. *Courts recognize that authorizations with benefits quotes are promises to pay.*

The Order overlooks or misapprehends that an authorization and benefits quoted and communicated to a health care provider constitutes a promise to pay. *See Regents of the University of California. v. Principal Financial Group*, 412 F. Supp. 2nd 1037 (N.D. Cal. 2006). Further, in *Hoag Memorial Hospital v. Managed Care Administrators*, 820 F.Supp. 1232 (C.D. Cal. 1993), the court held "[i]nsurance companies and the plan administrators must recognize the implications of their unqualified verifications of coverage [w]hen they assure third-party health care providers that the plan will pay for the cost of the care and treatment provided, they are creating independent obligations to the plan." *Id.* at 1238–39. *See also The Meadows v. Employers Health Insurance*, 826 F.Supp. 1225 (D. Ariz. 1993).

The Order overlooks decisions recognizing that, when an insurance company verifies coverage *and* authorizes treatment to a health care provider, "it should realize that either it is consenting to the payment of plan benefits or it should 'accept [the] consequences for a false representation of coverage that the provider reasonably relied upon.'" *Hoag*, 820 F.Supp. at 1236.

The Order overlooks or misapprehends decisions recognizing that a disclaimer, such as that alleged by Cigna, "does not demonstrate a general intent not to be bound; nor does it reserve a blanket right to terminate." *Regents*, 412 F. Supp. 2d at 1042. As the Court recognized in *Cedars Sinai Med. Ctr. v. Mid-W. Nat. Life Ins. Co.*, 118 F. Supp. 2d 1002 (C.D. Cal. 2000), genuine issues of fact arise around issues of

verification and authorization such that "this issue is also best decided by a jury." *Id.* at 1012. In California, a party's intent to contract is judged objectively, by the party's outward manifestation of consent. *Id.* at 1008 (C.D. Cal. 2000).

The Order overlooks or misapprehends that the evidence shows that Cigna orally made representations to authorize the medically necessary services for the dates of service at issue *and* manifested a clear intent to be bound by such oral representations by authorizing such services.

The Order overlooks or misapprehends that Cigna never asked for any of the 106 patients to be discharged or otherwise transferred from Sure Haven. Instead, Cigna allowed and continued to authorize all 106 patients to remain at Sure Haven, and in so doing, clearly manifested a request that Sure Haven treat the patients up until the time that such treatment was no longer medically necessary, and the patients no longer required Sure Haven's services. At a minimum, this admissible evidence created disputed issues of material facts and differing inferences that warranted denial of summary judgment.

The Order also overlooks or misapprehends the import of the disclaimers that Cigna allegedly provided at various times. Under California law, no matter how many times a disclaimer is provided, a disclaimer does not allow Cigna to reserve a blanket right to terminate after authorization is provided. *Regents*, 412 F. Supp. 2d at 1042.

True, Cigna and other insurance companies give disclaimers as a matter of course as standard practice in the industry. But the problem for Cigna is that they have become so formulaic that they have ceased to have any real meaning. This is not mere Plaintiff argument or opinion. California's courts in this Circuit have recognized that, even if such a disclaimer is given and even if providers believe them, even then, still a "jury could find that a health care provider's reliance on the type and amount of information the insurance company provide to the provider was justified." *Cedars Sinai*, 118 F. Supp. 2d at 1012.

Additionally and specific to Cigna's claimed disclaimers, Cigna plays its

- 13 -

Plaintiff's Point and Authorities in Support of Motion Pursuant to Fed. R. Civ. P. 59 & 60
BRISTOL v. CIGNA Case No. 8:19-cv-00709-PSG-ADS

disclaimers (even assuming they were always played in the instant case, of which there is no proof, only claims) as standard "boilerplate language." Meaning, Cigna's disclaimer transcript shows they were mere statements without a specific intent not to cover services.

Rather than support CIGNA's argument, the language of the disclaimers supports the contract and estoppel claims. For example, Cigna claims the alleged verification of benefits recording states:

"By continuing with this call, you understand, accept and agree that the following covered services information does not guarantee coverage or payment and is subject to all benefit plan provisions. Please refer to the Summary Plan Description for coverage. **Payment for services will be based on medical necessity, plan provisions, including limitations and exclusions, and eligibility at the time of service**." (Emphasis added).

The disclaimer actually invites the parties to "agree" by continuing with the call. And, what are the parties agreeing to? That: "Payment for services will be based on medical necessity, plan provisions, including limitations and exclusions, and eligibility at the time of service." In other words, there is an offer to pay for services subject to certain conditions. First, that the insurance for the patient is in place at the time of the services. Second, that the services were medically necessary. Third, that plan provisions are followed.

