1 **MCDERMOTT WILL & EMERY LLP**
WILLIAM P. DONOVAN, JR. (SBN 155881)
2 wdonovan@mwe.com
BRETT MEYERHOFF (SBN 323041)
3 bmeyerhoff@mwe.com
2049 Century Park East, Suite 3200
4 Los Angeles, CA 90067-3206
Telephone: +1 310 277 4110
5 Facsimile: +1 310 277 4730

6 Attorneys for Defendants
CIGNA HEALTH AND LIFE INSURANCE
7 COMPANY; CIGNA BEHAVIORAL HEALTH,
INC.

8

9 **UNITED STATES DISTRICT COURT**

10 **CENTRAL DISTRICT OF CALIFORNIA**

11 BRISTOL SL HOLDINGS, INC., a ) CASE NO. 8:19-cv-00709-PSG-ADS
California corporation, in its capacity as )
12 the assignee for SURE HAVEN, INC., a ) **DEFENDANTS CIGNA HEALTH**
California corporation, ) **AND LIFE INSURANCE**
13 ) **COMPANY AND CIGNA**
Plaintiff, ) **BEHAVIORAL HEALTH, INC.'S**
14 ) **MEMORANDUM OF POINTS AND**
v. ) **AUTHORITIES IN OPPOSITION**
15 ) **TO PLAINTIFF'S MOTION**
CIGNA HEALTH AND LIFE ) **PURSUANT TO RULE 59 & 60**
16 INSURANCE COMPANY, a Connecticut )
corporation; CIGNA BEHAVIORAL )
17 HEALTH, INC., a Connecticut ) **Date:** December 7, 2020
corporation; and DOES 1 through 10, ) **Time:** 1:30 p.m.
18 inclusive, ) **Judge:** Hon. Philip S. Gutierrez
) **Dept:** 6A
19 Defendants. )
)
20 )
_____ ) .

21

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................. 1

II.   BACKGROUND .............................................................. 1

III.  LEGAL STANDARD ....................................................... 3

IV.   ARGUMENT .................................................................. 4

    A.   Bristol's Motion Should Be Denied Pursuant to Rule 59(e). ................ 4

        1.   Bristol Offers No Newly Discovered or Unavailable Evidence.... 5

        2.   The Court Did Not Commit a Manifest Error of Fact or Law..... 10

        3.   Bristol Has Not Shown Manifest Injustice ................................. 15

    B.   Bristol's Motion Should Be Denied Pursuant to Rule 60(b). ............... 19

V.    CONCLUSION ............................................................... 21

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Advanced Ambulatory Surgical Ctr., Inc. v. Conn. Gen. Life Ins. Co.*,
  261 F. Supp. 3d 889 (N.D. Ill. 2017) ...................................................................... 10

*Allstate Ins. Co. v. Herron*,
  634 F.3d 1101 (9th Cir. 2011) ......................................................................... 3, 4

*Am. Title Ins. Co. v. Lacelaw Corp.*,
  861 F.2d 224 (9th Cir. 1988) .............................................................................. 14

*Ambulatory Infusion Therapy Specialists, Inc. v. UniCare Life & Health Ins. Co.*,
  2007 WL 1520994 (S.D. Tex. May 22, 2007) ...................................................... 11

*Anderson v. Am. Airlines, Inc.*,
  2011 WL 1706514 (N.D. Cal. May 5, 2011) .......................................................... 4

*Backlund v. Barnhart*,
  778 F.2d 1386 (9th Cir. 1985) ..................................................................... *passim*

*Bey v. Malec*,
  2020 WL 3058336 (N.D. Cal. June 9, 2020) .......................................................... 8

*Burke v. City of Santa Monica*,
  2010 WL 11549357 (C.D. Cal. Nov. 2, 2010) ...................................................... 18

*Caldwell v. City of Selma*,
  2015 WL 1897806 (E.D. Cal. Apr. 16, 2015) ...................................................... 14

*Cedars Sinai Med. Ctr. v. Mid-West Nat'l Life Ins. Co.*,
  118 F. Supp. 2d 1002 (C.D. Cal. 2000) ................................................................. 8

*Citizens for Better Forestry v. U.S. Dept. of Agric.*,
  2007 WL 1970096 (N.D. Cal. July 3, 2007) .......................................................... 4

*Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*,
  833 F.2d 208 (9th Cir. 1987) ................................................................................ 8

*Dixon v. Wallowa Cnty.*,
  336 F.3d 1013 (9th Cir. 2003) ......................................................................... 5, 6

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

*Espinosa v. United Student Aid Funds, Inc.*,
　　553 F.3d 1193 (9th Cir. 2008) ........................................................................ 4

*Exxon Shipping Co. v. Baker*,
　　554 U.S. 471 (2008) ......................................................................................... 4

*Gaydos v. Guidant Corp.*,
　　496 F.3d 863 (8th Cir. 2007) ........................................................................... 4

*Godinez v. Alta-Dena Certified Dairy, LLC*,
　　2016 WL 6915509 (C.D. Cal. Jan. 29, 2016) ................................................ 14

*Hoag Memorial Hospital v. Managed Care Administrators*,
　　820 F. Supp. 1232 (C.D. Cal. 1993) .............................................................. 11

*In re Homestore.com, Inc. Sec. Litig.*,
　　347 F.Supp.2d 769 (C.D. Cal. 2004) .............................................................. 17

*Kona Enters., Inc. v. Estate of Bishop*,
　　229 F.3d 877 (9th Cir. 2000) ............................................................................ 3

*Maljack Prods., Inc. v. GoodTimes Home Video Corp.*,
　　81 F.3d 881 (9th Cir. 1996) ............................................................................ 17

*Margolis v. Ryan*,
　　140 F.3d 850 (9th Cir. 1998) .......................................................................... 14

*Niedermeier v. Office of Baucus*,
　　153 F. Supp. 2d 23 (D.D.C. 2001) .................................................................... 3

*Pet Food Exp. Ltd. v. Royal Canin USA, Inc.*,
　　2011 WL 6140874 (N.D. Cal. Dec. 8, 2011) ................................................. 10

*Regents of the Univ. of Cal. v. Aetna US Health of Cal., Inc.*,
　　2011 WL 13227844 (C.D. Cal. Mar. 15, 2011) ................................... 8, 9, 11, 13

*Regents of the Univ. of Cal. v. Principal Fin. Group*,
　　412 F. Supp. 2d 1037 (N.D. Cal. 2006) .................................................. 11, 12, 13

*Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*,
　　5 F.3d 1255 (9th Cir. 1993) .............................................................................. 4

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

*Sepulveda v. Wal-Mart Stores, Inc.*,
   237 F.R.D. 229 (C.D. Cal. 2006), *aff'd in part, rev'd in part*, 275 F. App'x 672
   (9th Cir. 2008), *opinion vacated on reh'g*, 464 F. App'x 636 (9th Cir. 2011), *and
   aff'd*, 464 F. App'x 636 (9th Cir. 2011) .................................................................... 20

*Smith v. Clark Cty. Sch. Dist.*,
   727 F.3d 950 (9th Cir. 2013) ........................................................................ 10

*Stanford Hosp. & Clinics v. Multinational Underwriters, Inc.*,
   2008 WL 5221071 (N.D. Cal. Dec. 12, 2008) ................................................ 9, 12

*Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co.*,
   520 F. Supp. 2d 1184,1193–94 ................................................................... 10

*Weeks v. Bayer*,
   246 F.3d 1231 (9th Cir. 2001) ........................................................................ 3

*Zimmerman v. City of Oakland*,
   255 F.3d 734 (9th Cir. 2001) ........................................................................ 10

**Statutes**

California Insurance Code § 796.04 .............................................................. 11, 12

**Other Authorities**

Federal Rule of Civil Procedure 56 ............................................................... 14, 17

Federal Rule of Civil Procedure 59 .................................................................. *passim*

Federal Rule of Civil Procedure 60 .......................................................... 4, 18, 19, 20

Federal Rule of Evidence 801(d) ..................................................................... 17

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

iv

## I. __INTRODUCTION__[1]

The Court granted Cigna's motion for summary judgment because Bristol failed to present any evidence to support its remaining causes of action. Having lost, Bristol now attempts a mulligan, but nowhere in Bristol's 25-page long motion or Bristol's improper supplemental declarations does Bristol offer any proof that Cigna consented to an implied or oral contract or promised to pay a percentage of usual and customary rates ("UCR") on routine verification of benefits and authorization calls. Instead, Bristol asks the Court to take the extraordinary and drastic step of amending or vacating the Court's judgment based on the same failed legal arguments, dressed-up evidence that was either already before the Court on summary judgment or could have been raised at summary judgment, and excuses for Bristol's own failed litigation strategy. None of these reasons is a proper basis for the Court to grant the Motion under either Rule 59(e) or 60, and therefore the Motion should be denied.

## II. __BACKGROUND__

On July 15, 2020, Cigna moved for summary judgment on Bristol's three remaining causes of action: (1) breach of implied contract, (2) breach of oral contract, and (3) promissory estoppel. (Dkt. 73.) Bristol opposed on September 4, 2020, (Dkt. 75) and Cigna replied on September 14, 2020. (Dkt. 76.)

In Cigna's motion for summary judgment and reply, Cigna demonstrated that Bristol had failed to offer any proof that Cigna had consented to an implied or oral contract promising to pay a percentage of usual and customary rates ("UCR") on routine verification of benefits and authorization calls. (Dkt. 73.) Moreover, Cigna presented the declaration of Emily Russell, who testified that Cigna's call representatives were not authorized to enter such agreements. (Dkt. 73-2 ¶ 19.) Cigna also filed a declaration of Interactive Voice Response ("IVR") Product Manager, Krista

---

[1] For this brief, "Cigna" means Defendants collectively and "Bristol" means Plaintiff. References to "Motion" are to Bristol's Motion Pursuant to Rules 59 and 60, Dkt. 78. Unless otherwise noted, all emphasis has been added, and all quotation marks, citations, and ellipses have been omitted.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

Snow, who testified that Cigna's automated IVR systems would play a disclaimer before these calls, which included, for example, the following language "you understand, accept and agree that the following covered services information does not guarantee coverage or payment." (Dkt 73-3 ¶¶ 5-7.) Cigna cited cases holding that this evidence (or alternatively, Bristol's lack of evidence) was sufficient to prevail on summary judgment.

In response, Bristol's opposition failed to offer any ***evidence*** that Cigna agreed or made a promise to pay certain percentages of UCR. Bristol relied exclusively on the declaration of Tanisha Porreca. (Dkt. 75-2.). Critically, nowhere in Ms. Porreca's declaration and in none of the documents she appended to her declaration is there evidence that Cigna ***agreed*** to pay 100% of billed charges or any percentage of UCR on Verification of Benefit or Pre-Authorization calls. (*See generally* 75-2.)

Without oral argument, the Court agreed with Cigna and granted Cigna's motion for summary judgment. The Court held that Cigna was entitled to summary judgment on the breach of contract claims because while "Plaintiff has clearly established that Sure Haven intended to enter into a contract, Plaintiff has submitted no evidence to show that Cigna consented." (Dkt. 77 at 8.) The Court reasoned that "[n]othing in either of these records or the Porreca Declaration itself indicates that either party mentioned 'UCR' or understood what 'UCR' meant as to Sure Haven" and "[f]urthermore, nothing in the record indicates that Cigna consented to a contract." (*Id.*) The Court also pointed to disclaimers played on the calls and the disclaimers on the Explanation of Benefits sent to Sure Haven as further evidence that Cigna did not consent to an agreement to pay UCR, and that Plaintiffs had failed to demonstrate a genuine issue of material fact on the breach of contract claim. (*Id.*)

Likewise, on the promissory estoppel claim, the Court held that "Plaintiff has failed to put forth evidence of the promises Cigna employees made on verification and authorization calls" and that "[n]otations of authorization numbers are not enough to prove that a promise to pay was made, let alone a promise to pay at a specific rate."

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

(*Id.* at 10.) Given this lack of evidence, the Court again held that Plaintiffs had failed to demonstrate a genuine issue of material fact and the Court granted summary judgment on the promissory estoppel claim.

