UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | #78(12/7) |
|---|---|---|---|
| Case No. | SACV 19-709 PSG (ADSx) | Date | December 2, 2020 |
| Title | Bristol SL Holdings, Inc. et al v. CIGNA Health Life Insurance Company et al | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** The Court DENIES the motion to reconsider

Before the Court is a motion for reconsideration filed by Plaintiff Bristol SL Holdings ("Plaintiff" or "Bristol"). *See* Dkt. # 78 ("*Mot.*"). Defendants Cigna Health and Life Insurance Company and Cigna Behavioral Health, Inc. ("Defendants" or "Cigna") opposed. *See* Dkt. # 83 ("*Opp.*"). Plaintiff did not reply. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving and opposing papers, the Court **DENIES** Plaintiff's motion.

I. Background

    A. Factual Background

The Court set forth the full factual and procedural background for this case in its September 23, 2020, summary judgment order ("September 23 Order"). *See generally September 23, 2020 Order Granting Defendants' Motion for Summary Judgment*, Dkt. # 77 ("*September 23 Order*"). The Court repeats the relevant background here.

Plaintiff is the successor in interest to Sure Haven, a now-bankrupt mental health and substance abuse treatment center. *See Defendants' Statement of Undisputed Facts*, Dkt. # 73-1 ("*DUF*"), ¶¶ 1–2.[1] Defendant Cigna provided health benefits coverage to Sure Haven's patients. *See id.* ¶ 3.

---

[1] Plaintiff disputes this and many other facts in *Plaintiff's Statement of Genuine Disputes of Material Facts*, Dkt. # 75-1 ("*PDF*"). Like in the September 23 Order, the Court relies on the DUF where the disputes are not material.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-709 PSG (ADSx) | Date | December 2, 2020 |
|---|---|---|---|
| Title | Bristol SL Holdings, Inc. et al v. CIGNA Health Life Insurance Company et al | | |

Sure Haven was an "out-of-network" provider to Cigna during the relevant time period, meaning Sure Haven did not have a written contract with Cigna that dictated whether and to what extent medical or mental health services would be covered. *See Plaintiff's Statement of Genuine Disputed Facts*, Dkt. # 75-1 ("*PDF*"), ¶ 5; *DUF* ¶ 5; *Declaration of Emily D. Russell*, Dkt. # 73-2 ("*Russell Decl.*"), ¶ 8. Instead, out-of-network providers like Sure Haven often call Cigna to verify whether a patient is covered before admitting or providing treatment. *See Russell Decl.* ¶ 10. These phone calls are referred to as "Verification of Benefits" calls. *See id.* ¶ 11. Out-of-network providers also call Cigna to authorize services prior to certain treatments when required by the patient's health benefits plan. *See id.* ¶ 17. These phone calls are referred to as either "Pre-authorization" or "Authorization" calls. *See id.* ¶ 18; *see also Declaration of Tanisha Porreca*, Dkt. # 75-2 ("*Porreca Decl.*"), ¶ 16.

At issue in this case are 106 verification calls and 706 authorization calls[2] made by Sure Haven to Cigna from January 1, 2015, until December 31, 2015.[3] *See PDF*, ¶¶ 1–3; *PDF* ¶ 4. Plaintiff submits that "Cigna explicitly authorized and approved all healthcare services for all patients before the services were rendered." *See PUF* ¶ 4. Although invoices were timely sent to Cigna for each claim at issue, Cigna has failed to make any payments for the claims. *See id.* ¶¶ 5–6.

