MCDERMOTT WILL & EMERY LLP
William P. Donovan, Jr. (SBN 155881)
wdonovan@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: +1 310 277 4110
Facsimile: +1 310 277 4730

Richard W. Nicholson, Jr. (*pro hac vice*)
rnicholson@mwe.com
Richard D. Diggs (*pro hac vice*)
rdiggs@mwe.com
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: +1 212-547-5337
Fascimile: +1 212547-5444

Attorneys for Defendants
CIGNA HEALTH AND LIFE
INSURANCE COMPANY; CIGNA
BEHAVIORAL HEALTH, INC.

MANDATORY
CHAMBERS COPY

FILED
CLERK, U.S. DISTRICT COURT
OCT -7 2022
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

LINK #120

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

BRISTOL SL HOLDINGS, INC., a California corporation, in its capacity as the assignee for SURE HAVEN, INC., a California corporation,

    Plaintiff,

v.

CIGNA HEALTH AND LIFE INSURANCE COMPANY, a Connecticut corporation; CIGNA BEHAVIORAL HEALTH, INC., a Connecticut corporation; and DOES 1 through 10, inclusive,

    Defendants.

CASE NO. 8:19-cv-00709-PSG-ADS

[PROPOSED] ORDER GRANTING JOINT STIPULATION FOR EXTENSION OF SUMMARY JUDGMENT DEADLINE AND PAGE LIMIT.

JUDGE: Hon. Philip S. Gutierrez
DEPT:  6A

[PROPOSED] ORDER

This Stipulation for Extension of the Summary Judgment Deadline and Page Limit (the "Stipulation") filed by Defendants Cigna Health and Life Insurance Company and Cigna Behavioral Health, Inc. ("Cigna" or "Defendants") and Plaintiff Bristol SL Holdings, Inc. ("Bristol" or "Plaintiff") (together, "the Parties") came on for hearing before the Honorable Philip S. Gutierrez presiding. The evidence and arguments presented having been fully considered, and the issues having been duly heard, it is hereby ORDERED that the Stipulation is GRANTED as follows:

1. On April 22, 2022, the Parties participated in a hearing before the Court where the Parties discussed with the Court a rough proposal for a discovery, motion, and trial schedule in light of the Ninth Circuit's ruling. At the hearing, the Court requested that the Parties meet and confer and memorialize an agreed-upon schedule and submit a stipulation to the Court for review and approval. (Dkt. 100.)

2. On April 29, 2022, the Parties submitted an agreed-upon schedule pursuant to the Court's request. (Dkt. 101.)

3. On May 2, 2022, the Court entered the Parties' agreed-upon schedule by Order. (Dkt. 103.)

4. On July 12, 2022, the Court entered an extension of the discovery deadlines, motion for summary judgment, a mediation deadline, and a trial date from the prior Scheduling Order that the Parties had agreed to by stipulation. (Dkt. 115.)

5. Pursuant to that Scheduling Order, the Parties completed document productions, that included thousands of documents, on August 31, 2022, and deposition discovery, which included nine depositions of witnesses, by September 21, 2022.

6. At this time, the Parties have completed discovery.

7. The current deadline for motions for summary judgment is October 12, 2022 and the deadline for the Parties to complete mediation is October 31, 2022.

8. The Parties have met and conferred and believe it would be more cost-effective and conserve judicial resources if the Parties complete mediation prior to filing motions for summary judgment in the event the matter can be resolved.

9. The Parties have exchanged names of mediators, and at least two mediators may be acceptable to both Parties and have been in contact with these mediators about scheduling a date for mediation.

10. Therefore, the Parties ask for a short, two-week extension of the summary judgment deadline in the Scheduling Order to complete mediation prior to the Parties submitting motions for summary judgment.

11. In the event the Parties need to file motions for summary judgment, pursuant to L.R. 11-6, the parties also request a short five-page extension of the page limit for memorandum of points and authority in support of motions for summary judgment and the subsequent oppositions to those motions. The Parties are not seeking an extension of the 12-page limit for replies.

12. The page extension is necessary to address the extensive factual record in the case, including thousands of documents and nine depositions, as well as several legal issues relevant to Bristol's four remaining claims and Cigna's affirmative defenses.

13. Accordingly, the Parties have met and conferred and respectfully request an extension of the summary judgment schedule and page limits as follows:

14. **Deadline for Motions for Summary Judgment**: Any motions for summary judgment from **October 12, 2022** to on or before **October 26, 2022**.

15. **Page Limit for Motions for Summary Judgment**: The Parties may file memorandum of points and authority in support of motions for summary judgment and oppositions to those motions that will not exceed **30 pages**.

16. This is the second request for an extension of the summary judgment deadline, and the first request for extension of the page limit for summary judgment memorandum of points and authority. The Parties agree that this extension would not

require an extension of the rest of the schedule or the trial date. For the foregoing reasons, there is good cause for the extension.

IT SO ORDERED.

Dated: __10/7__ , 2022

By: _____
HON. PHILIP S. GUTIERREZ