UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-0709 PSG (ADSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Bristol SL Holdings, Inc. v. Cigna Health Life Insurance Company et al | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING Defendants' motion for summary judgment.

Before the Court is a motion for summary judgment filed by Defendants Cigna Health and Life Insurance Company and Cigna Behavioral Health, Inc. ("Defendants" or "Cigna"). *See* Dkts. # 122, 124-1 ("*Mot.*"). Plaintiff Bristol SL Holdings, Inc. ("Plaintiff" or "Bristol") opposed, *see* Dkts. # 129, 133-1 ("*Opp.*"), and Cigna replied, *see* Dkt. # 136. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **GRANTS** the motion.

I. Factual Background

Bristol is the successor-in-interest to Sure Haven, a now-bankrupt for-profit substance abuse treatment center. *Defendants' Statement of Uncontroverted Facts*, Dkt. # 124-2 ("*DUF*"), ¶¶ 3, 6, 7 9.[1] A large portion of Sure Haven's revenue came from reimbursements from commercial insurance companies, including Cigna. *Id.* ¶¶ 4, 8, 36 75. And once Bristol became the assignee of Sure Haven's health benefit claims, Bristol sought to challenge Cigna's lack of payment for the claims of 106 Sure Haven patients from 2015 who purportedly had health plans

---

[1] Bristol disputes many of Cigna's facts in *Plaintiff's Statement of Genuine Disputes of Material Fact*, Dkt. # 133-2 ("*PDF*"). But many of the disputes fail to rely on evidentiary support. And under the Court's Local Rules, the Court may accept the moving party's material facts as undisputed if the facts are not "controverted by declaration or other written evidence filed in opposition to the motion." L.R. 56-3. The Court will therefore rely on facts contained in the *DUF* that are not properly disputed by Bristol. Further, the evidentiary objections in the *PDF* are overruled because to the extent that the Court relies on objected-to evidence, it relies only on admissible evidence. *See Godinez v. Alta-Dena Certified Dairy, LLC*, CV 15-01652 RSWL (SSx), 2016 WL 6915509, at *3 (C.D. Cal. Jan. 29, 2016).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-0709 PSG (ADSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Bristol SL Holdings, Inc. v. Cigna Health Life Insurance Company et al | | |

administered by Cigna and for which Sure Haven obtained assignments of benefits from the patients. *Id.* ¶ 8.

To understand why there is a dispute over 106 unpaid Sure Haven patient claims, the relationship between Cigna and Sure Haven must be understood.

    A.    <u>The Cigna and Sure Haven Relationship</u>

Cigna administers claims for healthcare benefits plans sponsored by employers. *Id.* ¶ 10. Cigna provides "self-funded" plans, also known as "administrative services only" or "ASO" plans, in which Cigna administers only the processing of claims; the claims are paid out of the funds of the employer sponsoring the plan. *Id.* ¶¶ 24  25. A vast majority of the claims at issue here are self-funded plans. *Id.* ¶ 24.

Sure Haven was an out-of-network provider, meaning that Cigna did not have a contractual arrangement with Sure Haven to pay certain rates. *Id.* ¶¶ 19  21. And with out-of-network coverage comes certain requirements. Sure Haven would need to conduct Verification of Benefits ("VOB") calls with Cigna to confirm that a Sure Haven patient had out-of-network benefits and to determine other details under the plan. *Id.* ¶ 91. Some health benefits plans also required Sure Haven to seek pre-authorization of services with Cigna prior to certain treatments. *Id.* ¶ 92. Further, for services provided by out-of-network providers, Cigna's health plans require a member to pay substantially higher cost-share to incentivize members to use lower-cost, in-network providers. *Id.* ¶ 22.

Cigna claims that fraud can often flourish with out-of-network substance abuse providers. *Id.* ¶¶ 26  35. One kind of scheme employed is called fee-forgiving where a provider does not bill and collect the full cost-share obligation for a patient. *Id.* ¶¶ 29  35. Fee-forgiving harms insurance arrangements, including the financial incentives that insurance plans use to steer patients to lower-cost, in-network providers. *Id.* ¶¶ 31  32.

