**MCDERMOTT WILL & EMERY LLP**
William P. Donovan, Jr. (SBN 155881)
wdonovan@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: +1 310 277 4110
Facsimile: +1 310 277 4730

Richard W. Nicholson, Jr. (admitted *pro hac vice*)
rnicholson@mwe.com
Richard Diggs (admitted *pro hac vice*)
rdiggs@mwe.com
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: +1 212 547 5337
Facsimile: +1 212 547 5444

Attorneys for Defendants
CIGNA HEALTH AND LIFE INSURANCE
COMPANY; CIGNA BEHAVIORAL HEALTH,
INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

BRISTOL SL HOLDINGS, INC., a
California corporation, in its capacity as
the owner of the claims for SURE
HAVEN, INC., a California corporation,

Plaintiff,

v.

CIGNA HEALTH AND LIFE
INSURANCE COMPANY, a Connecticut
corporation; CIGNA BEHAVIORAL
HEALTH, INC., a Connecticut
corporation; and DOES 1 through 25,
inclusive,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
.

CASE NO. 8:19-cv-00709-PSG-ADS

**DEFENDANTS CIGNA HEALTH
AND LIFE INSURANCE
COMPANY AND CIGNA
BEHAVIORAL HEALTH, INC.'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION
TO PLAINTIFF'S MOTION
PURSUANT TO RULES 59 & 60**

**Date:** February 17, 2023
**Time:** 1:30 p.m.
**Judge:** Hon. Philip S. Gutierrez
**Dept:** 6A

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION ................................................................................ 1

II.    BACKGROUND ................................................................................ 1

III.    LEGAL STANDARD ......................................................................... 4

IV.    ARGUMENT ....................................................................................... 6

    A.    Bristol's Motion Should be Denied for Failure to Comply With the Local Rules of this Court. ........................................................ 6

        1.    Bristol's Motion Is Untimely Under L.R. 7-18. ............................ 6

        2.    Bristol Failed to Comply with Local Rule 7-3. ............................ 6

    B.    Bristol's Motion Should be Denied Pursuant to Rule 59(e). .................. 7

        1.    Bristol's Motion Offers No Newly Discovered or Unavailable Evidence. ............................................................ 8

        2.    The Court Did Not Commit a Manifest Error of Fact or Law. .... 14

            a.    The Court Correctly Held There Is No Genuine Dispute of Fact As to Whether Cigna Was Delegated Discretionary Authority. ................................................14

            b.    The Court Correctly Held that Cigna Did Not Commit an Abuse of Discretion. ............................................16

            c.    The Court Correctly Held that Bristol's State-Law Claims are Preempted. ...................................................19

    C.    Bristol's Motion Should Be Denied Pursuant to Rule 60(b). ............... 21

V.    CONCLUSION ............................................................................... 22

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                      **Page(s)**

*Allstate Ins. Co. v. Herron*,
   634 F.3d 1101 (9th Cir. 2011) ...........................................................................4, 8

*Anderson v. Am. Airlines, Inc.*,
   2011 WL 1706514 (N.D. Cal. May 5, 2011) .......................................................4

*Avila v. L.A. Police Dep't*,
   2012 WL 12886838 (C.D. Cal. Feb. 27, 2012) .................................................21

*Backlund v. Barnhart*,
   778 F.2d 1386 (9th Cir. 1985) ...........................................................................4

*Bankcard Am., Inc. v. Universal Bancard Sys., Inc.*,
   203 F.3d 477 (7th Cir. 2000) ...........................................................................13

*Bey v. Malec*,
   2020 WL 3058336 (N.D. Cal. June 9, 2020),
   *aff'd sub nom. Bey v. Cristiani*, 2021 WL 3743867 (9th Cir. Aug. 24, 2021).....9

*Branham v. Kirkland*,
   1997 WL 43662 (D. Or. Jan. 29, 1997)............................................................13

*Bristol SL Holdings, Inc. v. Cigna Health & Life Ins. Co.*,
   2022 WL 137547 (9th Cir. Jan. 14, 2022).........................................................21

*Buckley v. BMW N. Am.*,
   2020 WL 4820005 (C.D. Cal. July 1, 2020), *aff'd sub nom.*
   *Buckley v. BMW of N. Am.*, 2022 WL 16756341 (9th Cir. Nov. 8, 2022) ...........7

*Camerer v. Cont'l Cas. Co.*,
   76 F. App'x 837 (9th Cir. 2003) .......................................................................17

*Carmen v. S.F. Unified Sch. Dist.*,
   237 F.3d 1026 (9th Cir. 2001) ..........................................................................18

*CIGNA Corporation v. Amara*,
   563 U.S. 421 (2011)..........................................................................................16

*Citizens for Better Forestry v. U.S. Dep't of Agric.*,
   2007 WL 1970096 (N.D. Cal. July 3, 2007) .....................................................5

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

*Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*,
   833 F.2d 208 (9th Cir. 1987) ................................................................10

*Collier v. Lincoln Life Assurance Co. of Bos.*,
   53 F. 4th 1180 (9th Cir. 2022) ..............................................................17

*Cyr v. Reliance Standard Life Ins. Co.*,
   525 F. Supp. 2d 1165 (C.D. Cal. 2007),
   *aff'd*, 448 F. App'x 749 (9th Cir. 2011) ..............................11, 12, 13

*Del. Life Ins. Co. v. Schuster*,
   2016 WL 6915305 (C.D. Cal. Sept. 14, 2016) ...............................14, 19

*Dixon v. Wallowa Cnty.*,
   336 F.3d 1013 (9th Cir. 2003) ...................................................8, 10, 11

*Dragan v. Valladolid*,
   2021 WL 3260605 (C.D. Cal. Apr. 5, 2021),
   *aff'd*, 2022 WL 779911 (9th Cir. Mar. 14, 2022).........................5, 6, 14

*Edwards v. Princess Cruise Lines, Ltd.*,
   471 F. Supp. 2d 1027 (N.D. Cal. 2007).................................................8

*Espinosa v. United Student Aid Funds, Inc.*,
   553 F.3d 1193 (9th Cir. 2008) ...........................................................4, 21

*Exxon Shipping Co. v. Baker*,
   554 U.S. 471 (2008)...............................................................................4

*Fast Access Specialty Therapeutics, LLC v. UnitedHealth Grp., Inc.*,
   532 F. Supp. 3d 956 (S.D. Cal. 2021) .................................................20

*Forsberg v. Pac. Nw. Bell Tel. Co.*,
   840 F.2d 1409 (9th Cir. 1988) .............................................................18

*Freidus v. First Nat'l Bank*,
   928 F.2d 793 (8th Cir. 1991) ...............................................................13