There is no record evidence suggesting that any of these conditions were not satisfied. The Plaintiff believes it is fair to say there is no dispute that there was insurance coverage in place and that the authorized services were performed. All treatment was medically necessary and all claims were properly submitted to Cigna. Cigna did not even raise this as an issue in its motion for summary judgment.

Plaintiff satisfied its obligations, but still has not been paid.

The same analysis applies to the purported authorization disclaimer recording that Cigna claims states:

- 14 -

"Please be aware, pre-approval is not a guarantee of coverage. **Coverage and covered services are contingent upon the patient's eligibility on the date(s) services are rendered and the patient's covered services plans and policies.** Coverage and covered services also may be dependent on your CIGNA HealthCare network participation. If you are not a participating provider in the plan's network, out-of-network covered services may apply." (Emphasis added).

Again, the main contingency, contractual condition, is eligibility at the time services are provided. There is also a repetition of the "…covered services plans and policies" language.

The plain language of the disclaimers, and most objectively reasonable interpretation of them, leads to the conclusion that the parties entered into an agreement whereby Cigna would pay for medically necessary services to plan members which active insurance.

Thus, based on the foregoing, these critical facts and decision points of law show there are genuine triable issues of material fact the Order granting summary judgment overlooks or misapprehends that should preclude the granting of summary judgment.

### 3.  Manifest Injustice

As a sister circuit explained, "[i]n determining whether a decision could result in manifest injustice, we examine whether it would "upset settled expectations—expectations on which a party may reasonably place reliance." *Leidos*, 881 F.3d at 217. Here, there were numerous expectations upon which Plaintiff reasonably placed reliance.

First, the Plaintiff relied upon this Court's prior Orders. Plaintiff relied on the Court's prior order adjudging the understanding and meaning of "UCR." In the prior order on Cigna's motion to dismiss Plaintiff's first amended complaint, the Court held, with respect to Plaintiff's oral and implied contract claims that:

Bristol further alleges **a specific billing rate pegged to a percentage of the usual, customary and reasonable rate**, and alleges a different rate

- 15 -

Plaintiff's Point and Authorities in Support of Motion Pursuant to Fed. R. Civ. P. 59 & 60
BRISTOL v. CIGNA Case No. 8:19-cv-00709-PSG-ADS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

depending on whether or not the patient had met his or her out-of-pocket maximum. In each of the follow-up calls, Sure Haven was ensured the payment would be made at the previously agreed upon rate. (Dkt. 49, Pg. 5) (Emphasis added).

Second, nowhere in its answer and affirmative defenses (Dkt. 62) or motion for summary judgment (Dkt. 73) did Cigna ever allege that it lacked understanding of the meaning of UCR. While Cigna alleged that no enforceable promise had been made, it never alleged or even claimed it didn't understand the meaning of UCR. Everyone in the industry understands UCR.

Therefore, the Order's conclusion on Cigna's motion for summary judgment that "[n]othing in either of these records or the Porreca Declaration itself indicates that either party mentioned "UCR" or understood what "UCR" meant as to Sure Haven (Dkt. 77, Pg. 9) is at odds with the prior Order adjudging that there was a sufficiently specific billing rate tied to UCR. (Dkt. 49, Pg. 5). Further, Cigna never moved for reconsideration or clarification of that prior Order because, first, it was quite clear (it is an industry standard) and, second, is correct.

As the Ninth Circuit has previously reminded the Court, "trade usage" of terms is relevant under California law and to disregard it constitutes reversible error. *Scottsdale Ins. Co. v. Computer Scis. Corp.*, 804 F. App'x 722, 723 (9th Cir. 2020). Here, neither party even disputed trade usage and common understanding of "UCR" because it is so firmly embedded in the industry. Further, the documents provided in Exhibit A to the Declaration of Tanisha Porreca all show the percentage of UCR that Cigna **agreed** to pay to Sure Haven.