In the Court's summary judgment decision, the Court also addressed Bristol's motion to strike the Snow and Russell declarations because the witnesses and the disclaimers had not been disclosed before the discovery cut-off.  The Court again agreed with Cigna, noting that Cigna had notified Plaintiffs of the disclaimers before filing its motion for summary judgment, and that Plaintiffs made no effort to depose or compel testimony from witnesses during the almost-two months between when the evidence was presented in Cigna's motion for summary judgment and Plaintiffs' opposition. (*Id.* at 6.) The Court therefore "decline[d] to strike the Snow or Russell Declaration due to Plaintiff's failure to bring these issues to the Court during the discovery process." (*Id.*)

## III.   <u>LEGAL STANDARD</u>

Amendment of a court's judgment under Federal Rule of Civil Procedure 59(e) is disfavored and an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *accord Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (Rule 59(e) is "an extraordinary remedy which should be used sparingly") (citation omitted); *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (noting such motions are "disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances")). Rule 59(e) motions must clear a "high hurdle," and judgment is not properly reopened "absent highly unusual circumstances." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate*, 634 F.3d at 1111.

Simply restating arguments and facts that have already been raised in connection with the motion upon which the judgment is based is not permitted. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *Anderson v. Am. Airlines, Inc.*, 2011 WL 1706514, at *2 (N.D. Cal. May 5, 2011). Stated differently, "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008); *accord Backland*, 778 F.2d at 1388 (concluding that Rule 59(e) motion was "properly denied ... [where] it presented no arguments that had not already been raised in opposition to summary judgment"). "In other words, the motion should not be used to ask the court to rethink matters already decided." *Citizens for Better Forestry v. U.S. Dept. of Agric.*, 2007 WL 1970096, *1 (N.D. Cal. July 3, 2007).

Similarly, "'Rule 60(b) authorizes relief in only the most exceptional of cases.'" *Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1199 (9th Cir. 2008) (quoting *Gaydos v. Guidant Corp.*, 496 F.3d 863, 866 (8th Cir. 2007)). Rule 60(b) "strictly cabins the circumstances under which a judgment can be reopened after it becomes final." *Id.* Relief under Rule 60(b) is appropriate "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).

## IV.   ARGUMENT

### A.   Bristol's Motion Should Be Denied Pursuant to Rule 59(e).

Of the four factors laid out by the Ninth Circuit in *Allstate* as a proper basis to support a Rule 59(e) motion, Bristol concedes that the Motion does not rely on (4) an

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

intervening change in controlling law.  Instead, Bristol purports to move under sections (1) "to correct manifest errors of law or fact upon which the judgment rests"; (2) "to present newly discovered or previously unavailable evidence"; and (3) "if such motion is necessary to prevent manifest injustice." (Mot. at 2.) Bristol has presented no basis to succeed under any of these three factors and has clearly failed to clear the "high hurdle" set by Rule 59(e). This portion of the Motion can be easily denied.

### 1.    *Bristol Offers No Newly Discovered or Unavailable Evidence.*

Despite claiming the Motion is based on "newly discovered or previously unavailable evidence," Bristol does not actually offer any new or unavailable evidence for the Court to consider. For evidence to qualify as "newly discovered or unavailable evidence" the evidence must be "discovered after the judgment" and "could not be discovered earlier through due diligence" and must be "of such a magnitude that had the court known of it earlier, the outcome would likely have been different." *Dixon v. Wallowa Cnty.*, 336 F.3d 1013, 1022 (9th Cir. 2003).  Both Exhibit A of the Porreca Declaration and the Declaration of Cynthia Wofford—the two "new" pieces of evidence in Bristol's Motion—were available to Bristol before the judgment, and, in any event, do not change the outcome of the Court's decision. Thus, they do not offer a basis for amendment or alteration under Rule 59(e).

**First,** Bristol claims in the Motion that Exhibit A to the Porreca Declaration was inadvertently excluded from the Court's docket due to a "software error" and was therefore not before the Court at summary judgment. (Mot. at 3.) While Bristol's Motion does not come out and say it, Bristol insinuates that this evidence is "newly discovered" or that Bristol's error was not discovered before the judgment. This is wrong.

To begin with, Cigna identified in the objections to Ms. Porreca's declaration filed with Cigna's reply brief that Exhibit A to Ms. Porreca's declaration was missing. (Dkt. 76-4 ("[T]he records referenced in Ms. Porreca's declaration are not attached . . .").) Despite being provided notice of this mistake, Bristol made no effort

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

1 to alert the Court or correct the filing. Clearly, if Bristol actually believed Exhibit A

2 was of such "magnitude that had the court known of it earlier, the outcome would

3 likely have been different," *see Dixon*, 336 F.3d at 1022, Bristol would have made an

4 effort to correct the obvious mistake after being notified of it.

5      Further, Bristol's failure to include Exhibit A was ultimately immaterial because

6 the records in Exhibit A were before the Court when the Court rendered its decision.

7 Cigna, recognizing that Exhibit A was missing, actually filed examples of the records

8 described by Ms. Porreca, who cited the Bates number range of the documents in her

9 declaration, with Cigna's reply. (Dkt. 76-1, Declaration of William Donovan

10 ("Donovan Decl.") ¶¶ 2-3, Ex. A, CIGNA00000089; Ex. B, CIGNA00000139; Dkt.

11 76-4 at 2.) In fact, Bristol recognizes as much in the Motion. (Mot. at 3.) Cigna also

12 described the documents in its reply brief, and explained they did not support Bristol's

13 argument that Cigna had promised to pay percentages of UCR. (Dkt. 76 at 2-3.) Thus,

14 the records contained in Exhibit A are "not newly discovered" and were even before

15 the Court at summary judgment.

16      Moreover, even if the Court were to reconsider the insurance verification logs

17 contained in Exhibit A to Ms. Porreca's declaration, they do not change the outcome

18 the of Court's decision. As Cigna demonstrated in its reply, all these documents show

19 are Bristol's hearsay transcription of the member's benefits including co-payment,

20 deductible, out-of-pocket maximum and lifetime maximum. (*See, e.g.*, Dkt. 76-1 ¶¶ 2-

21 3, Ex. A, CIGNA00000089; Ex. B, CIGNA00000139.)

22      In the Motion, Bristol argues that these forms are "critical" because they show

23 a contemporaneous record that Cigna agreed to pay some percentage of UCR. (Mot.