Defendants assert that Cigna employees could not have entered into binding commitments to pay providers such as Sure Haven because they were not authorized to do so. *See DUF* ¶¶ 11. All claims must be processed by Cigna's claims department before payments are made. *See id.* ¶ 12. Further, in 2015, Cigna's practice was to play a disclaimer before every verification and authorization call. *See id.* ¶¶ 13, 20. Calls to Cigna phone numbers went through an Interactive Voice Response ("IVR") system, where providers could choose the purpose of their call. *See id.* ¶¶ 13, 16, 20. When a provider selected the "Pre-authorization" option, the following disclaimer played:

> Please be aware, pre-approval is not a guarantee of coverage. Coverage and covered services are contingent upon the patient's eligibility on the date(s) services are rendered and the patient's covered services plans and policies. Coverage and

---

[2] Defendants assert that, for 10 of the patients at issue, Sure Haven called phone numbers that were not associated with Cigna. *See DUF* ¶ 22. Plaintiff disagrees, claiming that Sure Haven contacted Cigna for each verification and authorization at issue, when required. *See PDF* ¶ 22.

[3] The parties dispute whether the dates of service at issue were between January 1, 2015, and December 28, 2015, or whether the dates of service extend through December 31, 2015. *See PDF* ¶ 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-709 PSG (ADSx) | Date | December 2, 2020 |
|---|---|---|---|
| Title | Bristol SL Holdings, Inc. et al v. CIGNA Health Life Insurance Company et al | | |

> covered services also may be dependent on your CIGNA HealthCare network participation. If you are not a participating provider in the plan's network, out-of-network covered services may apply.

*See id.* ¶ 20. A similar disclaimer played when a provider selected the "Eligibility" or "Verification of Benefits" options. *See id.* ¶ 16. Defendants assert that callers could not opt out of hearing the disclaimer before either type of call. *See id.* ¶¶ 17, 21. Furthermore, a similar disclaimer was printed on Explanation of Benefits reports ("EOBs") sent to Cigna in 2015. *See* Dkt. # 76-3.

    B.    Procedural Background

Plaintiff filed suit on April 15, 2019, asserting twelve causes of action. *See Complaint*, Dkt. # 1. After several rounds of motions with the Court, the remaining causes of action at summary judgment were:

First Cause of Action: Breach of Express Oral Contract. *See Second Amended Complaint*, Dkt. # 50 ("*SAC*"), ¶¶ 86–113.

Second Cause of Action: Breach of Implied Contract. *See id.* ¶¶ 114–33.

Third Cause of Action: Promissory Estoppel. *See id.* ¶¶ 134–46.

Defendants then moved for summary judgment on all claims. *See generally* Dkt. # 73 ("*MSJ*"). Plaintiff opposed the motion and asked the Court to strike and not consider the declarations of Krista Snow ("Snow Declaration") and Emily Russell ("Russell Declaration") because Defendants failed to produce this evidence or include Snow and Russell in their initial disclosures, and Defendants were generally uncooperative during discovery. *See generally* Dkt. # 75 ("*MSJ Opp.*").

On September 23, the Court granted Defendants' motion for summary judgment. *See generally September 23 Order*. First, the Court declined to strike the Russell and Snow Declarations because Plaintiff failed to advise the Court of Defendants' behavior earlier, and, rather than informing the Court, Plaintiff sought "the harsh remedy of striking Defendants' evidence." *See id.* at 6–7. Next, the Court granted Defendants' motion on the first and second causes of action for breach of oral and implied contract because Plaintiff did not offer any evidence that Cigna consented to a contract, and, moreover, the disclaimers before each call and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-709 PSG (ADSx) | Date | December 2, 2020 |
|---|---|---|---|
| Title | Bristol SL Holdings, Inc. et al v. CIGNA Health Life Insurance Company et al | | |

printed on the EOBs weighed against finding that Cigna consented to a contract. *See id*. at 9–10. Finally, the Court granted the summary judgment motion on the promissory estoppel claim because Plaintiff failed to provide evidence of the promises Cigna employees made on the calls. *See id*. at 10–11.

Now, Plaintiff moves for reconsideration, (A) offering new evidence and arguing (B) the Court misapprehended the law and facts, (C) the September 23 Order constitutes manifest injustice, and (D) the judgment was obtained through misconduct. *See generally Mot*. The Court disagrees on all grounds, and therefore **DENIES** the motion for reconsideration.