At one point during their relationship, Cigna's Special Investigative Unit ("SIU") received a referral of potential excessive charges and unnecessary urine testing by Sure Haven. *Id.* ¶ 36. This prompted Cigna's SIU to conduct further investigation, and through that investigation, Cigna found evidence that led Cigna to suspect that Sure Haven was engaging in fee-forgiving. *Id.* ¶¶ 36  41. For example, Cigna explains that it sent letters to patients and received three responses suggesting waiver of cost-share through a purported scholarship

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-0709 PSG (ADSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Bristol SL Holdings, Inc. v. Cigna Health Life Insurance Company et al | | |

program. *Id.* ¶¶ 41 44. Cigna's communications with Sure Haven's representative also led Cigna to believe that Sure Haven had a fee-forgiving practice. *Id.* ¶¶ 45 49.

Based on the evidence collected, Cigna sent a letter to Sure Haven in February 2015 stating its suspicions regarding fee-forgiving and pointing to an exclusion provision in the Cigna plan that Cigna interpreted to deny coverage for claims based on Sure Haven's practices. *Id.* ¶ 50. A week later, Cigna applied a fee-forgiving flag on Sure Haven's claims, denying them unless Sure Haven provided evidence of collecting patients' full cost-share. *Id.* ¶ 52.

After placing the flag, Cigna continued to investigate Sure Haven. *Id.* ¶¶ 54 75. Cigna obtained from Sure Haven medical records for a sample of patients who received services from Sure Haven. *Id.* ¶¶ 56 58. Those records, and other provided by Sure Haven, indicated a lack of cost-sharing with patients. *Id.* ¶¶ 58 69. Cigna also sent out medical records provided by Sure Haven for independent review. *Id.* ¶¶ 69. That review led to a report indicating that Sure Haven was likely misrepresenting services, fee-forgiving, and billing for unnecessary urine screens. *Id.* ¶¶ 69 73. And in January 2016, Cigna told Sure Haven about the findings and updated the flag to deny Sure Haven's claims for services not rendered. *Id.* ¶¶ 74 75.

B.  <u>Cigna's Denial of Benefits</u>

In the February 2015 letter, Cigna referred to an exclusion provision in the Cigna plan that excludes payment for "charges which you are not obligated to pay or for which you are not billed or for which you would not have been billed except that they were covered under this plan." *Open Access Plus Medical Benefits Plus Plan*, Dkt. # 122-15, Exh. 9 ("*Plan*"), 15138; *Letter from Cigna to Sure Haven*, Dkt. 122-18, Exh. 12 ("*Cigna Letter*"), 28652; *see also* DUF ¶ 50.

The Plan also provides a section titled Discretionary Authority:

> The Plan Administrator delegates to Cigna the discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan. Such discretionary authority is intended to include, but not limited to, the determination of the eligibility of persons desiring to enroll in or claim benefits under the plan, the determination of whether a person is entitled to benefits under the plan, and the computation of any and all benefit payments. The Plan Administrator also delegates to Cigna the discretionary authority to perform a full and fair review as required by ERISA, of each claim

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-0709 PSG (ADSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Bristol SL Holdings, Inc. v. Cigna Health Life Insurance Company et al | | |

denial which has been appealed by the claimant or his duly authorized representative.

*Plan*, 15156.

In the Cigna Letter, Cigna stated that it interpreted the exclusion provision to mean that "[i]f a Cigna customer is not obligated to pay or billed a charge, any claim for reimbursement for any part of that charge under such a contract or benefit plan is not covered." *Cigna Letter*, 28653; *see also DUF* ¶ 50. It also stated that moving forward, Cigna would require proof of patient payment; until that was provided, Cigna would deny the submitted claim. *See Cigna Letter*, 28653; *see also DUF* ¶ 50.