*Fusion IV Pharms., Inc. v. California*,
   2018 WL 6118586 (C.D. Cal. Aug. 22, 2018) .......................................7

*GCP Applied Techs. Inc. v. AVM Indus., Inc.*,
   2022 WL 4597418 (C.D. Cal. Aug. 5, 2022) ....................................5, 14

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

*In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*,
496 F.3d 863 (8th Cir. 2007) ...................................................................4

*Holmes v. Harris*,
2021 WL 2272395 (C.D. Cal. May 19, 2021),
*aff'd*, 2022 WL 1198204 (9th Cir. Apr. 22, 2022) ...............................6

*J.M. v. Cnty. of Orange*,
2017 WL 11681058 (C.D. Cal. Dec. 13, 2017)...................................5, 7

*Jordan v. Terhune*,
2009 WL 276764 (E.D. Cal. Feb. 5, 2009), *report and recommendation
adopted*, 2009 WL 3042411 (E.D. Cal. Sept. 21, 2009)......................11

*Kona Enters., Inc. v. Est. of Bishop*,
229 F.3d 877 (9th Cir. 2000) ...................................................................4

*Marinelarena v. Allstate Northbrook Indem. Co.*,
2022 WL 1052279 (C.D. Cal. Mar. 2, 2022) .........................................6

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
475 U.S. 574 (1986)..........................................................................15, 16

*Mull for Mull v. Motion Picture Indus. Health Plan*,
865 F.3d 1207 (9th Cir. 2017) ...............................................................16

*Ollier v. Sweetwater Union High Sch. Dist.*,
768 F.3d 843 (9th Cir. 2014) .................................................................10

*Pac. Recovery Sols. v. Cigna Behav. Health, Inc.*,
2021 WL 1176677 (N.D. Cal. Mar. 29, 2021) ......................................20

*Pac. Recovery Sols. v. United Behav. Health*,
481 F. Supp. 3d 1011 (N.D. Cal. 2020)..................................................20

*Pet Food Express Ltd. v. Royal Canin USA, Inc.*,
2011 WL 6140874 (N.D. Cal. Dec. 8, 2011) .........................................14

*Pollution Denim & Co. v. Pollution Clothing Co.*,
2008 WL 11340375 (C.D. Cal. Mar. 5, 2008) ......................................12

*Rhoades v. Avon Prods., Inc.*,
504 F.3d 1151 (9th Cir. 2007) ...............................................................13

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

- iii -

*Rustico v. Intuitive Surgical, Inc.*,
    424 F. Supp. 3d 720 (N.D. Cal. 2019)...................................................................13

*Samsung Elecs. Co., Ltd. v. Quanta Comput., Inc.*,
    2006 WL 2850028 (N.D. Cal. Oct. 4, 2006).....................................................12

*Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*,
    5 F.3d 1255 (9th Cir. 1993)..................................................................................21

*Shenwick v. Twitter, Inc.*,
    2021 WL 1232451 (N.D. Cal. Mar. 31, 2021)..................................................10

*Smith v. Clark Cnty. Sch. Dist.*,
    727 F.3d 950 (9th Cir. 2013)................................................................................14

*Summit Estate, Inc. v. Cigna Healthcare of Cal., Inc.*,
    2017 WL 4517111 (N.D. Cal. Oct. 10, 2017)...........................................19, 20

*Weeks v. Bayer*,
    246 F.3d 1231 (9th Cir. 2001)...............................................................................4

*Wise v. Verizon Commc'ns, Inc.*,
    600 F.3d 1180 (9th Cir. 2010)..............................................................................20

*Zimmerman v. City of Oakland*,
    255 F.3d 734 (9th Cir. 2001)................................................................................14

**Statutes**

ERISA § 502(a)(1)(B)...................................................................................................16

ERISA § 514(a)......................................................................................................3, 19

**Other Authorities**

Fed. R. Civ. P. 26(a)(1)................................................................................................10

Fed. R. Civ. P. 59(e)......................................................................................................4

Federal Rule Evidence 408..........................................................................................12

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
PURSUANT TO RULES 59 & 60
CASE NO. 8:19-CV-00709-PSG-ADS

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

## I.     <u>INTRODUCTION</u>

This Honorable Court granted Defendants Cigna Health and Life Insurance Company's and Cigna Behavioral Health, Inc.'s (collectively, "Cigna" or "Defendants") motion for summary judgment because Plaintiff Bristol SL Holdings, Inc. ("Bristol") could not sustain any of its causes of action.  (Dkt. 140 (the "Order").)  The Court correctly held that Bristol's ERISA claim failed because Cigna did not abuse its discretion in denying Sure Haven's claims for fee-forgiving, and that Bristol's state-law claims based on the same facts were preempted under ERISA.   In response to the Court's well-reasoned Order, Bristol has brought a baseless and untimely motion for reconsideration (Dkt. 141 (the "Motion")), which flouts the Local Rules, offers no new evidence to overcome the Order, and repeats the failed legal arguments from Bristol's opposition at summary judgment.   This flawed Motion clearly does not provide a basis for the Court to take the extraordinary and drastic step of amending or vacating the Court's Order under either Rule 59(e) or 60.   Therefore, Bristol's Motion should be denied.

## II.    <u>BACKGROUND</u>

Cigna moved for summary judgment on all of Bristol's remaining claims on October 26, 2022.  (Dkt. 122.)  Bristol filed its opposition on November 18, 2022, (Dkt. 129), and Cigna replied on November 23, 2022.  (Dkt. 136.)

Cigna's motion for summary judgment and reply demonstrated that Bristol's ERISA claim failed for a number of reasons.  (*See* Dkt. 122.)  First, Bristol could not identify a basis in the operative benefit plans that entitled Bristol to the full billed charges of provider Sure Haven, Inc., or its parent company, Solid Landings Behavioral Health, Inc. (collectively, "Sure Haven") for the services at issue.  (*Id.* at 15-16.) Second, Bristol offered no evidence that it had exhausted administrative remedies for the claims at issue, and there was no evidence that such administrative remedies would have been futile.  (*Id.* at 16.)  Third, Cigna's investigation in 2015

revealed evidence that Sure Haven had been engaging in fee-forgiving—a scheme where Sure Haven would waive patient cost-share—including evidence that a Sure Haven representative admitted as much on a phone call and in writing. (*Id.* at 19-22.) That evidence (and more) coupled with an interpretation of plan language in Cigna's plans upheld by numerous courts nationwide, supported Cigna's decision to deny claims for fee-forgiving. (*Id.* at 18-19.) Finally, Cigna presented evidence that it had been delegated authority by the plans, and therefore, at a minimum, Cigna's decision was not an abuse of discretion. (*Id.* at 17; *see also* Dkt. 136 at 4-5.) Thus, Bristol's ERISA claim failed. (Dkt. 122 at 22.)