The Order overlooks or misapprehends that "UCR" is not a novel term that even required definition here. The term "UCR" not only was clearly understood between the parties, and by the Court in its prior orders, but the term also regularly appears in litigation in this Court, in this district, and throughout the country. *See, e.g.*, *California Spine & Neurosurgery Inst. v. United Healthcare Servs., Inc.*, No. 18-CV-2867 PSG (AFM), 2018 WL 6074567, at *4 (C.D. Cal. June 28, 2018) ("The facts alleged include

- 16 -

specific names and dates of the calls between Plaintiff and Defendant regarding payment for Patient's services, what the services would be, what was said, and by whom—including that Defendant agreed to pay a specific price: 75% of the UCR rate until Patient's MOOP expense was met, and 100% of the UCR rate afterwards."); *Franco v. Connecticut Gen. Life Ins. Co.*, 647 F. App'x 76, 79 (3d Cir. 2016) ("Non-network, or more commonly referred to as "out-of-network" ("ONET") providers, generally are entitled to receive from CIGNA no more than the "usual, customary and reasonable" ("UCR") charge for the services they render to participants in CIGNA-administered healthcare plans.").

Second, the parties are bound by, and the Plaintiff reasonably relied on, this Court's prior holdings that discovery was closed and that it would not permit motion practice that would require discovery to be reopened and cause a party to shift strategy at this stage of litigation. More particularly, in the June 30, 2020 order denying Plaintiff's motion for leave to amend (Dkt. 70), the Order unequivocally stated, "[h]ere, the discovery cutoff has already passed and Defendants are currently preparing their summary judgment motion." See Dkt. # 34; Opp. 8–9. "If the Court allowed Plaintiff to add a new cause of action at this stage of the case, Defendants would likely need to conduct discovery and shift strategy over a short period." (*Id.* Pg. 3). Further, the order reiterated that the "[t]his Court has a strong interest in keeping scheduled dates certain." (*Id.* Pg. 4). Those rulings applied to all parties.

Notably, on June 15, 2020, when Cigna opposed Plaintiff's motion for leave to amend the complaint (Dkt. 63), claiming that it was a "ruse to amend to avoid Cigna's motion for summary judgment" (Dkt. 66, Pg. 14), Cigna focused solely on the statute-of-limitations issue. Cigna's counsel never raised the issue of the disclaimer, the issue it later relied in its motion for summary judgment. Cigna's counsel did not raise the issue of the disclaimer until the required meet and confer with Plaintiff's counsel on July 9, 2020, and did not provide the 'script' until the same day its motion for summary judgment was filed, July 15, 2020, both well after the close of discovery. Even then,

Cigna did not properly serve all of Plaintiff's counsel. As such, the Order should not have considered the disclaimer evidence at all. (See attached Declaration of John Tower, Esq., Exhibit "3")

Plaintiff also relied on the expectation that the Court would not permit it to be completely sandbagged by Cigna with previously undisclosed, not properly admissible evidence.

Cigna argued extensively and the Court accepted the representation that Plaintiff made no attempt to engage in additional discovery after the motion for summary judgment was filed. *See* Cigna Points and Authorities (Dkt. 76, Pg. 11, Ln 2-7), Donovan Declaration (Dkt. 76-1, ¶6), Order Granting Motion for Summary Judgment (Dkt. 77, Pg. 7).

The Order overlooks that Plaintiff did not pursue additional discovery after Cigna untimely submitted new evidence after the discovery cutoff because the Court had made clear that discovery was closed. Cigna was rewarded for violating the discovery cutoff while Plaintiff was penalized for respecting the Court's orders and discovery cutoff. Further, Cigna's motion failed to disprove Plaintiff's case or rule out and conclusively prove in its moving papers that there were no disputed material facts or reasonable inferences in Plaintiff's favor. Thus, Plaintiff reasonably believed additional discovery, after the discovery cutoff, into this newly presented evidence that Cigna submitted squarely after the discovery cutoff, was unnecessary and violative of the Court's orders.

Importantly, Cigna itself accepted and relied on the fact that discovery was closed as of June 15, 2020. When Cigna responded to Plaintiff's interrogatories on July 23, 2020, it stated: "CIGNA further objects that this interrogatory is untimely because discovery closed on June 15, 2020." All parties understood that discovery had closed on June 15, 2020, as the Court set forth.

Further, the EOB documents Cigna attached to Mr. Donovan's declaration filed in support of its motion for summary judgment are selected and presented in such a

way as to mislead. The documents for Patient J.G. attached to Mr. Donovan's declaration, bearing Bates numbers CIGNA0000027-29, 33-35, and 88-89, were not attached to the declaration of Tanisha Porreca or any other declaration submitted in connection to Cigna's motion for summary judgment by any declarant with personal knowledge or position to authenticate those documents. As such, these documents were never authenticated and are inadmissible evidence on which to base an order granting a motion for summary judgment.