24 at 3.) This is simply false. Bristol misleadingly adds the word "UCR" in its descriptions

25 of these forms in the chart on pages 4 and 5 of Bristol's Motion. Nowhere in the actual

26 forms contained in Exhibit A, however, is there any reference, at all, to the words

27 "UCR" or a note suggesting that Cigna would pay some percentage of "UCR." (*See*

28 Dkt. 78-1, Ex. A.) To be sure, if the words were actually there, Bristol would have

quoted them by now, rather than misleadingly summarizing them in a chart. Regardless, as the Court correctly recognized, *Bristol's* understanding of these documents to mean "UCR" does not create a genuine dispute of material fact with respect to *Cigna's* understanding of what was said on the calls.  (Dkt. 77 at 9 ("Nothing in either of these records or the Porreca Declaration itself indicates that either party mentioned "UCR" or understood what "UCR" meant as to Sure Haven.").) Thus, even if the Court were to consider Exhibit A, the outcome of the Court's decision would not change. Thus, Bristol's inclusion of Exhibit A is not a proper reason to alter or amend the judgment under Rule 59.

*Second*, the other piece of "new" evidence discussed in Bristol's Motion, the Declaration of Cynthia Wofford, also cannot serve as a basis to alter or amend the judgment. At summary judgment, Cigna presented evidence that disclaimers are automatically played on Cigna IVR authorization and verification of benefit calls, that these disclaimers were programed to play during the time period Sure Haven employees were calling Cigna, and that the vast majority of the telephone numbers identified in Bristol's pleadings were made to numbers routed through Cigna's IVR system. (Dkt. 73-3, Snow Decl. ¶¶ 7, 8, 11, 12.) Bristol had attempted to rebut Cigna's evidence that a disclaimer was played before IVR calls by arguing that Bristol had no record that a disclaimer was played in Bristol's files. (Dkt. 77 at 9.) Finding Bristol's argument meritless, the Court held that "Plaintiff cannot demonstrate a genuine dispute of material fact by arguing its own lack of evidence the fact that Plaintiff's records fail to confirm that a disclaimer was played does not create a genuine dispute regarding Defendants' affirmative evidence that a disclaimer was played." (*Id.*)

In an attempt to take a second bite at the apple, Bristol offers Ms. Wofford's declaration to argue that she did not recall a disclaimer being played on calls she made to Cigna. (Dkt. 78-2 ¶ 7.) As a threshold issue, Ms. Wofford's declaration is not proper under Rule 59(e). As Bristol's Motion concedes, Ms. Wofford's testimony was available at the time of Cigna's Motion, and Bristol elected to not offer her testimony.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

(Mot. at 11.) The case law is clear that "Plaintiff cannot use a Rule 59(e) motion to introduce evidence that could have been presented in his opposition to summary judgment." *Bey v. Malec*, 2020 WL 3058336, at \*3 (N.D. Cal. June 9, 2020); *see also Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987) ("Evidence is not 'newly discovered' . . . if it was in the moving party's possession at the time of trial or could have been discovered with reasonable diligence.").

No doubt recognizing the law is against it, Bristol unbelievably argues—without citations to any case law—that the Court should ignore Rule 59(e)'s prohibition on presentation of available evidence because Bristol was under the impression Ms. Wofford's testimony was inadmissible and therefore did not present her testimony. (Mot. at 11.) Bristol then argues that because the Court considered Cigna's evidence regarding the disclaimers, the Court should now also consider Bristol's second attempt at rebutting those disclaimers. (*See id.*) Bristol offers no case law suggesting that a misapprehension of the law or a poor strategic choice by a litigant is an exception to Rule 59(e), nor would Cigna expect any case to hold so. Bristol had every opportunity to rebut Cigna's evidence at summary judgment, and now, having lost, does not get a mulligan. *Bey*, 2020 WL 3058336, at \*3.

Regardless, Ms. Wofford's declaration does not change the outcome of the Court's decision because her improper and untimely testimony that she did not hear a disclaimer does not create a genuine dispute of material fact. Courts have "held that insurance companies' verification of coverage and authorizations are not binding contracts to pay, even when there have been factual disputes over whether disclaimers were explicated to providers." *See, e.g., Regents of the Univ. of Cal. v. Aetna US Health of Cal., Inc.,* 2011 WL 13227844, at \*5 (C.D. Cal. Mar. 15, 2011); *Cedars Sinai Med. Ctr. v. Mid-West Nat'l Life Ins. Co.*, 118 F. Supp. 2d 1002 (C.D. Cal. 2000) (granting summary judgment even though the parties disputed whether Mid-West actually recited its standard disclaimer to hospital staff, either over the phone or in writing, because there was no evidence presented by the hospital that verification alone could

be viewed as a manifestation of intent to enter into a contract). These courts have recognized that the playing of the disclaimer, even if disputed, is evidence of the lack of intent and consent to enter a contract, and Plaintiffs must do more than argue they did not hear the disclaimer—they must show some evidence of an actual agreement by the party playing the disclaimer to survive summary judgment. *See Regents,* 2011 WL 13227844, at *5.

On that score, Ms. Wofford's testimony merely highlights Bristol's complete lack of evidence that Cigna representatives agreed to pay "UCR." Despite testifying that she was on "dozens" of phones calls with Cigna, Ms. Wofford does not testify under oath that **any** Cigna representative promised to pay UCR on **any** of these phone calls. (See Dkt. 78-2.) This omission is critical. As at summary judgment, Bristol still offers no evidence that any Cigna representative actually agreed or understood that an agreement to pay UCR had been reached. At best, Bristol continues to make the unsupported assertion that Sure Haven believed an agreement had been reached. The law is clear, however, that, where "nothing in [plaintiff's representative's] declaration is inconsistent with [insurer's] understanding regarding the standard protocol for verifying coverage" and the plaintiff's declaration "demonstrates that there was no meeting of the minds regarding the payment of the claim." *See, e.g.*, *Stanford Hosp. & Clinics v. Multinational Underwriters, Inc.*, 2008 WL 5221071, at *7 (N.D. Cal. Dec. 12, 2008).

Thus, rather than provide a basis for amendment or alteration under Rule 59(e), Ms. Wofford's declaration actually further supports the Court's holding that "Plaintiff fails to point to any facts in the record to establish that (1) Cigna and Sure Haven representatives used the term UCR on all phone conversations and (2) that both Sure Haven and Defendants understood the term." (Dkt. 77 at 8.) Bristol's improper and untimely attempt to manufacture a dispute of fact fails and the Rule 59(e) motion can be denied.

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

9

### 2. *The Court Did Not Commit a Manifest Error of Fact or Law.*

In addition to the improperly introduced evidence discussed above, Bristol moves under the "manifest error of fact and law" factor of Rule 59(e). A "manifest error is synonymous with a clear error." *See Pet Food Exp. Ltd. v. Royal Canin USA, Inc.*, 2011 WL 6140874, at \*4 (N.D. Cal. Dec. 8, 2011) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)). Clear error occurs when the court "is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). Further, "the error must be one on which the final judgment was predicated, [and] the error must be one that would alter the outcome of the case." *Pet Food Exp.*, 2011 WL 6140874, at \*4.