II.     Legal Standard

Two legal standards govern Plaintiff's motion for reconsideration: (1) Federal Rules of Civil Procedure 59(e) and 60(b) and (2) Local Rule 7-18.

   A.     Federal Rules of Civil Procedure

"A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). Absent "highly unusual circumstances," relief under Rule 59(e) is appropriate only where (1) the moving party presents newly discovered evidence to the court, (2) the court committed clear error, or (3) there is an intervening change in the controlling law. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Additionally, Rule 60 allows a court to grant relief based on "fraud, . . . misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3).

   B.     Local Rules

Local Rule 7-18, provides:

A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-709 PSG (ADSx) | Date | December 2, 2020 |
|---|---|---|---|
| Title | Bristol SL Holdings, Inc. et al v. CIGNA Health Life Insurance Company et al | | |

decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

III.  Discussion

In its motion, Plaintiff (A) purports to offer new evidence and argues (B) the Court misapprehended the law and facts, (C) the September 23 Order constitutes manifest injustice, and (D) the judgment was obtained through misrepresentation. *See generally Mot*. The Court disagrees on all grounds, and takes each argument in turn.

A.  Newly Discovered or Previously Unavailable Evidence

Plaintiff argues the motion should be granted based on newly discovered or previously unavailable evidence. *See Mot*. 2:1–21. For evidence to qualify as "newly discovered or unavailable evidence under Rule 59(e)," Plaintiff must show that it "was [1] discovered after the judgment, . . . [2] could not be discovered earlier through due diligence, and [3] is of such a magnitude that had the court known of it earlier, the outcome would likely have been different." *Dixon v. Wallowa Cty.*, 336 F.3d 1013, 1022 (9th Cir. 2003).

Here, Plaintiff offers two possible pieces of "newly discovered or unavailable evidence," neither of which warrants amendment or alteration under Rule 59(e).

First, Plaintiff offers the Declaration of Cynthia Wofford ("Wofford Declaration") as evidence to create a factual dispute regarding the disclaimer played on verification and authorization calls. *See generally Declaration of Cynthia Wofford*, Dkt. #78-2 ("*Wofford Decl.*"). Plaintiff does not allege that this evidence was discovered after the judgment or that it could not have been discovered earlier through due diligence. The law is clear that "[e]vidence is not 'newly discovered' under the Federal Rules if it was in the moving party's possession at the time of trial or could have been discovered with reasonable diligence." *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987).

Second, Plaintiff argues that the Court should consider Exhibit A to the Declaration of Tanisha Porreca ("Exhibit A"), which Plaintiff tried but failed to attach to its opposition to the summary judgment motion. *See Mot*. 3:16–5:26; *September 23 Order* at 9 n.4 ("Porreca mentions three exhibits in her declaration, however, it appears that she failed to attach 'Exhibit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-709 PSG (ADSx) | Date | December 2, 2020 |
|---|---|---|---|
| Title | Bristol SL Holdings, Inc. et al v. CIGNA Health Life Insurance Company et al | | |

A'"). Plaintiff claims the failure to attach Exhibit A was the result of a software error, and that this failure "merits reversal of [the] Order . . . as the Exhibit raises genuine issues of material fact and its omission was due to a technical error in the filing of the document." *See Mot*. 3: 16–19.

Plaintiff's argument lacks merit. As an initial matter, Plaintiff fails to cite any caselaw or authority stating that technical error counts as "newly discovered or previously unavailable" evidence. Furthermore, the Court considered the contents of the records in Exhibit A when it rendered its decision because Defendants filed examples of those records with their reply to Plaintiff's opposition. *See Opp*. 6:5–11; *Declaration of William Donovan*, Dkt. # 76-1 ("*Donovan Decl*."), ¶¶ 2–3, Ex. A. Plaintiff acknowledges that examples of the records in Exhibit A were before the Court when it rendered its decision, *see Mot*. 3:23–28, yet Plaintiff fails to explain how this evidence was somehow "undiscovered" or "new."