For the claims that were then denied, Cigna provided an explanation of payment ("EOP") with the following remark code:

> See the exclusions page of your Cigna-administered plan document: Charges which you are not obligated to pay or for which you are not billed or for which you would not have been billed except that they were covered under the plan are not covered. Cigna will reconsider this claim once we see proof of your payment.

*Provider Explanation of Medical Benefits Report*, Dkt. 124-6, Exh. 16 ("*Claim Denials*"), 882.

    C.    <u>Bankruptcy and Bristol</u>

In July 2017, Sure Haven filed for bankruptcy. *DUF* ¶ 6. From those proceedings, Bristol purchased the assets of Sure Haven, including insurance claims held by Sure Haven. *Id.* ¶ 7. As successor-in-interest to Sure Haven, Bristol challenged Cigna's lack of payment for 106 Sure Haven patients. *Id.* ¶ 8.

II.    <u>Procedural Background</u>

Bristol filed suit on April 15, 2019. *See* Dkt. # 1. Cigna moved to dismiss, *see* Dkt. # 17, and the Court granted the motion with leave to amend, *see* Dkt. # 38. Bristol then filed a First Amended Complaint asserting one claim under the Employment Retirement Income Security Act ("ERISA") and ten state law claims. *See* Dkt. # 42. Cigna again moved to dismiss, *see* Dkt. # 43, and the Court granted in part and denied in part the motion, *see* Dkt. # 49. Relevant here, the Court ruled that Bristol lacked standing to bring a claim under ERISA because it was an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-0709 PSG (ADSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Bristol SL Holdings, Inc. v. Cigna Health Life Insurance Company et al | | |

assignee of a health care provider, and caselaw had not extended derivative standing to assignees of health care providers. *See id.* at 9.

The case then progressed with further amendments, motions to dismiss, and orders from the Court, until Cigna eventually moved for summary judgment on all remaining claims. *See* Dkts. # 50, 57, 61, 63, 70, 73. Those remaining claims were for breach of express and implied oral contract and promissory estoppel. *See* Dkt. # 77. The Court granted summary judgment in favor of Cigna. *See id.* Bristol sought reconsideration, *see* Dkt. # 78, and the Court denied the motion, *see* Dkt. # 85. Bristol also appealed to the Ninth Circuit Court of Appeals. *See* Dkt. # 79.

On appeal, the Ninth Circuit affirmed in part and reversed in part this Court's orders. In a published opinion, the court reversed this Court's ERISA-standing ruling and held that Bristol was entitled to derivative standing under ERISA. *See Bristol SL Holdings, Inc. v. Cigna Health & Life Ins. Co.*, 22 F.4th 1086, 1092 (9th Cir. 2022). It explained that "the first assignee as a successor-in-interest through bankruptcy proceedings who owns all of one healthcare provider's health benefit claims has derivative standing." *Id.* The Ninth Circuit also issued a memorandum disposition reversing in part and affirming in part this Court's summary judgment order. *See Bristol SL Holdings, Inc. v. Cigna Health & Life Ins. Co.*, No. 20-56122, 2022 WL 137547, at *1–2 (9th Cir. Jan. 14, 2022). It reversed this Court's order granting of summary judgment on Bristol's breach of contract and promissory estoppel claims because Bristol had presented sufficient evidence to show a triable issue of fact regarding the formation of a contract between Cigna and Sure Haven regarding payment for services. *See id.* at *1. The Ninth Circuit, however, affirmed this Court's other decisions to dismiss Bristol's fraudulent inducement claim and to deny Bristol's motion for leave to file a third amended complaint to add a cause of action for open book account. *See id.* at *2.

In ruling that Bristol's ERISA claim and state-law contractual claims were still viable, the court took care to note that "[i]n so ruling, [it] takes no position on whether any or all of Bristol's state law claims are preempted by ERISA [under 29 U.S.C. § 114(a)]." *Id.* at *1 n.3.