In addition, Cigna also showed that Bristol's state-law claims were based on the same facts as Bristol's ERISA claim, all grounded on the benefits provided by ERISA plans and, as a result, preempted by ERISA. (*Id.* at 22-24.) The state law claims also failed for the independent reason that Cigna's February 26, 2015 letter informed Sure Haven that the claims at issue would be denied, which barred the possibility that subsequent verification of benefits ("VOB") and Authorization calls could create binding contracts for payments at percentages of Usual and Customary Rates ("UCR"). (*Id.* at 24-26.) Lastly, Cigna presented undisputed evidence that Sure Haven had unclean hands and was engaged in an intentional and unlawful scheme to pay millions of dollars to purported "marketing-partners" for referrals of patients to Sure Haven in violation of California state law. (*Id.* at 26-30.)

In response, Bristol's opposition did not attempt to offer any ***evidence*** to dispute Cigna's Special Investigations Unit's ("SIU") investigatory finding that Sure Haven had engaged in fee forgiving, or provide any case law that Cigna had properly denied the claims at issue pursuant to the fee-forgiving exclusion in the Cigna-administered ERISA plans at issue. (*Compare* Dkt. 129 at 11-12, *with* Dkt. 136 at 2-6.) Likewise, Bristol failed to distinguish case law showing that its remaining state-law claims are preempted by ERISA and the case law Bristol did offer was clearly distinguishable.

(*Compare* Dkt. 129 at 12-15, *with* Dkt. 136 at 7-8.)  Bristol also had no answer to case law showing its state law claims were doomed on the merits because of Cigna's February 26, 2015 letter.  (*Compare* Dkt. 129 at 17, *with* Dkt. 136 at 9-10.)  Lastly, Bristol did not dispute that Sure Haven made illegal payments for referrals, and essentially admitted that Bristol had unclean hands because Sure Haven had violated California law.  (*Compare* Dkt. 129 at 25-30, *with* Dkt. 136 at 11-12.)

This Court agreed with Cigna and granted Cigna's motion for summary judgment on the ERISA claim, and found the state law claims were preempted under ERISA § 514(a) (29 U.S.C. § 1144(a)), without reaching the rest of Cigna's arguments. (*See generally* Order.)  Specifically, the Court held that Cigna was entitled to summary judgment on the ERISA claim because (1) Cigna "did not abuse its discretion in its benefits determinations;" (2) Cigna's "reading of the Plan language [wa]s not only reasonable but likely the best reading," finding it "highly persuasive" that other courts have recognized that Cigna's interpretation was reasonable, and (3) "Cigna's denial of benefits also rests on a substantial foundation" given that Cigna's investigation provided evidence supporting Cigna's determination that Bristol was engaging in fee-forgiving and other improper practices.  (Order at 9.)

On the state law claims, the Court held that Bristol's claims "are deeply intertwined with the Plan" because it is standing in the shoes of Sure Haven as an assignee seeking payment from Cigna for services provided to members of Cigna-administered ERISA plans.  (*Id.* at 11.)  Specifically, the Court found that Sure Haven called Cigna to verify benefits under each patient's plan and to seek authorization when required by the applicable plan before providing treatment.  Thus, the "Plan is the reason Sure Haven called to verify benefits and seek authorization to provide services to Cigna-insured patients," which then "led to Cigna's alleged promise to pay a percentage of the UCR for those services."  (*Id.*)  Based on those findings, the Court held that "the ERISA plan is thus a critical factor in establishing liability on Bristol's

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

contract and promissory estoppel theories, and the claims are preempted." (*Id.*)  The Court also found that Bristol's state-law claims are preempted by ERISA for the additional reason that they "bear directly on [the] ERISA-regulated relationship" between the plan and the plan member.  (*Id.* at 12.)

Accordingly, because the ERISA claim failed and the state law claims were preempted, the Court granted summary judgment in Cigna's favor.  (*Id.* at 11-12.)

### III.  <u>LEGAL STANDARD</u>

Amendment of a court's judgment under Federal Rule of Civil Procedure 59(e) is disfavored and an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *accord Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (Rule 59(e) is "an extraordinary remedy which should be used sparingly") (citation omitted).  Rule 59(e) motions must clear a "high hurdle," and judgment is not properly reopened "absent highly unusual circumstances . . . ." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).  Similarly, "Rule 60(b) authorizes relief in only the most exceptional of cases."  *Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1199 (9th Cir. 2008) (quoting *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007)).

Simply restating arguments and facts that have already been raised in connection with the motion upon which the judgment is based is not permitted.  *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *Anderson v. Am. Airlines, Inc.*, 2011 WL 1706514, at *2 (N.D. Cal. May 5, 2011).  Stated differently, "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'"  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *accord Backlund*, 778 F.2d at 1388 (concluding that Rule 59(e) motion was "properly denied . . . [where] it presented no arguments that had not already been raised in opposition to

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

summary judgment"). "In other words, the motion should not be used to ask the court to rethink matters already decided." *Citizens for Better Forestry v. U.S. Dep't of Agric.*, 2007 WL 1970096, at *1 (N.D. Cal. July 3, 2007).

Additionally, "Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)" of the Federal Rules of Civil Procedure. *Dragan v. Valladolid*, 2021 WL 3260605, at *1 (C.D. Cal. Apr. 5, 2021), *aff'd*, 2022 WL 779911 (9th Cir. Mar. 14, 2022). Under L.R. 7-18, a motion for reconsideration of an order on any motion may be made *only* on the grounds of:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

*GCP Applied Techs. Inc. v. AVM Indus., Inc.*, 2022 WL 4597418, at *3 (C.D. Cal. Aug. 5, 2022). Under L.R. 7-18, "[a]bsent good cause shown, ***any*** motion for reconsideration must be filed no later than 14 days after entry of the order that is the subject of the motion or application." (Emphasis added).

Finally, under L.R. 7-3, "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." The purpose of L.R. 7-3 "is not simply to determine whether the opposing party will agree to the relief sought in its entirety; it is to focus and tailor the issues presented to the court." *J.M. v. Cnty. of Orange*, 2017 WL 11681058, at *3 (C.D. Cal. Dec. 13, 2017). The L.R. 7-3 conference must occur one week before the motion is filed.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

## IV.   <u>ARGUMENT</u>

Bristol's Motion should be denied for three reasons.  First, the Motion is untimely under L.R. 7-18 and Bristol failed to comply L.R. 7-3.  Second, the Motion does not satisfy any of the factors under Rule 59(e).  Third, the Motion does not satisfy any of the factors under Rule 60(b).