To be clear, the Order overlooks that Cigna's counsel, William P. Donovan, is not a witness for Cigna. Mr. Donovan has no  position or personal knowledge to authenticate the records of either Cigna or the Plaintiff. *See Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1183 (9th Cir. 1988) ("These documents, like those in *Dibble*, are copies of memoranda addressed to third parties by other third parties. Neither Vogel's affidavit nor Baptiste's testimony is sufficient to authenticate the documents. Exhibit 7 is also inadmissible on hearsay grounds. The documents comprising Exhibit 7 are out-of-court statements offered for their truth. Local 911 did not attempt to lay a foundation for any exception to the hearsay rule."); *see generally,* Fed. R. Evid. 901. The summary judgment Order is based on inadmissible evidence.

Not only were these documents unauthenticated, they were also incomplete. Sure Haven originally created these documents and sent them to Cigna for the purpose of providing Cigna with proof that Sure Haven's patients were meeting their financial obligations. The Order overlooks that, on Bates CIGNA00000029, 32, 35, 38, 41, 44, 47, 50, 53, 56, 59, 62, 65, 68, 71, 74, 77, 80, and 83 the documents state, "CIGNA WILL RECONSIDER THIS CLAIM ONCE WE SEE PROOF OF YOUR PAYMENT." As shown on Bates CIGNA00000087, J.G. executed a promissory note for his required payment. This was submitted to Cigna as proof of his payment. Cigna has still never paid any money on this claim.

The Order also overlooks that use of the EOB documents in Cigna's reply and Mr. Donovan's declaration (Dkt. 76, 76-1) was impermissible in a reply brief. Cigna's

motion for summary judgment made no reference to the provider EOBs attached to Mr. Donovan's reply declaration as Exhibits A and B. They were not submitted as evidence in support of Cigna's motion and no argument about the relevance of those EOBs to this motion was made, for the first time, until Cigna filed its reply.

Plaintiff was in the process of drafting a motion for leave to file sur-reply and proposed sur-reply to address this misconduct at the time the Order granting summary judgment was entered.

### III.   This Order Granting Summary Judgment to Cigna Should Be Set Aside Under Rule 60(b)

A summary judgment may be set aside under Rule 60(b). *See Griffin v. Kennedy*, 344 F.2d 198, 201 (D.C. Cir. 1965). The considerations of Rule 60(b)(3) are "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party") and 60(b)(6) "any other reason that justifies relief." Cigna will not be unfairly prejudiced by the granting of Plaintiff's motion.

Cigna engaged in significant misconduct during the discovery period in this litigation and in the representations made to the Court by Cigna's counsel in connection with the motion for summary judgment. At page 10, lines 27 and 28 of its reply points and authorities [Dkt. 76], Cigna stated: "Cigna did produce the disclaimers before filing the Motion." The same statement is made in paragraph 4 of Mr. Donovan's declaration [Dkt. 76-1]. Cigna's motion for summary judgment was filed on July 15, 2020.

Cigna is incorrect. More accurately, the IVR disclaimers Cigna refers to were *not* produced until July 15, 2020, hours before the motion was filed later that same day. Not only was this Cigna production made the same day Cigna's motion was filed, but, worse, it was produced 30 days *after* the court-ordered discovery cut-off date that binds both parties. As discussed *supra*, Plaintiff relied on and honored the Court's rulings and procedures that discovery was closed and would not be reopened for only one side.

The Order also overlooks that Cigna did not submit the disclaimer documents

consisting of two cryptic pages; they were not submitted in support of the motion, as Cigna rather chose to have its declarant purport to quote from them in a declaration, rendering the declaration on a disclaimer document never submitted inadmissible evidence. Cigna also never produced documents in connection with any specific calls that were made to Cigna.

Based on the above, the Order overlooks that there are two sets of alleged disclaimers at issue, not one: the written two-page document produced after the discovery cut off and the day Cigna filed its motion, and the disclaimers referred to in the moving papers by way of declaration.

As discussed above, Cigna attempted to introduce another purported disclaimer through the cherry-picked pages from provider EOB's submitted as exhibits to Mr. Donovan's declaration. The language in the EOB's, however, is not admissible, applicable, or even a disclaimer. In fact, the EOB itself identifies it as a "reminder," not a disclaimer. It does not support Cigna's disclaimer arguments or inferences, which are to be construed in favor of the non-movant Plaintiff. Therefore, the Court's order granting summary judgment to Cigna should be set aside on these grounds as well.