Bristol has not identified any error in the Court's decision, let alone a clear error. Bristol's Motion is a litany of complaints about the Court's decision, but the primary arguments concern the law holding that verifications of benefits and authorizations are not a promise to pay, and the law and facts concerning Cigna's disclaimers. These arguments all fail.

***First***, Bristol argues that the Court "overlooks or misapprehends that an authorization and benefits quoted and communicated to a health care provider constitutes a promise to pay." (Mot. at 12.) But as the Court recognized, Bristol ***conceded*** that verifications of benefits were not promises to pay at summary judgment. (Dkt. 77, at 10 ("Plaintiff concedes that the verification calls were not promises to pay for services.").) And Bristol made that concession because the case law is clear that a provider may not transform "mere verification of a patient's benefits into a promise to pay for services." *See, e.g., Advanced Ambulatory Surgical Ctr., Inc. v. Conn. Gen. Life Ins. Co.*, 261 F. Supp. 3d 889, 897 (N.D. Ill. 2017) (granting insurer's motion for summary judgment on estoppel claim and holding that "confirming the availability and details of a patient's insurance benefits is not a concomitant promise of payment"); *see also Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co.*, 520 F. Supp. 2d 1184, 1193–94 (granting summary judgment on estoppel claim and holding that health insurer did not

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

manifest intent to pay for health provider's services merely by verifying insured's coverage status for medical provider); *Ambulatory Infusion Therapy Specialists, Inc. v. UniCare Life & Health Ins. Co.*, 2007 WL 1520994, at *3 (S.D. Tex. May 22, 2007) (granting summary judgment to insurer on estoppel claim because the provider failed to adduce evidence that the insurer promised during the pre-verification call to pay 75 percent of the provider's claim). Having lost, Bristol cannot now change its mind and argue the exact opposite point it just conceded at summary judgment.

Nonetheless, even if the Court were to take Bristol's backpedaling at face value, the two cases that Bristol cites in the Motion do not support Bristol's claim that a verification or authorization is a promise to pay. The first, *Hoag Memorial Hospital v. Managed Care Administrators*, 820 F. Supp. 1232 (C.D. Cal. 1993) is a motion to dismiss case discussing ERISA preemption. And the second, *Regents of the University of California. v. Principal Financial Group*, 412 F. Supp. 2d 1037 (N.D. Cal. 2006), which Bristol cited in opposition to summary judgment (Dkt. 75, at 15), is a case about denial of coverage pursuant to plan terms where the oral contract claim was dismissed. 412 F. Supp. 2d 1043-44. Neither of these cases turn on whether there was a promise to pay percentages of "UCR" made on verification of benefits and authorization calls, and can be disregarded by the Court.

Bristol also argues, without citation to any case law, that the verification calls, the authorization calls, and the fact that Bristol provided the medical services is enough to create a binding contract. (Mot. at 11-12.). But the law is clear that is wrong as well. *Regents of the Univ. of Cal. v. Aetna US Health of Cal., Inc.*, 2011 WL 13227844, at *4-6 (C.D. Cal. Mar. 15, 2011) (awarding summary judgment to insurer on breach of oral contract claim where provider claimed oral contract was formed by call representatives on verification and authorization of benefits call, because "[r]elevant case law establishes . . . that insurance authorizations or precertifications–when coupled with disclaimers—are not binding contracts."). And, as at summary judgment, Bristol again cites California Insurance Code § 796.04 to argue that Cigna had to pay

Sure Haven after the authorization was provided. (*Compare* Mot. at 11-12, *with* Dkt. 75 at 21.) But all § 796.04 recognizes is that a health plan may not revoke an authorization after services have been provided. As Cigna explained in reply, this case is about a promise or agreement to pay "UCR," not a revocation of authorization. (Dkt. 76, at 7-8.) In any event, this is a rehashed argument the Court need not consider on a motion for reconsideration under Rule 59(e). *Backlund*, 778 F.2d at 1388.

**Second**, Bristol takes aim at Cigna's disclaimers from a number of different angles. None of them are availing. To start, Bristol begins by arguing that the Court improperly relied on Cigna's disclaimers to invalidate or thwart otherwise viable claims. (Mot. at 6-7, 12-13.) But that is not what the Court held. To the extent Bristol is referring to the promissory estoppel claim, the Court did not even rest its decision on the disclaimers to grant summary judgment on that claim. (Dkt. 77 at 10-11.) And on the contract claims, the Court correctly recognized that Bristol completely failed to put forward any evidence of an agreement to pay UCR rates by Cigna, **and** Cigna's disclaimers were additional evidence that Cigna did not consent to any such agreement even if Bristol had offered such evidence, which Bristol did not. (Dkt. 77 at 9 (holding "[t]he relevant case law weighs against a finding that verification alone constitutes consent, especially when a disclaimer is provided.").) Bristol's mischaracterization of the Court's order is not a basis to alter or amend under Rule 59(e).

Bristol also argues that the disclaimers cannot apply because they are "boilerplate" that is too vague to "have any real meaning." (Mot. at 6-9, 13) This argument is at odds with the vast majority of the case law. *See, e.g.*, *Stanford*, 2008 WL 5221071, at *6-7 ("[t]he relevant case law weighs against a finding that verification alone constitutes consent, especially when a disclaimer is provided" because in that circumstance, "there was no meeting of the minds regarding the payment of the claim" particularly when the plaintiff only provided evidence of its own belief that a contract had been made). Undeterred, Bristol again points to *Principal Financial Group*, as support for Bristol's argument that Cigna's disclaimer

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

was insufficient. (Mot. at 12-13. (citing 412 F. Supp. 2d 1037 (N.D. Cal. 2006)).) But Bristol ignores that cases from this District, which the Court relied upon in its decision (Dkt. 77 at 10), have upheld disclaimers nearly identical to Cigna's and have distinguished *Principal* on its unique facts, noting that the verification and authorization were provided six times in that case and the Defendant provided a blanket denial of coverage. *Regents*, 2011 WL 13227844, at *4. Bristol fails to explain how the Court's reliance on cases directly on point from this District, as opposed to a factually distinguishable case from another, was error, let alone clear error. Moreover, Bristol cited *Principal* in opposition at summary judgment, making the same point as in its Motion (Dkt. 75 at 15), and therefore this argument is not proper under Rule 59(e). *Backlund*, 778 F.2d at 1388.