Moreover, Exhibit A does not support Plaintiff's argument. Plaintiff contends that the records, made contemporaneously by Sure Haven employees while on verification and authorization calls with Cigna employees, prove that Cigna agreed to pay a certain percentage of the "usual, customary and reasonable rate" or "UCR" during each call. *Id*. at 4–5. Plaintiff is incorrect. The closest the records come to including a price is a notation indicating the percentage covered regarding a given treatment plan—i.e. "Sub-Acute Detox % Covered 50.00%." *See Declaration of Tanisha Porreca attached to Mot*., Dkt. # 77-1, Ex. A at CIGNA00000139. But the records themselves never mention the term UCR, and thus they do not demonstrate that Cigna promised to pay for a specific service at a specific price. *See Stanford Hosp. & Clinics v. Multinat'l Underwriters, Inc.*, No. C-07-05497 JF (RS), 2008 WL 5221071, at *7 (N.D. Cal. Dec. 12, 2008) ("[T]here was no meeting of the minds regarding the payment of the claim" because the plaintiff only offered evidence of its own state of mind).

Accordingly, Plaintiff has failed to offer "newly discovered or previously unavailable evidence," and the Court **DENIES** the motion on this ground.

B.  Manifest Error of Fact or Law

Plaintiff also argues the Court committed manifest, or clear, error. *See Mot*. at 6–13; *see also Pet Food Exp. Ltd. v. Royal Canin USA, Inc.*, No. C-09-1483 EMC, 2011 WL 6140874, at *4 (N.D. Cal. Dec. 8, 2011) (A "manifest error is synonymous with a clear error"). "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-709 PSG (ADSx) | Date | December 2, 2020 |
|---|---|---|---|
| Title | Bristol SL Holdings, Inc. et al v. CIGNA Health Life Insurance Company et al | | |

conviction that a mistake has been committed.'" *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).

Plaintiff contends that the Court clearly erred by (1) overlooking or misapprehending that authorization and benefits quoted and communicated to a healthcare provider constitutes a promise to pay, *see Mot*. at 12, and (2) considering Cigna's evidence of the auditory and written disclaimers and misapprehending their importance, *see id*. at 6–7, 12–13. The Court takes each argument in turn.

> i. *Authorization and Benefits Quoted to a Healthcare Provider Do Not Necessarily Constitute a Promise to Pay*

Plaintiff argues that, in analyzing the promissory estoppel claim, the September 23 Order overlooked "decisions recognizing that, when an insurance company verifies coverage *and* authorizes treatment to a health care provider, 'it should realize that either it is consenting to the payment of plan benefits or it should accept [the] consequences for a false representation of coverage that the provider reasonably relied upon.'" *See id*. 12:19–23 (quoting *Hoag Mem'l Hosp. v. Managed Care Adm'rs*, 820 F. Supp. 1232, 1236 (C.D. Cal 1993)).

Plaintiff cites several cases to support its argument, none of which is sufficient to demonstrate that the Court clearly erred. For example, Plaintiff's reliance on *Hoag* is unavailing because it was decided on a motion to dismiss, not a motion for summary judgment. 820 F. Supp. at 1233. Here, unlike at the motion to dismiss stage in *Hoag*, Plaintiff needed to present *evidence* that Cigna employees made promises in order to overcome a motion for summary judgment. And as the Court explained in the September 23 Order, it is unreasonable for providers to rely on "pre-authorization or authorization to be an agreement or guarantee for the services rendered to the insured." *Tenet Healthsys. Desert, Inc. v. Fortis Ins. Co.*, 520 F. Supp. 2d 1184, 1193 (C.D. Cal. 2007).