After the mandate was issued on February 7, 2022, *see* Dkt. # 94, this Court held a status conference with the parties, *see* Dkt. # 100, and allowed the parties to conduct additional discovery, *see* Dkt. # 103. With discovery closed, Cigna has now moved for summary judgment on all claims. *See Mot.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-0709 PSG (ADSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Bristol SL Holdings, Inc. v. Cigna Health Life Insurance Company et al | | |

III.  Legal Standard

"A party may move for summary judgment, identifying each claim or defense or the part of each claim or defense on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the nonmoving party will have the burden of proof at trial, the movant can prevail by pointing out that there is an absence of evidence to support the moving party's case. *See id.* If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all reasonable inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 31 (9th Cir. 1987). The evidence presented by the parties must be capable of being presented at trial in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

IV.  Discussion

Defendant explains to the Court the many ways in which it can prevail on summary judgment. The Court, however, need not wade through all the arguments because it finds two of Cigna's arguments to be dispositive. The Court finds that Bristol's ERISA claim fails because Cigna did not abuse its discretion in making its benefits determinations. The Court also concludes that Bristol's state-law claims are preempted under ERISA.

    A.  ERISA Benefits Determination

Cigna makes three arguments as to why it is entitled to summary judgment on Bristol's ERISA claim: (1) Bristol's claim for full billed charges fails; (2) Bristol did not exhaust

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-0709 PSG (ADSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Bristol SL Holdings, Inc. v. Cigna Health Life Insurance Company et al | | |

administrative remedies; and (3) Cigna did not abuse its discretion by denying Bristol's claims for fee-forgiving and services not rendered. *See Mot.* 15 22. Assuming without deciding that Cigna cannot prevail on the first two arguments, the Court agrees with Cigna on its third argument.

In reviewing an ERISA plan administrator's denial of benefits, the abuse of discretion standard is used when "the benefit plan gives the administrator the fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Muniz v. Amec Const. Mgmt., Inc.*, 623 F.3d 1290, 1295 (9th Cir. 2010) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). The plan "must unambiguously provide discretion to the administrator," which a court may find to be present when plan wording "grant[s] the power to interpret plan terms and to make final benefit determinations." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc). And when such discretion exists, "a motion for summary judgment is merely the conduit to bring the legal question before the district court and the usual tests of summary judgment, such as whether a genuine dispute of material facts exists, do not apply." *Harlick v. Blue Shield of California*, 686 F.3d 699, 707 (9th Cir. 2012); *see also Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 929 30 (9th Cir. 2012).

That deferential review, however, is "tempered by skepticism" when the plan administrator has a conflict of interest in determining benefits. *Harlick*, 686 F.3d at 706 (citation omitted). The party claiming the conflict has the burden to produce evidence "sufficient to warrant a degree of skepticism." *Demer v. IBM Corp. LTD Plan*, 835 F.3d 893, 902 (9th Cir. 2016). But absent a conflict, "judicial review of a plan administrator's benefits determination involves a straightforward application of the abuse of discretion standard." *Montour v. Hartford Life & Acc. Ins. Co.*, 588 F.3d 623, 629 (9th Cir. 2009). An ERISA administrator can abuse its discretion if it "(1) renders a decision without explanation, (2) construes provisions of the plan in a way that conflicts with the plain language of the plan, or (3) relies on clearly erroneous findings of fact." *Boyd v. Bert Bell/Pete Rozelle NFL Players Ret. Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005). Put differently, courts are to "uphold the decision of an ERISA plan administrator if it is based upon a reasonable interpretation of the plan's terms and was made in good faith." *Id.* (citation omitted); *see also Stephan*, 697 F.3d at 929 ("Under [the abuse of discretion standard], a plan administrator's decision will not be disturbed if reasonable." (citation omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-0709 PSG (ADSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Bristol SL Holdings, Inc. v. Cigna Health Life Insurance Company et al | | |