### A.   **Bristol's Motion Should be Denied for Failure to Comply With the Local Rules of this Court.**

#### 1.   *Bristol's Motion Is Untimely Under L.R. 7-18.*

As a threshold issue, Bristol's Motion should be denied because it is untimely. Bristol filed the Motion on January 6, 2023 (Dkt. 141), which is 28 days after December 9, 2022, the day this Court entered its Order granting Cigna's motion for summary judgment and dismissing Bristol's claims.  Thus, Bristol cannot dispute that its Motion is untimely under L.R. 7-18, which requires a motion for reconsideration to be filed within 14 days.  *See, e.g.*, *Holmes v. Harris*, 2021 WL 2272395, at *3-4 (C.D. Cal. May 19, 2021) (Gutierrez, J.) (holding that motion for reconsideration of summary judgment order under Rules 59(e) and 60(b) was untimely pursuant to L.R. 7-18 because it was not filed 14 days after order), *aff'd*, 2022 WL 1198204 (9th Cir. Apr. 22, 2022).  Further, Bristol has not provided good cause for its failure to file the present Motion in a timely manner.  As a result, this is reason enough for the Court to deny Bristol's Motion.  *See id.* at *3; *Dragan*, 2021 WL 3260605, at *2.[1]

#### 2.   *Bristol Failed to Comply with Local Rule 7-3.*

In addition, Bristol's motion for reconsideration should also be denied because

---

[1]  Some cases in the Central District interpreting L.R. 7-18 since it was amended in December 2020 to include a 14-day deadline have made a distinction between Rule 59(e) and Rule 60(b) motions, and held the 14-day deadline does not apply to Rule 59(e) motions.  *See e.g.*, *Marinelarena v. Allstate Northbrook Indem. Co.*, 2022 WL 1052279, at *3 (C.D. Cal. Mar. 2, 2022).  The better reasoned cases, like *Holmes* and *Dragan*, however, have recognized that L.R. 7-18 is "coextensive" with Rules 59(e) and Rule 60(b), and the deadline applies to "any" motion for reconsideration, therefore the 14-day deadline applies.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

Bristol failed to comply with Local Rule 7-3 by not meeting and conferring with Cigna 7 days before the motion was filed. That much is obvious from Bristol's Rule 7-3 Certification, which states that counsel "met and conferred" regarding the present motion for reconsideration via email exchange on January 5, 2023, and a telephone conference on January 6, 2023, the day the present Motion was filed, "wherein counsel for Cigna opposed the relief sought herein." (Dkt. 141, Notice of Motion at 4.) In other words, Bristol openly admits that it did not comply with L.R. 7-3 and makes no attempt to provide any explanation for why it failed to follow the Local Rule.

Bristol's failure to comply with L.R. 7-3 warrants denial of the present Motion. *See J.M.*, 2017 WL 11681058, at *3 (denying motion for reconsideration for failure to comply with L.R. 7-3); *see also Buckley v. BMW N. Am.*, 2020 WL 4820005, at *3 (C.D. Cal. July 1, 2020), *aff'd sub nom. Buckley v. BMW of N. Am.*, 2022 WL 16756341 (9th Cir. Nov. 8, 2022) ("Plaintiff's failure to comply with Local Rule 7-3 warrants denial of the Motion."); *Fusion IV Pharms., Inc. v. California*, 2018 WL 6118586, at *2 (C.D. Cal. Aug. 22, 2018) ("Plaintiffs' failure to comply with Local Rule 7-3 is sufficient reason to deny Plaintiffs' motion."). In addition, any argument that Bristol is somehow exempt from following L.R. 7-3 because compliance would have been unproductive is no excuse. *See Buckley*, 2020 WL 4820005, at *3 ("The argument that Plaintiff is exempt from following rules because compliance "would not have been productive" is similarly inexcusable.").

## B. Bristol's Motion Should be Denied Pursuant to Rule 59(e).

While Bristol's Motion is clearly untimely and procedurally improper under the Local Rules, it is also doomed on the merits. As a threshold issue, Bristol does not even attempt to make a credible argument that its Motion meets any of the four factors laid out by the Ninth Circuit in *Allstate* as a proper basis to support a Rule 59(e) motion, which are: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
PURSUANT TO RULES 59 & 60
CASE NO. 8:19-CV-00709-PSG-ADS

discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate*, 634 F.3d at 1111.

Instead, Bristol's Motion argues that the Court is not limited to the factors identified in *Allstate* and can instead grant a motion for reconsideration "when the matter is disposed of by summary judgment rather than by trial." (Mot. at 2-3.)  But that assertion is completely unsupported.  The decision Bristol cites, *Edwards v. Princess Cruise Lines, Ltd.*, 471 F. Supp. 2d 1027, 1029 (N.D. Cal. 2007), says nothing of the sort and in that case the court stated that it could consider the motion for reconsideration and applied factors that were articulated in *Allstate*.

Thus, Bristol's Motion completely fails to provide a basis for the Court to reconsider its order under Rule 59(e) and that is reason alone to deny the Motion.  Regardless, even if the Court were view Bristol's baseless arguments through the lens of the *Allstate* factors, it appears that Bristol does not argue that there was an intervening change of controlling law or that the order works a manifest injustice.  At best, it appears that Bristol argues it has new evidence and the Court made a manifest error of law or fact.  Neither is true, and the Motion should be denied.

*1.      Bristol's Motion Offers No Newly Discovered or Unavailable Evidence.*

Bristol's Motion relies on a declaration from Bristol's prior counsel John Mills, (Dkt. 141-2 (the "Mills Declaration")), which was not part of the record at summary judgment.  For the Court to consider the declaration under Rule 59(e), however, Bristol must show the declaration is newly discovered or unavailable.  This means it was "discovered after the judgment" or "could not be discovered earlier through due diligence" and must be "of such a magnitude that had the court known of it earlier, the outcome would likely have been different." *Dixon v. Wallowa Cnty.*, 336 F.3d 1013, 1022 (9th Cir. 2003).  The Mills Declaration meets none of these factors, and does not provide a basis to overturn the judgment under Rule 59(e).