## IV.   Additional Considerations

The Court expressly did not consider Exhibit "A," which due to a technical computer error was not before the Court at the time that it ruled regarding the Declaration of Tanisha Porreca (Dkt. 75-2), and the Court noted it was aware of, but did not have, this actual Exhibit. The Exhibit, however, raises genuine issues of facts that are material and poses no prejudice to Cigna to consider it because Cigna had already been provided that Exhibit and knows what exactly it states. It is not new evidence as far as Cigna is concerned at all, especially since it consists solely of documents produced by Cigna to the Plaintiff.

Further, Plaintiff was in the process of drafting its motion for leave to file sur-reply and sur-reply when the Court issued its ruling granting summary judgment to correct the misrepresentations and misconduct. In it, the Plaintiff intended to explain

the computer error as well as other matters and provide the Court with a true and correct copy of Exhibit "A."

      1. *The Order misapprehends or overlooks that the disclaimer in the EOB does not relieve Cigna of its obligation to pay.*

As discussed *supra*, the Order misapprehends the legal significance of Cigna's claimed, but not proven, disclaimer. But the Order also overlooks or misapprehends that the "disclaimer" language in the provider EOB's attached to Attorney Donovan's declaration is not the same "disclaimer" evidence Cigna has referred to in its motion for summary judgment. Meaning, Cigna's summary judgment motion described an alleged oral disclaimer provided via telephone only, not in written form. Additionally, the provider EOB's that Cigna later claims are disclaimers are something that would be sent ***after*** treatment has been provided to the insured, not at the time benefits are being verified or authorizations are being obtained.

Moreover, the provider EOBs were not only inadmissible for purposes of this motion, but they actually support Plaintiff's case. That is, the provider EOBs inform the provider they have a right to have the claim determination "reviewed" and further state:

> See the exclusions page of your Cigna-Administered plan document: Charges which you are not obligated to pay or for which you are not billed except that they were covered under the plan are not covered. ***Cigna will reconsider this once we see proof of your payment.*** **(Dkt. 76-3)** (Emphasis added).

As set forth above, the denial reason in the EOBs stated that the claims would be reconsidered once proof of the patients' financial obligations were provided. (Dkt. 76-3). That does not support a reasonable inference of disclaiming an agreement, but the opposite. The documents produced prior to litigation to Cigna and then reproduced by Cigna to Plaintiff during discovery are all patient packets that Sure Haven submitted to Cigna when Sure Haven requested claim reviews in response to Cigna's nonpayment of EOBs.

- 22 -

Plaintiff's Point and Authorities in Support of Motion Pursuant to Fed. R. Civ. P. 59 & 60
BRISTOL v. CIGNA Case No. 8:19-cv-00709-PSG-ADS

The Order overlooks that Sure Haven submitted the documentation showing payment, just as Cigna requested. Cigna has never, to date, responded or rejected that documentation. Therefore, nothing in the EOB "disclaimer" or Cigna's own conduct would cause Sure Haven to believe its claims were disclaimed and invalid and noncompliant with any applicable plan provisions. To the contrary, these documents supported the reasonable inference of that contrary conclusion. Sure Haven submitted documentation with the reasonable expectation it would satisfy Cigna's inquiries and result in claim payments. The Order overlooks that Cigna has submitted no evidence, none, that Sure Haven failed to comply with applicable plan provisions and that payment was, per the above express wording, forthcoming.

The Order overlooks or misapprehends that these are material facts and analogous to the facts in *Regents of Univ. of California v. Principal Fin. Grp.*, 412 F. Supp. 2d 1037 (N.D. Cal. 2006), where the court held: "Here, the disclaimer states that payment of benefits 'is subject to all plan provisions in effect when services are given.' ***This disclaimer does not demonstrate a general intent not to be bound; nor does it reserve a blanket right to terminate. Rather, it indicates that payment is conditioned on meeting the terms of the policy***." (*Id.* at1042) (Emphasis added).

Sure Haven understood that payment was conditioned on meeting the terms of the *policy*, and that such a condition was a part of the agreement between Sure Haven and Cigna. This condition is not a basis on which to give Cigna the right to completely disregard the other terms already agreed to between Sure Haven and Cigna.

Simply put, Cigna failed to comply with its discovery and disclosure obligations under the Federal Rules of Civil Procedure. Rule 37(c)(1) explicitly provides for sanctions, including precluding the use of evidence in a motion. Cigna's position, which the Order accepts, completely excuses Cigna's failure to comply with Rule 26. It is not supported by equity or applicable case law, and relies on misrepresentations made to the Court by Cigna and Cigna discovery misconduct.