Bristol also makes the contradictory argument that the disclaimers themselves actually show a contract formed between Cigna and Bristol. (Mot. at 13-15.) But this is just an actual two-page cut-and-paste from Bristol's opposition at summary judgment. (*Compare* Dkt. 75 at 21-23, *with* Dkt. 78 at 13-15). The Court need not consider a literal rehash of an argument from summary judgment but, in any event, as Cigna explained in its reply brief at summary judgment this argument is baseless. (Dkt. 76 at 10.) The Court was correct that both of Cigna's disclaimers "made clear that the calls did not guarantee coverage." (Dkt. 77 at 8.)

Bristol also complains that Cigna did not produce any transcripts of the authorization and verification of benefits calls at issue or that Cigna did not take any depositions of Sure Haven witnesses to confirm the disclaimer was played. (Mot. at 8-9.) Put simply, Cigna did not need to confirm its own evidence that an automated computed system Cigna played the disclaimers, or that these disclaimers played on the phone numbers that Bristol admits Sure Haven employees called. (Dkt. 73-3 ¶¶ 5-13.) Nor did Cigna need to confirm what was said on each call since Cigna presented evidence that corporate policy prohibited call representatives from entering agreements to pay on these calls. (Dkt. 73-2, ¶ 19.) Instead, it was Bristol's obligation

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

at summary judgment to rebut this evidence, and Bristol has not.[2] At bottom, Bristol's argument is another species of the argument that the Court dispatched at summary judgment; namely that Bristol cannot point to its own lack of evidence, or hypothetical evidence Bristol never offered, as a reason to dispute Cigna's affirmative evidence showing disclaimers were played and an agreement was not formed. (Dkt. 77 at 9.) Otherwise, as the Court correctly observed, summary judgment could never be granted. (*Id.*)

In another display of hutzpah, Bristol criticizes the Court's reliance on *Godinez v. Alta-Dena Certified Dairy, LLC*, 2016 WL 6915509, at *3 (C.D. Cal. Jan. 29, 2016), which the Court cited to support its decision to overrule both parties' discovery objections, noting that the Court was relying only on admissible evidence. (Mot. at 9.) Bristol baldly states the Court's reliance on *Godinez*, which itself cites two other cases making the same holding,[3] is itself reversible legal error, and in addition, the Court's decision relied on "inadmissible hearsay and speculation."[4] (Mot. at 9.) But Bristol cites absolutely no case law to support this contention and does not explain how the

---

[2] To the extent Bristol believed it needed this evidence to prevail at summary judgment, Federal Rule of Civil Procedure 56(d) provides that a party opposing summary judgment may move for a continuance if it demonstrates a need for further discovery to obtain facts essential to justify its opposition. Fed. R. Civ. P. 56(d); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998). However, Bristol made no such argument at summary judgment, and cannot use its Rule 59(e) Motion to seek get a second bite at the apple.

[3] *See, e.g.*, 2016 WL 6915509, at *3, n.2 (citing *Caldwell v. City of Selma*, 2015 WL 1897806, at *2 n.2 (E.D. Cal. Apr. 16, 2015) (overruling evidentiary objections in a summary judgment context because the Court "relied only on admissible evidence" and stating that "[i]t is not the practice of the Court to rule on evidentiary matters individually in the context of summary judgment, unless otherwise noted." *Capital Records, LLC v. BlueBeat, Inc.*, 765 F. Supp. 2d 1198, 1200 n.1 (C.D. Cal. 2010)).

[4] The only "hearsay" Bristol identifies are the "disclaimers," which Bristol suggests is "hearsay within hearsay" and the telephone numbers Bristol identified as ones Sure Haven representatives called in the Complaint. (Mot. at 8-9.) The former is not hearsay, since Ms. Snow's testimony was not that she heard a disclaimer on a call, but that a computer system played the disclaimer for the telephone numbers Bristol dialed. And the latter is a party admission by Bristol. *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (holding that factual assertions in pleadings, unless amended, are considered judicial admissions conclusively binding on the party who made them).

14

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

Court's decision is a manifest error of law. This argument can be dismissed out of hand.

Ultimately, what Bristol's Motion completely misses is that, despite its litany of complaints, Bristol has still failed to show the Court's holding that Bristol "has failed to put forth evidence of the promises Cigna employees made on verification and authorization calls" was incorrect. (Dkt. 77 at 10.)  In fact, even with Bristol's improper attempt to rely on Ex. A to the Porreca declaration or the new Wofford declaration discussed in Section A.1, Bristol has put forth no evidence of a promise to pay to UCR by Cigna. (*Id.*) Accordingly, even if any of Bristol's arguments were correct, which they are not, nothing Bristol now says in the Motion changes the outcome of the Court's decision. The Rule 59(e) motion can be denied.

### 3.     *Bristol Has Not Shown Manifest Injustice*

Finally, Bristol moves under the "manifest injustice" factor of Rule 59(e), but Bristol does not actually identify any injustice resulting from the Court's order. Instead, Bristol misconstrues the Court's prior holdings, the discovery record, and makes additional baseless evidentiary objections. None of these arguments demonstrate manifest injustice and the Motion can be denied.

***First***, Bristol argues that Judge Guilford's motion to dismiss decision (Dkt. 49, at 9) precluded the Court from finding that Bristol offered no evidence at summary judgment of an agreement to pay UCR by Cigna on the verification and authorization of benefits calls. (Mot. at 15-16.) This argument is not well-taken. To begin with, this is a recycled argument from summary judgment, (*compare* Dkt. 78 at 15-15, *with* Dkt. 75 at 14-15), and not proper for a motion under Rule 59(e). *Backlund*, 778 F.2d at 1388. Regardless, the section of the Judge Guilford's decision Bristol actually quotes in the Motion begins with the phase "***Bristol further alleges***," (Mot. at 15-16), meaning the Court was not making an actual holding on this issue, but was merely summarizing Bristol's allegations. As at summary judgment, Bristol confuses the sufficiency of Bristol's allegations on a motion to dismiss with the sufficiency of

Bristol's proof at the summary judgment stage. As explained above, in Cigna's briefs at summary judgment (Dkt. 76 at 4-6), and in the Court's decision (Dkt. 77 at 9), Bristol cannot use its own baseless allegations as evidence of *Cigna's* agreement to pay "UCR." Bristol must show actual evidence, and has failed to do so.