Plaintiff's reliance on *Regents of Univ. of Cal. v. Principal Fin. Grp.*, 412 F. Supp. 2d 1037 (N.D. Cal. 2006) is likewise unpersuasive. *See Mot*. at 12–13. In *Principal Financial Group*, the provider treated the patient for sixteen days after verifying coverage with the insurer and obtaining written authorization six times from the insurer. *See* 412 F. Supp. at 1040. The insurer then denied coverage based on an explicit policy exclusion that barred coverage for injuries from criminal activity. *See id*. The court denied Defendant's motion for summary judgment on Plaintiff's estoppel claim because triable issues existed as to (1) whether "defendants made a material omission" regarding the policy's exclusion, (2) which party was in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-709 PSG (ADSx) | Date | December 2, 2020 |
|---|---|---|---|
| Title | Bristol SL Holdings, Inc. et al v. CIGNA Health Life Insurance Company et al | | |

a better position to research whether a particular exclusion might apply, (3) whether the insurer intended that the provider treat the patient, and (4) whether the provider was induced by the insurer's omission. *See id*. at 1046. The Court also noted that the parties did not submit evidence of industry custom, and it "permit[ted] a renewed challenge to plaintiff's estoppel claim if and when the parties produce sufficient evidence of industry custom." *See id*.

While this case tends to support Plaintiff's position, at best, it shows that there is caselaw in favor of both arguments. There are numerous decisions made by district courts within the Ninth Circuit that have held that pre-authorization is insufficient to establish reasonable reliance. *See, e.g. TML Recovery, LLC v. Humana Inc.*, No. SACV1800462AGJDEX, 2019 WL 3208807, at *4 (C.D. Cal. Mar. 4, 2019) (dismissing the plaintiffs' promissory estoppel claim where the plaintiffs "improperly rel[ied] on the defendants' alleged authorization and verification of benefits"); *Tenet Healthsys.*, 520 F. Supp. 2d at 1193 (granting summary judgment for insurer because it was unreasonable for the plaintiff to rely on the insurer's authorization); *Summit Estate, Inc. v. Cigna Healthcare of Cal., Inc.*, No. 17-CV-03871-LHK, 2017 WL 4517111, at *6 (N.D. Cal. Oct. 10, 2017) ("Under California law, these representations by Defendants—which are merely representations about the terms of certain insurance policies—do not amount to a clear and unambiguous promise by Defendants to pay for substance abuse treatment services at the UCR."). The Court did not clearly err by crediting these more recent decisions, made primarily by courts in this district.

Next, Plaintiff argues the Court overlooked evidence that "Cigna never asked for any of the 106 patients to be discharged or otherwise transferred from Sure Haven," and "[i]nstead Cigna allowed and continued to authorize all 106 patients to remain at Sure Haven." *See Mot*. 13:8–15. Plaintiff contends that Cigna's actions "clearly manifested a request that Sure Haven treat the patients up until the time that such treatment was no longer medically necessary." *See id*. However, Plaintiff cites no authority for the notion that permitting a patient to receive treatment is sufficient grounds for a provider's reasonable reliance. Thus, the Court is not left with the "definite and firm conviction" that it erred because Plaintiff cannot cite any authority to support its argument. *Smith*, 727 F.3d at 955.

Finally, Plaintiff cites to California Insurance Code § 796.04, which states that an insurer "that authorizes a specific type of treatment for services under a policyholder's contract or plan by a provider shall not rescind or modify this authorization after the provider renders the health care service in good faith and pursuant to the authorization for any reason." *See Mot*. 11:26–12:2. It is unclear how Plaintiff expects the Court to use this statute in evaluating its September 23 Order. Plaintiff asserts that by overlooking this statute the September 23 Order

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-709 PSG (ADSx) | Date | December 2, 2020 |
|---|---|---|---|
| Title | Bristol SL Holdings, Inc. et al v. CIGNA Health Life Insurance Company et al | | |

"re-legislate[d] a statute and eviscerate[d] the legal import of an authorization." *See Mot*. 12:3–5. If this is true, then numerous courts interpreting California law have done the same. *See, e.g.*, *TML Recovery*, 2019 WL 3208807 at \*4; *Summit*, 2017 WL 4517111 at \*6; *Tenet Healthsys.*, 520 F. Supp. 2d at 1193; *Stanford Hosp. & Clinics*, 2008 WL 5221071 at \*7; *Regents of the Univ. of Cal. v. Aetna US Health of Cal., Inc.*, No. SACV101043DOCRNBX, 2011 WL 13227844, at \*5 (C.D. Cal. Mar. 15, 2011). Plaintiff has failed to establish that the Court committed manifest error by crediting these cases.