*i. Discretionary Authority*

The Plan here clearly confers discretionary authority onto Cigna. The Plan's section titled Discretionary Authority provides the following:

> The Plan Administrator delegates to Cigna discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan. Such discretionary authority is intended to include, but not limited to, the determination of the eligibility of persons desiring to enroll in or claim benefits under the plan, the determination of whether a person is entitled to benefits under the plan, and the computation of any and all benefit payments. The Plan Administrator also delegates to Cigna the discretionary authority to perform a full and fair review as required by ERISA, of each claim denial which has been appealed by the claimant or his duly authorized representative.

*Plan*, 15156. That language clearly "grant[s] the power to interpret plan terms and to make final benefit determinations." *Abatie*, 458 F.3d at 963.

Bristol makes a hollow argument that Cigna has not met its burden of showing discretionary authority because "[i]nstead of producing the health benefit plans as evidence, Cigna simply offers the suggestion that [it has discretion], and points to a sample summary of health benefits." *Opp.* 10:14 28. Bristol offers nothing to backup that claim, and the Court finds it baseless; the Plan offered by Cigna indicates that it is an operative plan document stating the terms of the plan for purposes of ERISA § 502(a)(1)(B).

Thus, because the Plan unambiguously provides Cigna with discretionary authority, the Court applies an abuse of discretion standard to Defendant's benefits determinations. *See Muniz*, 623 F.3d at 1295.

*ii. Abuse of Discretion Standard of Review*

Cigna argues that a straightforward abuse of discretion standard should apply, and Bristol makes no argument for a more skeptical standard of review. *See Mot.* 15 16; *Opp.* 11 12. Bristol has thus not met its burden of showing that Cigna has a conflict; nor could it likely do so considering that "[t]he vast majority of plans administered by Cigna are 'self-funded' plans," which means that "while Cigna administers the processing of claims, the claims are paid out of the funds of the employer sponsoring the plan, not out of Cigna's funds." DUF ¶¶ 24 25; *cf.*

Case 8:19-cv-00709-PSG-ADS Document 140 Filed 12/09/22 Page 9 of 12 Page ID #:9939

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-0709 PSG (ADSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Bristol SL Holdings, Inc. v. Cigna Health Life Insurance Company et al | | |

*Harlick*, 686 F.3d at 707 (explaining that a conflict usually arises where "the same entity makes the coverage decisions and pays for the benefits"). Thus, the Court will apply the baseline abuse of discretion standard.

Defendant did not abuse its discretion in its benefits determinations. For the claims denied, Defendant provided an explanation of payment ("EOP") with the following remark code:

> See the exclusions page of your Cigna-administered plan document: Charges which you are not obligated to pay or for which you are not billed or for which you would not have been billed except that they were covered under the plan are not covered. Cigna will reconsider this claim once we see proof of your payment.

*Claim Denials*, 882; *see also Plan*, 15138. Cigna has interpreted that language to mean that "[i]f a Cigna customer is not obligated to pay or billed a charge, any claim for reimbursement for any part of that charge under such a contract or benefit plan is not covered." *DUF* ¶ 50; *Cigna Letter*, 28653. Simply put, if the claims at issue involve fee-forgiving or services not rendered, the claims can be denied. *See Mot.* 17:17 18.

Defendant's reading of the Plan language is not only reasonable but likely the best reading. Other courts have agreed. In *Connecticut Gen. Life Ins. Co. v. Humble Surgical Hosp., LLC*, 878 F.3d 478 (5th Cir. 2017), the court was asked to interpret the same Plan provision and concluded that Cigna's interpretation of that provision to prohibit fee-forgiving was reasonable because at least two other courts had concluded that Cigna's interpretation was legally correct. *Id.* at 482, 484 85. The fact that other courts have recognized Cigna's interpretation as reasonable is highly persuasive. And mindful of the rule that courts are to "ask only if the administrator's interpretation of the plan was 'reasonable,'" *Wolf*, 46 F.4th at 988, the Court finds that Cigna's interpretation is not an abuse of discretion.