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

***First***, the Mills Declaration is not newly discovered or unavailable evidence because the declaration was not discovered after or unavailable before the judgment. As a threshold issue, the content of the Mills Declaration ***was already in the record*** when the Court decided summary judgment.  The Mills Declaration references a tolling agreement that Bristol and Cigna entered on June 13, 2018 "to focus on settlement efforts rather than proceeding immediately to litigation", and subsequent amendments of the tolling agreement up until February 22, 2019.  (Mills Declaration at 2.)  But Bristol ignores that the tolling agreement and amendments were submitted as evidence and were described in Bristol's opposition to summary judgment, and Bristol's statement of undisputed facts.  (Dkt. 129 ("Sure Haven and Cigna enter[ed] into a tolling agreement on June 13, 2018, while they were engaged in resolving the issues Cigna raised about these claims."); s*ee also* Dkt. 130 ¶¶ 151-52).

The Mills Declaration also references the parties' failed settlement discussions which lasted into March of 2019, including a supposed settlement offer by Cigna to reprocess some claims before Bristol's decision to reject that offer and to file this action a month later, on April 15, 2019.  (*See* Mills Declaration at 2.)  But again Bristol's opposition offered this same exact fact.  (Dkt. 129 at 9 ("Cigna offered to reprocess a handful of the disputed claims in exchange for a mutual release of all claims.").)  Thus, there can be no dispute that the Mills Declaration offers no new facts or evidence and merely repackages facts in the record before the Court at summary judgment in the guise of new testimony.  *See Bey v. Malec*, 2020 WL 3058336, at *3 (N.D. Cal. June 9, 2020) ("Plaintiff cannot use a Rule 59(e) motion to introduce evidence that could have been presented in his opposition to summary judgment."), *aff'd sub nom. Bey v. Cristiani*, No. 20-16177, 2021 WL 3743867 (9th Cir. Aug. 24, 2021).

Regardless, even the Declaration itself was available before the Court's judgment.  Bristol's counsel emailed the Mills Declaration to undersigned counsel on

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO RULES 59 & 60
CASE NO. 8:19-CV-00709-PSG-ADS

December 5, 2022, (the Mills Declaration itself is dated December 1, 2022 (Dkt 141-2 at 3)), after the briefing on Cigna's motion for summary judgment was complete and before the judgment was even entered on December 9, 2022.  Bristol's counsel asked if Cigna would consent to "supplementing the record" with the Mills Declaration. (Nicholson Declaration, Ex. 1.)  Undersigned counsel responded to that email the same day stating Cigna did not consent, while objecting to the Mills Declaration on numerous grounds, including that it was untimely, Mills was undisclosed as a witness, and the declaration was inadmissible under FRE 408 and irrelevant in any event.  Bristol's counsel subsequently did not file a motion with the Court to "supplement the record" with the Mills Declaration before judgment.

Bristol's litigation strategy to not file the Mills Declaration before judgment, when it could have, does not render it newly discovered or unavailable, and therefore it is not properly before the Court as newly discovered or unavailable evidence under Rule 59(e).  *See, e.g., Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987) ("Evidence is not 'newly discovered' . . . if it was in the moving party's possession at the time of trial or could have been discovered with reasonable diligence.").

**Second**, the Mills Declaration "is not of such a magnitude that had the court known of it earlier, the outcome would likely have been different."  *Dixon*, 336 F.3d at 1022.  The Motion argues that Bristol offers the Mills Declaration as rebuttal evidence[2] to a "new" argument in Cigna's reply regarding the parties' tolling

---

[2]  The declaration is also improper because Mr. Mills was not disclosed in Bristol's Fed. R. Civ. P. 26(a)(1) disclosures, and therefore Bristol cannot use his testimony to support Bristol's claims at summary judgment.  *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014); *Shenwick v. Twitter, Inc.*, 2021 WL 1232451, at *2 (N.D. Cal. Mar. 31, 2021).  As explained above, Mills offers no new facts and merely highlights evidence already in the record, therefore his testimony does not rebut anything.  Moreover, the cases cited in Bristol's brief regarding rebuttal witnesses involve either criminal cases or expert witnesses, neither of which are relevant here. (*See* Mot. at 17-18 (citing cases).)

- 10 -

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

agreement and settlement negotiations, arguing that these negotiations should be considered as part of the administrative record and create a dispute regarding Cigna's exhaustion of administrative remedies defense to the ERISA claim. (Mot. at 12.) Even if that was right, which it is not, ***it does not matter*** because the Court did not even reach the issue of exhaustion of administrative remedies in granting summary judgment. Therefore, the Mills Declaration, had it been before the Court, would not matter or change the outcome of the Court's analysis. *See Dixon*, 336 F.3d at 1022.

In any event, the premise of Bristol's argument is false, because Cigna did not make a "new" argument on reply. As the Motion concedes (Mot. at 12-13), Cigna's motion for summary judgment had already raised the issue of the parties' settlement negotiations not being part of the ERISA administrative record, (Dkt. 122, Cigna Memo. at 9, n.1), which is a correct statement of the law.[3] *See, e.g., Cyr v. Reliance Standard Life Ins. Co.*, 525 F. Supp. 2d 1165, 1170-71 (C.D. Cal. 2007) (holding that settlement negotiations were not part of administrative record for ERISA benefits claims), *aff'd*, 448 F. App'x 749 (9th Cir. 2011). In response, Bristol's opposition specifically raised the tolling agreement and the rejected offer to reprocess some claims, and Cigna's reply reiterated that this both was irrelevant to Cigna's exhaustion of administrative remedies and inadmissible under FRE 408. (Dkt. 136 at 3, n.3.) The law is clear that merely responding to evidence raised by an opposition is not a "new" argument.[4] *See Jordan v. Terhune*, 2009 WL 276764, at *3 (E.D. Cal. Feb. 5, 2009)

---

[3]  Bristol also argues that Cigna somehow waived the ability to argue the tolling agreement and settlement negotiations are not part of the ERISA claim's administrative record because of arguments made at the Ninth Circuit and the law of the case doctrine. (Mot. at 14-15.) This argument is frivolous. The tolling agreement and settlement negotiations were not even in the record before the Ninth Circuit. Moreover, the ERISA claim had been dismissed for lack of standing, which was the only issue on appeal at the Ninth Circuit. As Cigna explained in its reply, the waiver doctrine also clearly does not apply because Cigna pled an affirmative defense of exhaustion of administrative remedies. (Dkt. 136 at 3.)

[4]  Moreover, even if this was a "new" argument, the correct relief Bristol should have sought would have been to seek leave to file a surreply prior to the Court's judgment,

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

("Defendants' reply does not present new arguments nor new evidence; they simply note the problems with plaintiff's evidentiary support."), *report and recommendation adopted*, 2009 WL 3042411 (E.D. Cal. Sept. 21, 2009).