The Order misapprehends *Sepulveda v. Wal-Mart Stores, Inc.*, 237 F.R.D. 229

- 23 -

1   (C.D. Cal. 2006), *aff'd in part, rev'd in part*, 275 F. App'x 672 (9th Cir. 2008), *opinion*

2   *vacated on reh'g*, 464 F. App'x 636 (9th Cir. 2011), *and aff'd*, 464 F. App'x 636 (9th

3   Cir. 2011). The ruling cited in the Order concerned an order that denied a plaintiff's

4   motion for class certification, not a summary judgment. *Sepulveda* is inapposite on the

5   issue of summary judgment.

6          Further, *Sepulveda* supports Plaintiff's position that discovery cutoffs bind both

7   sides and Cigna's untimely disclosed evidence should not be considered unless

8   justified or harmless. *Sepulveda* recognized that "undisclosed evidence should not be

9   excluded if the parties' failure to disclose the required information is substantially

10  justified or harmless." *Id.* at 234 (internal quotations and citations omitted). The

11  *Sepulveda* court concluded that the failure to disclose was neither justified nor

12  harmless. *Id.* That court ultimately admitted the evidence because it offered to reopen

13  discovery: "[a]t oral argument, the Court offered the Defendant the opportunity to

14  depose the declarants; Defendant preferred to proceed with the Motion for Class

15  Certification as scheduled." *Id.* No such offer to reopen at least some discovery was

16  made before ruling in this matter and Cigna's motion was ruled on without any oral

17  argument. Further, the discovery issue of the *Sepulveda* court was not raised or

18  affirmed when that decision was appealed under Rule 23(f).

19         The Order overlooks a final, key point: this case was filed April 15, 2019, well

20  before COVID-19 had entered the country. Cigna simply has no excuse for

21  noncompliance with Rule 26, failure to respond to discovery in good faith, or its refusal

22  to identify or produce witnesses for deposition during the court-mandated discovery

23  period.

24         *2.   The Order Misapprehended the Burden of Plaintiff to Bring a Motion to*
25             *Compel Untimely Disclosed Evidence, After the Discovery Cutoff, in*
26             *Violation of Court Rules*

27         The Order stated, "[t]he Court declines to strike the Snow or Russell Declaration

28  due to Plaintiff's failure to bring these issues to the Court during the discovery

- 24 -

Plaintiff's Point and Authorities in Support of Motion Pursuant to Fed. R. Civ. P. 59 & 60
BRISTOL v. CIGNA Case No. 8:19-cv-00709-PSG-ADS

process." (Dkt. 77, Pg. 6). The Order overlooks or misapprehends that the Plaintiff could not have brought the issues regarding the Snow or Russel declarations to the Court's attention "during the discovery process" because Cigna never disclosed either individual "during the discovery process" and before filing its motion for summary judgment. Discovery was propounded to Cigna and Cigna never timely disclosed this information to give notice of Snow or Russell. The Plaintiff was not aware of the IVR script that Cigna intended to rely upon in its motion until mere hours before the motion was filed—well after discovery was closed—when it was merely sent as an attachment to an email. To be clear, Cigna filed its dispositive motion for summary judgment and these declarations, for the first time, one month *after* discovery had already closed. This is a far cry from the obligations required under Rule 26. Cigna's Declarations, with respect, should not have been considered.

When a party fails to meet its discovery obligations, as Cigna did, the opposing party *may* bring a motion to compel pursuant to Fed. R. Civ. P. 37; but "may" is not mandatory. That Plaintiff honored and adhered to the Court's prior orders and the Federal Rules of Civil Procedure is not a basis on which to grant summary judgment in the violating party's favor.

## CONCLUSION

For the foregoing reasons, any one of which is sufficient support, Bristol requests that this Order granting summary judgment be vacated, and the matter reinstated on the Court's calendar to be tried by a jury as well as such other relief that the Court deems just and appropriate.

WHEREFORE, the Plaintiff respectfully asks this Court to amend, alter, or set aside its prior order granting summary judgment in favor of Cigna as well as any other relief it deems just and proper.

1    Dated: October 21, 2020        NAPOLI SHKOLNIK PLLC

2                                   /s/ Matthew Lavin
                                    MATTHEW M. LAVIN
3

4
                                    LAW OFFICE OF JOHN W. TOWER
5
                                    /s/ John W. Tower
6                                   JOHN W. TOWER
7
                                    *Attorneys for Plaintiff*
8                                   Bristol SL Holdings, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28