Likewise, Bristol's attempt to cite cases merely referencing the term "UCR" as evidence of a "trade usage" fail for the same reason. (Mot. at 16-17.) Putting aside the fact that this is yet another improper argument that could have been raised at summary judgment but was not, *Backlund*, 778 F.2d at 1388, whether the term "UCR" has a specific meaning in the healthcare industry has absolutely no bearing on whether Bristol has presented evidence that Cigna agreed to pay "UCR" on the verification of benefits and preauthorization calls. Bristol has put forth no such evidence and its Motion cannot cure that deficiency by pointing to cases referencing the term "UCR."

*Second*, Bristol argues that it was blindsided by the Court's decision to permit Cigna's use of the disclaimer evidence, because Bristol assumed the Court would grant Bristol's motion to strike the disclaimer evidence because the evidence was produced shortly after the discovery deadline. (*See* Mot. at 16-18.)  But, as the Court recognized, striking evidence is a "harsh remedy" and there were numerous procedural mechanisms available to Bristol to take additional discovery regarding the disclaimers. (Dkt. 77 at 6-7.) Instead, Bristol failed to take any additional discovery. Indeed, the Court recognized that "Plaintiff failed to (1) serve further written discovery on Defendants, (2) request to depose Krista Snow or Emily Russell, (3) ask the Court for additional time to take discovery, or (4) file a motion to compel." (*Id.* at 6.) The Court concluded that instead of using "the procedural mechanisms available," Bristol "inexplicably waited for a month and a half after the Motion was filed to 'claim foul.'" (*Id.* at 7.)

Importantly, Bristol identifies no case law suggesting that a Court's decision to permit the use of evidence when the opposing party had every opportunity to take additional discovery, but failed to, is a manifest injustice. Indeed, in its complaints

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

about the Court's discovery decision, Bristol cites absolutely no case law at all. Ultimately, Bristol made the strategic calculation that the motion to strike would succeed—despite the case law, which was relied on by the Court, that holds this remedy is disfavored. (*Id.* at 6-7.) Bristol also made the calculation that it did not need to obtain additional evidence regarding the disclaimers to oppose summary judgment under Fed. R. Civ. P. 56(d). Bristol has to live with the consequences of those decisions, and cannot now argue there was manifest injustice just because Bristol lost.

*Third*, Bristol argues that Cigna's inclusion of the EOPs referenced in Cigna's reply were inadmissible because they were insufficiently authenticated and, in any event, were improperly included with Cigna's reply. Both of these arguments are wrong, but even if Bristol was right, Bristol does not explain how the Court's reliance on these documents was a manifest injustice sufficient to alter or amend the judgment.

Both in Ms. Porreca's declaration filed with Bristol's opposition, and then again in the Motion, Bristol admitted that, with respect to the EOPs, "Sure Haven originally created these documents and sent them to Cigna for the purpose of providing Cigna with proof that Sure Haven's patients were meeting their financial obligations." (Mot. at 19; *see also* Dkt. 75-2 ¶ 8("The documents were then re-produced to Bristol by Cigna in this litigation and bear bates stamps CIGNA00000001-CIGNA00001622. I have reviewed these records and they are the same records that Sure Haven previously sent to Cigna."). Given Ms. Porreca's and Bristol's concessions, the documents were clearly authenticated and admissible as party admissions under Federal Rule of Evidence 801(d). Regardless, if the Court has any doubt about that, the Ninth Circuit has ruled that the authentication requirement is satisfied where the documents at issue are created by one party and offered into evidence by the other. *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n. 12 (9th Cir. 1996); *see also In re Homestore.com, Inc. Sec. Litig.*, 347 F.Supp.2d 769, 781 (C.D. Cal. 2004) (holding that the authentication requirement was met because the documents in question were produced during discovery and were offered by the party opponent). So, either way,

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

17

Bristol's complaints about the admissibility of the EOPs and the Court's reliance on them is incorrect as a matter of law.

Bristol also argues that it was improper to include the EOPs with Cigna's reply brief at summary judgment. But, in fact, the law is clear that a party may offer rebuttal evidence with a reply brief at summary judgment where "the additional evidence proffered in support of the reply is offered to rebut factual contentions raised in opposition to defendants' motion" and it is not "new" or unknown to the opposing party. *See, e.g., Burke v. City of Santa Monica*, 2010 WL 11549357, at *2-3 (C.D. Cal. Nov. 2, 2010). The EOPs offered with Cigna's reply were rebuttal evidence to Ms. Porreca's contention that she had not seen a disclaimer in Bristol's records, which, the EOPs obviously contained. (Dkt. 75-2 ¶¶ 14, 21.) Moreover, the EOPs were not "new" or "unknown" to Bristol since they were part of the records specifically cited and referenced by Ms. Porreca in her declaration, which she claimed to have reviewed. (Dkt. 75-2 ¶ 8). Therefore, the inclusion of the EOPs was proper, and Bristol's complaints to the contrary are wrong as a matter of law. *Burke*, 2010 WL 11549357, at *2-3.

Finally, Bristol does not explain how the Court's decision to admit and allow the disclaimers in the EOPs amounts to a basis to amend or alter the judgment. The Court's decision has one line referencing the disclaimers in the EOPs, (Dkt. 77 at 9), which were confirmatory evidence of the automated disclaimers played by the IVR system. (*Id.* at 8.)  Moreover, as the Court correctly recognized, Bristol completely failed to put forward any evidence of an agreement to pay UCR rates by Cigna (*id.* at 9), so, even if the Court were to exclude the disclaimers as Bristol asks, Bristol would still lose.  Thus, the Court's reliance on these documents cannot be a manifest injustice, since that reliance would not change the outcome of the decision, and is therefore not a basis sufficient to alter or amend the judgment under Rule 59(e).

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

### B.     Bristol's Motion Should Be Denied Pursuant to Rule 60(b).

Of the six circumstances that can give rise to vacating a final order under Rule 60(b), Bristol initially claims that only three are in play here: (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; and (3) fraud. (Mot. at 2.) But Bristol does not come close to putting forth an evidentiary basis sufficient to demonstrate that any of these circumstances occurred in this case. Rather, Bristol merely continues the litany of complaints about the Court's decision while making excuses for Bristol's own inaction. Thus, the Motion clearly fails under Rule 60(b).