Accordingly, the Court **DENIES** the motion for reconsideration on this ground.

> ii.     *The Disclaimers*

Plaintiff argues that the Court's reliance on the disclaimers was improper for various reasons. *See Mot*. at 6–7, 12–13. None of these arguments require amendment of the September 23 Order.

First, Plaintiff repeats arguments that it made in its opposition to the summary judgment motion. *Compare Mot*. at 6–9 *with MSJ Opp*. at 15; *Mot*. at 13–15 *with MSJ Opp*. at 21–23. These repeat arguments are improper on a Rule 59(e) motion. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); L.R. 7-18.

Second, Plaintiff misconstrues the role the disclaimers played in the Court's opinion. The Court did not rely on the disclaimers at all in holding that Plaintiff had failed to establish its estoppel claim. *See September 23 Order* at 10–11. As for the breach of oral and implied contract claims, the September 23 Order indicates that the disclaimers provided *additional support* for the ruling. *See id*. at 7–10. The primary reason the Court granted Defendants' motion for summary judgment was the lack of evidence in the record regarding the promises Cigna employees made on the verification and authorization calls. *See id*.

Third, Plaintiff argues the Court improperly considered the auditory disclaimers because they constituted "hearsay within hearsay," in violation of Federal Rules of Evidence 802 and 1002, because Cigna did not provide a transcript of the calls or take any depositions of Sure Haven employees to confirm the disclaimer was played. *See Mot*. 8:3–20. Even if Plaintiff is correct, the written disclaimers on the EOBs alone provide additional evidence of the lack of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-709 PSG (ADSx) | Date | December 2, 2020 |
|---|---|---|---|
| Title | Bristol SL Holdings, Inc. et al v. CIGNA Health Life Insurance Company et al | | |

mutual assent.[4] Plaintiff argues these EOBs were received after Sure Haven administered service, and therefore could not disclaim past services, but they provide a general disclaimer that "[a] coverage determination, prior authorization, or certification that is made prior to a service being performed is not a promise to pay for the service at any particular rate or amount." *See Donovan Decl.*, Ex. A at CIGNA00000029. Thus, once Sure Haven received its first EOB from Cigna, it was clear that Cigna intended to disclaim any future authorization.

Accordingly, even if Plaintiff is correct that the Court improperly considered the auditory disclaimers, disregarding these disclaimers does not mandate amendment under Rule 59(e) because "the error must be one on which the final judgment was predicated, [and] the error must be one that would alter the outcome of the case." *Pet Food Exp.*, 2011 WL 6140874 at *4. As such, the Court **DENIES** the motion on this ground.

C.  Manifest Injustice

Plaintiff also argues the September 23 Order constitutes manifest injustice. *See Mot.* at 15–20. "In determining whether a decision could result in manifest injustice, we examine whether it would upset settled expectations—expectations on which a party may reasonably rely." *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018). "[M]anifest injustice "does not exist where ... a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." *Id.* (citing *Ciralsky v. CIA*, 355 F.3d 661, 665 (D.C. Cir. 2004)).

Here, Plaintiff again misunderstands the Court's order and reiterates the same arguments it made in its opposition to the summary judgment motion. For example, Plaintiff argues that it relied on Judge Guilford's determination that Plaintiff's *allegations* were sufficient to overcome a motion to dismiss. *See Mot.* at 15–16. Plaintiff made this argument in its opposition to the summary judgment motion, *see MSJ Opp.* at 15, and therefore it is improper under Rule 59(e), *Backlund*, 778 F.2d at 1388; L.R. 7-18. Regardless, the standard at summary judgment is

---

[4] Plaintiff also argues it was improper for the Court to consider the written disclaimers. *See Mot.* 22:5–23:10. However, Plaintiff admits that it attempted to submit these very same records along with Exhibit A to the Porreca Declaration, but failed to do so due to a technical error. *See id.* 3:23–28. Plaintiff's own declaration purported to authenticate these very documents. *See Porreca Decl.* ¶¶ 8–13. Thus, these documents were authenticated by Tanisha Porreca and admissible as party admissions under Federal Rule of Evidence 801(d). *See Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996) n.12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-709 PSG (ADSx) | Date | December 2, 2020 |
|---|---|---|---|
| Title | Bristol SL Holdings, Inc. et al v. CIGNA Health Life Insurance Company et al | | |

different than the standard at a motion to dismiss. Plaintiff needed to provide *evidence* of Cigna's promises, not mere *allegations*. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (at summary judgment, the movant can prevail by pointing out that there is an absence of *evidence* to support the moving party's case).

Plaintiff's arguments regarding the import of the term UCR similarly miss the mark. Plaintiff asserts that Cigna never alleged it lacked understanding of the meaning of UCR, and that "[e]veryone in the industry understands UCR." *See Mot*. 16:5–17:9. But the September 23 Order held that Plaintiff failed to put forth evidence of Cigna's promises to pay at a percentage of UCR, *see September 23 Order* at 9, not that UCR does or does not have a certain meaning within the industry, or that Cigna does not know the definition of UCR. Again, Plaintiff fails to understand that its own lack of evidence provided the basis for the September 23 Order.

Finally, Plaintiff argues it was manifest injustice for the Court to consider the auditory and written disclaimers because it was "completely sandbagged" by the submission of this evidence. *See Mot*. 17:10–20:7. Plaintiff misunderstands the Court's reasoning for denying the request to strike the declarations. In its opposition to the summary judgment motion, Plaintiff argued that Defendants' conduct during discovery was improper—e.g., "Defendant identified no witnesses during discovery" and "Cigna effectively produced nothing in this case." *See MSJ Opp*. at 2–3. However, as the Court explained in the September 23 Order, Plaintiff failed to bring these matters to the Court's attention *during the discovery process*, and instead relied on an assumption that the Court would grant the "harsh remedy" of striking the evidence at summary judgment. *See September 23 Order* at 6–7 ("Plaintiff failed to alert the Court to Defendant's behavior *as the discovery cut-off date approached*." (emphasis added)).

More importantly, the Court has already explained that excluding evidence of the auditory disclaimers would not change the result. *See supra*, III.B.ii. The Court primarily relied on the lack of evidence of specific terms and mutual assent to contract, and the auditory disclaimer only provided additional support. *Id*. Furthermore, as explained in footnote 4 *supra*, the Court properly relied on the written disclaimer printed on the EOBs because Plaintiff itself authenticated and attempted to submit these reports. *See Mot*. 3:23–28. This written disclaimer provides further evidence confirming the propriety of the September 23 Order.

Accordingly, Plaintiff has failed to establish manifest injustice, and the Court **DENIES** the motion on this ground.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-709 PSG (ADSx) | Date | December 2, 2020 |
|---|---|---|---|
| Title | Bristol SL Holdings, Inc. et al v. CIGNA Health Life Insurance Company et al | | |

D.     Misconduct

Plaintiff argues the Court should set aside the September 23 Order under Rule 60(b)(3), *see Mot*. 20:10–21:16, which "permits a losing party to move for relief from judgment on the basis of 'fraud, . . . misrepresentation, or other misconduct of an adverse party.'" *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (citing Fed. R. Civ. P. 60(b)(3)). "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Id*.

Plaintiff argues Defendants committed misconduct by failing to produce the auditory disclaimers before the close of discovery, and that the EOB disclaimers are inadmissible. *See Mot*. 20:10–21–16. The Court has already addressed these arguments and will not address them again here.

Accordingly, the Court **DENIES** the motion on this ground.

IV.    Conclusion

For the foregoing reasons, the Court **DENIES** the motion to reconsider.

**IT IS SO ORDERED.**