Cigna's denial of benefits also rests on a substantial foundation. Cigna investigated Bristol for fraudulent billing practices, including fee-forgiving. *DUF* ¶¶ 36 41. And that investigation led to evidence supporting Cigna's determination that Bristol was engaging in improper practices. For example, Cigna explains that it sent letters to patients and received three responses suggesting waiver of cost-share through a purported scholarship program. *Id.* ¶¶ 41 44. Cigna's communications with Sure Haven's representative also led Cigna to believe that Sure Haven had a fee-forgiving practice. *Id.* ¶¶ 45 49.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-0709 PSG (ADSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Bristol SL Holdings, Inc. v. Cigna Health Life Insurance Company et al | | |

Based on the evidence collected, Cigna sent a letter to Sure Haven in February 2015 stating its suspicions regarding fee-forgiving and pointing to an exclusion provision in the Cigna plan that Cigna interpreted to deny coverage for claims based on Sure Haven's practices. *Id.* ¶ 50. A week later, Cigna applied a fee-forgiving flag on Sure Haven's claims, denying them unless Sure Haven provided evidence of collecting patients' full cost-share. *Id.* ¶ 52.

After placing the flag, Cigna continued to investigate Sure Haven. *Id.* ¶¶ 54 75. Cigna obtained from Sure Haven medical records for a sample of patients who received services from Sure Haven. *Id.* ¶¶ 56 58. Those records, and other provided by Sure Haven, indicated a lack of cost-sharing with patients. *Id.* ¶¶ 58 69. Cigna also sent out medical records provided by Sure Haven for independent review. *Id.* ¶¶ 69. That review led to a report indicating that Sure Haven was likely misrepresenting services, fee-forgiving, and billing for unnecessary urine screens. *Id.* ¶¶ 69 73. And in January 2016, Cigna told Sure Haven about the findings and updated the flag to deny Sure Haven's claims for services not rendered. *Id.* ¶¶ 74 75.

The Court thus cannot say that Cigna's decision to deny benefits was unreasonable, clearly erroneous, or an abuse of discretion. The Court therefore **GRANTS** Cigna's motion for summary judgment on Bristol's ERISA claim.

B.  ERISA Preemption

Cigna next argues that Bristol's state-law claims are preempted under ERISA § 514(a), 29 U.S.C. § 1144(a). *Mot.* 22:8 21. Specifically, Cigna contends that because the breach of contract and promissory estoppel claims are grounded in the ERISA plan, the claims must be preempted. *Mot.* 22 24. The Court agrees that Bristol's state-law claims are preempted.

ERISA § 514(a) expressly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 665 (9th Cir. 2019) (quoting 29 U.S.C. § 1144(a)). There are two categories of state-law claims that "relate to" an ERISA plan: (1) "claims that have a reference to an ERISA plan," and (2) "claims that have an impermissible connection with an ERISA plan." *Id.* (quoting *Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312, 319 29 (2016)) (cleaned up). "These two categories operate separately." *Id.*

"A state-law claim has a reference to an ERISA plan if it is premised on the existence of an ERISA plan or if the existence of the plan is essential to the claim's survival." *Id.* (citation omitted) (cleaned up). "A claim has an impermissible connection with an ERISA plan if it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-0709 PSG (ADSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Bristol SL Holdings, Inc. v. Cigna Health Life Insurance Company et al | | |

governs a central matter of plan administration or interferes with nationally uniform plan administration, or if it bears on an ERISA-regulated relationship." *Id.* at 666 (citation omitted) (cleaned up). With both the "reference to" and "connection with" categories, "where the existence of an ERISA plan is a critical factor in establishing liability under a state cause of action, the state law claim is preempted." *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010) (citation omitted) (cleaned up).

Bristol's state-law claims are deeply intertwined with the Plan. Bristol is standing in the shoes of Sure Haven, seeking payment from Cigna for services that Sure Haven provided to 106 Cigna-insured patients. *DUF* ¶¶ 1 9. Bristol's ERISA and state-law claims are premised on Sure Haven calling Cigna to verify benefits under each patient's plan and seeking authorization when required before providing treatment. *See Opp.* 7, 12 15; *see also DUF* ¶¶ 91 92. Indeed, Bristol argues that "[Bristol's] claims for breach of contract and promissory estoppel are based on the preadmission verifications, pre-authorizations, and authorizations for services where [Cigna] consistently and specifically stated and agreed they would pay Sure Haven a percentage of the UCR for the authorized, medically necessary services received by their insureds." *Opp.* 16:2 6.

The existence of the ERISA plan is thus a critical factor in establishing liability on Bristol's contract and promissory estoppel theories, and the claims are preempted. In *Wise*, for example, the court held that the "state law claims are preempted because [the] complaint necessarily references an ERISA plan." 600 F.3d at 1191. It explained that "[t]he state law theories of fraud, misrepresentation, and negligence all depend on the existence of an ERISA-covered plan to demonstrate that [plaintiff] suffered damages: the loss of insurance benefits." *Id.* Similarly here, without referencing the ERISA plan, Bristol has no basis to argue that a contractual agreement was formed. The Plan is the reason Sure Haven called to verify benefits and seek authorization to provide services to Cigna-insured patients, and that then led to Cigna's alleged promise to pay a percentage of the UCR for those services. *See Opp.* 16:2 6; *DUF* ¶¶ 91 92. On that basis, the Court finds that the claims are preempted. *See California Spine & Neurosurgery Inst. v. JP Morgan Chase & Co.*, CV 19-03552 PJH, 2019 WL 7050113, at *4 (N.D. Cal. Dec. 23, 2019) (ruling on similar facts that plaintiffs' state-law claims were preempted under ERISA § 514(a)); *Pac. Recovery Sols. v. United Behav. Health*, 481 F. Supp. 3d 1011, 1029 (N.D. Cal. 2020) (same).

The state-law claims are also preempted because they bear directly on an ERISA-regulated relationship. In *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1082 (9th Cir. 2009), the court held that with "connection with" preemption, "a state law claim is preempted when the claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-0709 PSG (ADSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Bristol SL Holdings, Inc. v. Cigna Health Life Insurance Company et al | | |

bears on an ERISA-regulated relationship, *e.g.*, the relationship between plan and plan member, between plan and employer, between employer and employee." In that case, the test led the court to hold in that case that the claims were not preempted because "[t]he duty giving rise to the negligence claim r[an] from a third-party actuary, *i.e.*, a non-fiduciary service provider, to the plan participants as intended third party beneficiaries of the actuary's service contract." *Id.* Here, however, the claims are between a core ERISA-regulated relationship of plan and plan member: Bristol, the successor-in-interest of Sure Haven, who itself had derivative standing to bring claims on behalf of plan members, is bringing state-law claims against Cigna, the plan administrator, for payment of services provided by Sure Haven pursuant to patients' insurance plans. *See Bristol SL Holdings, Inc.*, 22 F.4th at 1092 (holding that Bristol has derivative standing under ERISA as the bankruptcy successor-in-interest of Sure Haven). Bristol's state-law claims thus "encroach on [an] ERISA-regulated relationship[]" and are preempted. *Paulsen*, 559 F.3d at 1083.

In short, Bristol's state-law claims are preempted by ERISA § 514(a), under either the "reference to" or "connection with" standard. The Court therefore **GRANTS** Cigna's motion for summary judgment on Bristol's state-law claims.

V.   Conclusion

For the foregoing reasons, the Court **GRANTS** Cigna's motion for summary judgment on Bristol's ERISA claim and state-law claims. This order closes the case.