**Third**, the Mills Declaration does not change the outcome of the Court's decision because it is not admissible evidence under Federal Rule Evidence 408, which states that "conduct or a statement made during compromise negotiations about the claim . . . is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim." Even Bristol admits the tolling agreement discussed in the Mills Declaration was part of the settlement negotiations (*see, e.g.*, Dkt. 129 at 1 (stating that the tolling agreement was entered during the parties' "resolution efforts")). And while the settlement communications took place before this action was filed, it is obvious that discussions had "crystallized to the point of threatened litigation," *Pollution Denim & Co. v. Pollution Clothing Co.*, 2008 WL 11340375, at *5 n.20 (C.D. Cal. Mar. 5, 2008), because when the negotiations broke down in March of 2019, Bristol immediately brought this action the next month. (*See* Dkt. 1.)

Thus, it is clear that the discussions to settle the disputed claims at issue, which included the parties' tolling agreement, memorialized in the Mills Declaration were part of an offer made to avoid litigation, and are barred by FRE 408. *See Cyr*, 525 F. Supp. 2d at 1170-71 (holding that settlement negotiations were inadmissible under Rule 408, and not part of administrative record for ERISA benefits claims); *see also Pollution Denim*, 2008 WL 11340375, at *5 n.20 (citing S*amsung Elecs. Co., Ltd. v. Quanta Comput., Inc.*, 2006 WL 2850028, * 5-6 (N.D. Cal. Oct. 4, 2006) (holding that evidence of pre-litigation license negotiations was barred under Rule 408 because "the

not sit on its hands and wait until it had lost. Obviously, Bristol did not think the Mills Declaration or Cigna's "new" argument was so important that it needed to raise the issue before the Court's summary judgment decision.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

threat of litigation . . . loom[ed] in the background"); *Branham v. Kirkland*, 1997 WL 43662, at *3 (D. Or. Jan. 29, 1997) ("The plaintiffs move to exclude Exhibit K . . . because it is a letter containing a settlement offer and was sent prior to the filing of this action.  Fed. R. Evid. 408 prohibits evidence of offers to compromise a claim to be admitted as proof of liability.  Exhibit K falls within this prohibition.  The motion of the plaintiffs to exclude Exhibit K is granted.")).

In the Motion, Bristol argues that it may use the settlement negotiations and tolling agreement even if they are protected by Rule 408, because it is "rebuttal" evidence to Cigna's argument that Sure Haven did not exhaust administrative remedies. (Mot. at 12.)  But this is nonsense.  Cigna's exhaustion defense has nothing to do with the tolling agreement, which was to toll the statute of limitations years after the claims had been denied and could have been appealed under the plans.  (Dkt. 122 at 16.)  And the tolling agreement expressly says Cigna does not waive any affirmative defenses, like exhaustion of administrative remedies, presently held with respect to the claims at issue.  (Dkt. 131, Ex. N.)  Moreover, Cigna's offer to reprocess claims for *a release* to settle the dispute has absolutely nothing to do with the defense of exhaustion of administrative remedies and is the quintessential type of evidence that is inadmissible under the Rule.  *See Cyr*, 525 F. Supp. 2d at 1170-71.

Finally, the cases that Bristol cites either support Cigna's position or are distinguishable. (Mot. at 16 (citing *Rustico v. Intuitive Surgical, Inc.*, 424 F. Supp. 3d 720, 734 n. 3 (N.D. Cal. 2019) (actually holding that tolling agreement did not waive affirmative defenses); *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1161 (9th Cir. 2007) (involving justiciability of a declaratory action claim); *Freidus v. First Nat'l Bank*, 928 F.2d 793, 795 (8th Cir. 1991) (admitting letters merely to show parties were communicating to rebut defense of undue delay); *Bankcard Am., Inc. v. Universal Bancard Sys., Inc.*, 203 F.3d 477, 484 (7th Cir. 2000) (holding that substance of negotiations and settlement were not admissible, but testimony that party believe

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

settlement of claims had been reached was admissible)).)

       2.       *The Court Did Not Commit a Manifest Error of Fact or Law.*

As with its flawed arguments relating to the Mills Declaration, Bristol's Motion does not expressly argue that the Court committed a manifest error of law as required by *Allstate*. That's because Bristol cannot. A "manifest error is synonymous with a clear error." *See Pet Food Express Ltd. v. Royal Canin USA, Inc.*, 2011 WL 6140874, at *4 (N.D. Cal. Dec. 8, 2011) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)). Clear error occurs when the court "is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). Further, "the error must be one on which the final judgment was predicated, [and] the error must be one that would alter the outcome of the case." *Pet Food Express*, 2011 WL 6140874, at *4.

Bristol argues that the Court "misapprehends" or "overlooks" pieces of evidence and/or case law that Bristol already submitted in its opposition to summary judgment. (*See generally* Mot.) But all this amounts to is repetition of arguments from Bristol's opposition or arguments Bristol could have made, but did not. This is improper and reason enough to deny the Motion. *Dragan*, 2021 WL 3260605, at *1 ("No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."); *Del. Life Ins. Co. v. Schuster*, 2016 WL 6915305, at *3 (C.D. Cal. Sept. 14, 2016) (same); *GCP Applied Techs.*, 2022 WL 4597418, at *2 (same).

Regardless, these arguments—which this Court has mostly considered and rejected—also fail on the merits and do not show the Court committed a manifest error of law or fact.

       a.       *The Court Correctly Held There Is No Genuine Dispute of Fact As to Whether Cigna Was Delegated Discretionary Authority.*

Bristol argues that the Court incorrectly held that Cigna carried its burden of

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -

proof with respect to the delegation of discretionary authority in the ERISA plans at issue. (Mot. at 5.) But, as the Court found, Cigna provided an example plan document with standard text granting Cigna discretionary and witness testimony supporting that the plans contained this language, therefore meeting Cigna's burden of production to support its motion for summary judgment. (*See* Order at 8.) At that point, the burden shifted to Bristol to offer evidence, not argument, that the plans did not confer Cigna with discretionary authority. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue* for trial.'").

But in both its opposition and now in the Motion, (*compare* Dkt. 129 at 10-11, *with* Mot. at 3-7), Bristol continues to repeat the "hollow argument," (*see* Order at 8), that the other plans at issue **may** not share this discretionary authority language, the fee-forgiving language, or may not be ERISA plans because Cigna did not attach every plan to its Motion.[5] (Mot. at 3-4.) But the Motion still offers "nothing to back up [its] claim" beyond conjecture. (Mot. at 5-7.) Thus, Bristol has yet again offered the Court nothing but "metaphysical doubt" and no actual evidence of a genuine dispute of fact. Therefore, the Court's decision that the plans at issue granted Cigna discretionary

---

[5] Bristol's Motion mischaracterizes a few entries in Cigna's statement of undisputed facts to suggest there is doubt whether the plans at issue contained discretionary authority, the fee-forgiving exclusion, or were ERISA plans. (Mot. at 2.) As Cigna already explained, there is no such doubt. (Dkt. 136 at 4-5.) And Bristol repeats over and over again (*e.g.* Mot at 3-4) that, to prevail at summary judgment, Cigna was obligated to provide as evidence every single plan document for every claim at issue. But at the end of the day, Bristol cites no authority whatsoever to support that argument. Ultimately, Cigna put evidence into the record and offered to supplement it with all of the plans produced to Bristol in discovery, if necessary. (Dkt. 136 at 5, n.4.) Bristol had the opportunity to rebut Cigna's evidence at summary judgment and show there was a dispute of fact for any of these issues, but could not. That says everything the Court needs to know about Bristol's doubts about the sufficiency of the evidence.

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

authority was correct and not a "clear error" sufficient to reconsider its ruling under Rule 59(e).  *See Matsushita*, 475 U.S. at 586-87.

Likewise, the Motion repeats Bristol's argument that the example plan document Cigna provided with its motion for summary judgment is just a "summary plan description" and therefore not an enforceable plan document.  As Cigna has already explained (Dkt. 136 at 4-5), this argument lacks any evidentiary support, but also stems from an incorrect reading of *CIGNA Corporation v. Amara*, 563 U.S. 421, 438 (2011), which has been subsequently refuted by the Ninth Circuit.  *Mull for Mull v. Motion Picture Indus. Health Plan*, 865 F.3d 1207, 1210 (9th Cir. 2017) ("We have clarified that '*Amara* addressed only the circumstance where both a governing plan document and an SPD existed, and the plan administrator sought to enforce the SPD's terms over those of the plan document.'").  Thus, the Court did not commit "clear error" and correctly held that the example provided by Cigna "is an operative plan document stating the terms of the plan for purposes of ERISA § 502(a)(1)(B)." (Order at 8.)

> b.   *The Court Correctly Held Cigna Did Not Commit an Abuse of Discretion.*

Bristol also argues that the Court erred because the Court did not hold Cigna's denial of the claims at issue for fee-forgiving was an abuse of discretion.  The Motion claims that "Cigna's denial of patients' claims without any basis to do so is squarely arbitrary and capricious under binding precedent."  (Mot. at 9.)  But in making this argument that Cigna was "without any basis" to deny Sure Haven's claims, Bristol does not engage with any of the evidence or case law the Court relied upon supporting Cigna's fee-forgiving investigation and denial of Sure Haven's claims for fee-forgiving pursuant to plan language.  (Order at 8-10.)  The Motion also does not address the many cases that have upheld Cigna's denial of claims for fee-forgiving based on the same benefit plan language, which the Court found "highly persuasive." (*Id.* at 9-10.)

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

Instead, the Motion cites to *Camerer v. Cont'l Cas. Co.*, 76 F. App'x 837, 840 (9th Cir. 2003)—which is not a new decision and therefore is improperly relied upon by Bristol in its Motion—to argue the Court was wrong, but *Camerer* is clearly distinguishable. *Camerer* considered an appeal of the district court's award of disability benefits to a former employee who had been denied benefits despite the reviewer having no information that was contrary to a medical record that clearly showed the patient was eligible for the requested benefits. *Id.*

This case is the inverse of *Camerer*. The Court found that Cigna's decision to deny benefits rested on a substantial factual foundation, including an SIU investigation, admissions by Sure Haven that it was engaging in fee-forgiving, an investigation by an independent review organization, and confirmation from Sure Haven's own records it was engaged in fee-forgiving. (Order at 8-10.) Thus, *Camerer* is distinguishable and does not disturb the Court's ruling.

The rest of Bristol's arguments are equally baseless. The Motion makes seemingly contradictory arguments that Cigna also abused its discretion because Cigna "never formally denied any claims" and Cigna did "provide the specific reasons for a denial and cannot raise a reason for denial for the first time during litigation . . . ." (Mot. at 7-8.) Either way, Bristol again cites no evidence in the record to support this assertion. That is because, as the Court correctly noted, the evidence is all to the contrary. Cigna's February 26, 2015 letter sent before any of the claims were denied, and each subsequent EOP sent to Sure Haven after the claims were denied, explained that the claims were denied for fee-forgiving. (Order at 3-4.) Thus, the administrative record was clear that the claims at issue were denied for fee-forgiving.

For this reason, Bristol's citations to *Collier v. Lincoln Life Assurance Co. of Boston*, 53 F. 4th 1180, 1186 (9th Cir. 2022) is misplaced. In *Collier*, the district court credited an argument made by the defendant in the litigation to support the claim denial that had not been raised during the administrative process. While this had always been

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

the rule during an abuse of discretion review, *id.* at 1188, the Ninth Circuit applied it to a court's own *de novo* review.  Because Cigna had denied the claims at issue for fee-forgiving during the administrative process, *Collier* has no application here.

Next, the Motion complains that the Court did not credit Bristol's argument that Cigna ignored the "evidence" of payment that Sure Haven provided to Cigna in 2015. (Mot. at 8-9.)  The Motion argues that Cigna "ignore[ed] available information or willfully disregard[ed] the information it requested . . . ." (Mot. at 9.)  But as Cigna explained in its motion, Cigna's SIU did consider this information, but the problem for Sure Haven was that it merely **confirmed** to Cigna that Sure Haven was not collecting cost-share.  (Dkt. 122 at 9-10.)  Indeed, the Motion, like Bristol's opposition, is silent about the records for the other 42 patients Sure Haven sent to Cigna in 2015, which showed no proof of payment at all.[6]  (*Compare* Mot. at 8-19, *with* Dkt. 122 at 9-10.)

Finally, Bristol string cites to exhibits attached to its opposition (Mot. at 9), and criticizes the Court for not digging through these exhibits, which were buried among the thousands of pages of exhibits submitted with Bristol's opposition, to find a reason to deny Cigna's motion.  But as Cigna explained in its reply, combing through the evidence is Bristol's job, not the Court's. *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) ("The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found."); *Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988) ("The district judge is not required to comb the record to find some reason to deny a motion for

---

[6] Bristol claims in the Motion that it provided exhibits with its opposition that showed a few of these patients had met their deductible or out-of-pocket maximum, therefore there should not have been a record of payment.  (Mot. 8-9.) While Bristol did not make this argument in its opposition, and improperly raises it now for the first time, even if it were true, it still does disturb the overwhelming evidence in the record that Sure Haven had engaged in fee-forgiving and that Cigna had substantial evidence to deny the claims.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO RULES 59 & 60
CASE NO. 8:19-CV-00709-PSG-ADS

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

summary judgment."). Thus, if Bristol thought these exhibits mattered (they don't), it was Bristol's job to explain why they mattered to the Court at summary judgment. By failing to do so, it was Bristol's error, not the Court's and, yet again, the Motion does not present a basis for the Court to reconsider summary judgment under Rule 59.

### c. The Court Correctly Held that Bristol's State-Law Claims are Preempted.

Bristol also argues that the Court erred by holding that Bristol's state-law claims are preempted by ERISA. However, similar to Bristol's other arguments, this one is baseless because Bristol both ignores the evidence and case law the Court relied on deciding that the state-law claims are preempted by ERISA, and relies on patently false assertions in an attempt to show the Court erred.

For example, Bristol asserts that Cigna did not plead ERISA preemption as an affirmative defense, which is a blatantly false. Cigna's Amended Answer to Bristol's Second Amended Complaint, which Cigna was specifically permitted to amend by leave of Court after the ERISA claim was reinstated by the Ninth Circuit, (Dkt. 103 at 2), clearly lists preemption pursuant to ERISA § 514(a) as an affirmative defense. (*See* Dkt. 112, Twenty-Sixth Affirmative Defense.)

Next, Bristol argues that the Court's Order granting summary judgment is in direct conflict with binding Ninth Circuit authority. (Mot. at 10-11.) But then, Bristol does not even cite any such Ninth Circuit authority. Instead, Bristol points to a single district court case, *Summit Estate, Inc. v. Cigna Healthcare of California, Inc.*, 2017 WL 4517111 (N.D. Cal. Oct. 10, 2017), but that decision does not provide a basis for reconsideration either.

To start, Bristol failed to cite or rely on *Summit Estate* decision in its opposition to summary and a Rule 59(e) motion may *not* be used to raise arguments for the first time when they could reasonably have been raised previously. *See Del. Life Ins.*, 2016 WL 6915305, at *3. Regardless, *Summit Estate* is not even persuasive authority, let

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

alone binding precedent that shows the court made clear error.  It merely holds a plaintiff could *plead* state-law claims that were not preempted at the motion to dismiss stage, not that those claims were preempted at the summary judgment stage. Moreover, in that case the provider did not bring an ERISA claim based on the same exact facts, nor did it plead it had received assignment of benefits from ERISA plan members, which are key facts at issue in this case.  *See* 2017 WL 4517111, at *2, *15 n.5.

Moreover, the Motion makes no effort at all to address any of the case law from other courts in the Ninth Circuit that Cigna cited or the Court relied upon which considered nearly identical facts to the ones presented here, and found the state-law claims preempted.  *See, e.g.*, *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010) ("[W]here 'the existence of an ERISA plan is a critical factor in establishing liability' under a state cause of action, the state law claim is preempted."); *Pac. Recovery Sols. v. United Behav. Health*, 481 F. Supp. 3d 1011, 1029 (N.D. Cal. 2020) (finding that claims for breach of oral and/or implied contract, and promissory estoppel were preempted because "the parties' understanding as to what United meant when it represented that it would pay a percentage of the UCR . . . has a connection to the terms of benefit plans"); *see also Pac. Recovery Sols. v. Cigna Behav. Health, Inc.*, 2021 WL 1176677, at *6-7 (N.D. Cal. Mar. 29, 2021) (same); *Fast Access Specialty Therapeutics, LLC v. UnitedHealth Grp., Inc.*, 532 F. Supp. 3d 956, 966–67 (S.D. Cal. 2021) (same where claim was "premised not only on the existence of Patient A's plan, but the specific terms in Patient A's plan, or lack thereof . . .").  Nor does Bristol explain how it is clear error for the Court to rely on these cases, when all Bristol can muster is a single case decided on different facts.

In addition, Bristol makes no attempt at all to address this Court's holding that the state-law claims are also preempted because they bear directly on an ERISA-regulated relationship.  As a result, Bristol has waived any reconsideration argument it

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
PURSUANT TO RULES 59 & 60
CASE NO. 8:19-CV-00709-PSG-ADS

could have made with respect to that finding. *See, e.g.*, *Avila v. L.A. Police Dep't*, 2012 WL 12886838, at *4 (C.D. Cal. Feb. 27, 2012) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers.") (quotations omitted).

Finally, Bristol argues that the Court incorrectly found that ERISA preemption applies because "[i]t is already [the] law of the case that the promises to pay made on the phone calls can, indeed, form the basis of an enforceable agreement and do not *ipso facto* merge into ERISA preemption." (Mot. at 12.) Frankly, this is gobbledygook. What the Ninth Circuit actually said about preemption was that it "takes no position on whether any or all of Bristol's state law claims are preempted by ERISA." *Bristol SL Holdings, Inc. v. Cigna Health & Life Ins. Co.*, 2022 WL 137547, at 1, n.3 (9th Cir. Jan. 14, 2022). It expressly remanded that issue to this Court, this Court was free to decide it, and this Court correctly found the state law claims were preempted by ERISA. Thus, Bristol's attempt to rewrite the Ninth Circuit's decision is baseless, and the Motion based on Rule 59(e) can be denied.

## C.   Bristol's Motion Should Be Denied Pursuant to Rule 60(b).

Rule 60(b) "strictly cabins the circumstances under which a judgment can be reopened after it becomes final." *Espinosa*, 553 F.3d at 1199  Relief under Rule 60(b) is appropriate "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). While the Motion makes no attempt to distinguish between Rule 59(e) and Rule 60(b), or which, if any, of the six Rule 60(b) factors Bristol believes is at issue here, it appears only one fits: newly discovered evidence. (Mot. 16-18.) However, for reasons explained above in Section IV.B.1, (1) Bristol has not identified any newly discovered evidence and (2) the purported new evidence is irrelevant to the

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

Court's order, and, regardless, not admissible under FRE 408.  Finally, to the extent the Court believes that any of Bristol's other arguments should be considered under Rule 60(b), they fail for the same reasons stated in the sections above.

## V.   CONCLUSION

Based on the foregoing, Cigna respectfully requests that the Court deny Bristol's Motion pursuant to L.R. 7-18, L.R. 7-3 and Rules 59(e) and 60 of the Federal Rules of Civil Procedure.

Dated: January 27, 2023          **MCDERMOTT WILL & EMERY LLP**

By:   */s/ William P. Donovan, Jr.*
WILLIAM P. DONOVAN, JR.
RICHARD W. NICHOLSON, JR.
RICHARD DIGGS

Attorneys for Defendants
CIGNA HEALTH AND LIFE
INSURANCE COMPANY; CIGNA
BEHAVIORAL HEALTH, INC.