Bristol's primary claim of "misconduct" by Cigna is to argue that Cigna was "incorrect" to claim in Cigna's summary judgment motion and reply that Cigna produced the disclaimers relied upon in the motion before filing the motion. (Mot. at 20.) But it is Bristol that is incorrect. As Bristol admits, the disclaimers were sent "hours before the motion was filed later that same day" so Cigna's statements were, in fact, correct. (*Id.*) Moreover, Cigna notified Bristol that Cigna would be producing the disclaimers nearly a week before Cigna filed the summary judgment motion, a fact that Bristol omits from the Motion. (Dkt. 76-1 ¶ 4.) In reality, Bristol's main complaint is not that Cigna engaged in some kind of misconduct or fraud—Cigna clearly disclosed what it was doing—but that the Court did not strike the evidence Cigna submitted as Bristol requested. As explained above, Bristol's unsuccessful litigation strategy of electing to take no additional discovery in favor of a risky motion to strike is not a basis to overturn the judgment under Rule 60(b).

Bristol's remaining arguments for the Rule 60(b) portion of the Motion are just reformulations or repeats of the Rule 59(e) arguments. Cigna will briefly address these arguments, but, to the extent not addressed by Cigna below, these arguments fail for the same reasons set forth in Section A above.

***First***, Bristol again challenges the Court's reliance on the EOPs, but as explained above, this was proper rebuttal evidence that was authenticated by Ms.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

Porreca and properly submitted with Cigna's reply. This challenge fails under Rule 59(e) or 60(b).

**Second**, Bristol is wrong that Exhibit A to the Porreca declaration creates a genuine issue of fact, since these records fail to include any reference or indication that Cigna agreed to pay Sure Haven some percentage of "UCR." Moreover, Bristol admits that Cigna provided the Court with examples of these records at summary judgment, and Bristol's attempt to gin up a disputed fact is not a reason for the Court to grant Bristol's Motion under Rule 60(b).

**Third**, Bristol repeats the bizarre argument that the disclaimers in Cigna's EOPs supports Bristol's claim that an agreement was formed. As explained above, the Court correctly held that both of Cigna's disclaimers "made clear that the calls did not guarantee coverage." (Dkt. 77 at 8.) Bristol cites no case or authority to the contrary.

**Fourth**, Bristol claims that the Court was wrong to rely on, *Sepulveda v. Wal-Mart Stores, Inc.*, 237 F.R.D. 229 (C.D. Cal. 2006), *aff'd in part, rev'd in part*, 275 F. App'x 672 (9th Cir. 2008), *opinion vacated on reh'g*, 464 F. App'x 636 (9th Cir. 2011), *and aff'd*, 464 F. App'x 636 (9th Cir. 2011), because the decision made was at the class certification stage, not summary judgment. (Mot. at 23-24.) But the holding from *Sepulveda* that the Court relied upon, which is that striking a declaration is a "harsh" remedy that should be avoided, is one that applies equally at class certification and summary judgment. Bristol also argues that the party seeking to strike the additional declaration in *Sepulveda* was provided the opportunity to take additional discovery. (*Id.* at 24.) But Bristol had the same opportunity in this case and did nothing.

Finally, Bristol argues several times in the Motion that the discovery deadline had passed when Cigna produced the disclaimers and therefore Bristol should not have had to seek additional discovery from Cigna regarding the disclaimers. (*Id.* at 25.) But, as the Court recognized at summary judgment, once the disclaimers were produced, Bristol had several mechanisms available to take additional discovery, but failed to avail itself of **any** of them. (Dkt. 77 at 6.) Instead, Bristol exclusively relied on the

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

motion to strike and hoped the Court would not consider the disclaimers at all, no doubt because the disclaimers undercut Bristol's claims. As explained above, Bristol's dissatisfaction with its own litigation strategy is not a basis to vacate the judgment under Rule 60(b), and the Motion can be denied.

## V.    **CONCLUSION**

Based on the foregoing, Cigna respectfully requests that the Court deny the Motion pursuant to Rules 59(e) and 60.

Dated: November 16, 2020          **MCDERMOTT WILL & EMERY LLP**

By:    */s/ William P. Donovan, Jr.*
WILLIAM P. DONOVAN, JR.
Attorneys for Defendants
CIGNA HEALTH AND LIFE
INSURANCE COMPANY; CIGNA
BEHAVIORAL HEALTH, INC.

**PROOF OF SERVICE**

I, Susanne Woods, declare:

I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206.  On November 16, 2020, I served a copy of the within document(s):

**DEFENDANTS CIGNA HEALTH AND LIFE INSURANCE COMPANY AND CIGNA BEHAVIORAL HEALTH, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION PURSUANT TO RULE 59 & 60**

☒   by transmitting via e-mail the document(s) listed above to the e-mail addresses set forth below on this date before 5:00 p.m.

☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☒   by placing the document(s) listed above in a sealed FEDERAL EXPRESS envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FEDERAL EXPRESS agent for delivery.

☐   By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

| | |
|---|---|
| Jennifer R. Liakos, Esq.<br>Matthew M. Lavin, Esq.<br>Wendy A. Mitchell, Esq.<br>NAPOLI SHKOLNIK<br>5757 W. Century Blvd., Suite 680<br>Los Angeles, CA 90045<br><br>Email: jliakos@napolilaw.com<br>        MLavin@napolilaw.com<br>        WAMitchell@napolilaw.com<br>Telephone: (310) 331-8224<br>Fax Number: Unavailable | Attorneys for Plaintiff Bristol SL Holdings, Inc. |
| John W. Tower, Esq.<br>LAW OFFICE OF JOHN TOWER<br>2211 Encinitas Blvd. 2nd Floor<br>Encinitas, CA 92024<br><br>Email: Towerlawsd@gmail.com<br>Telephone: (760) 436-5589<br>Fax Number: (760) 479-0570 | Attorneys for Plaintiff Bristol SL Holdings, Inc. |

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

1       I am readily familiar with the firm's practice of collection and processing correspondence

2   for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

3   day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

4   motion of the party served, service is presumed invalid if postal cancellation date or postage meter

5   date is more than one day after date of deposit for mailing in affidavit.

6       I declare that I am employed in the office of a member of the bar of this court at whose

7   direction the service was made.

8       Executed on November 16, 2020, at Los Angeles, California.

9

10   Susanne Woods

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES