# EXHIBIT 1

| | |
|---|---|
| **From:** | Nicholson, Richard W., Jr. |
| **To:** | Lavin, Matt |
| **Cc:** | Collins, Richard T.; towerlawsd (towerlawsd@gmail.com); Modiano, Aaron R.; Dorothy Easley MD JD BCS Appeals; Donovan, William; Diggs, Richard; Dellon, Eric |
| **Subject:** | RE: Bristol Cigna - Declaration |
| **Date:** | Monday, December 5, 2022 4:56:27 PM |

Matt,

Cigna does not agree to supplement the record with this declaration.  As a threshold issue, your assertion that it was a "new" argument on reply for Cigna to argue that the pre-litigation settlement discussions were not part of the administrative record is wrong.  Cigna's memo in support of the motion for summary judgment made this exact argument:

- "As part of settlement negotiations with Cigna prior to filing suit, Sure Haven provided additional payment records for some of the claims at issue. This was years after the period when Sure Haven could appeal (UF ¶ 107), and are not properly part of the administrative record. *Webb v. The Harford Fin. Servs. Group, Inc.*, 608 F. Supp. 2d 1218, 1224 (C.D. Cal. 2009). Likewise, Sure Haven produced records for the first time in the course of discovery in this litigation, but again, these were not part of the administrative record before Cigna either." (Dkt. 122, Cigna Memo. at 9, n.1.)

Moreover, your email's focus on the tolling agreement misconstrues Cigna's argument, which is that Sure Haven did not timely appeal as required by the plans, not that the statute of limitations had expired.  In any event, to the extent Bristol pointed to the tolling agreement and offer to reprocess claims as part of settlement negotiations in its Opposition, Cigna explained in its reply why this evidence was both irrelevant and inadmissible, which is not a "new" argument sufficient to give rise to the ability to submit surreply evidence. *See Jordan v. Terhune*, 2009 WL 276764, *3 (E.D. Cal. Feb. 5, 2009) ("Defendants' reply does not present new arguments nor new evidence; they simply note the problems with plaintiff's evidentiary support. The surreply is improper.").

Regardless, the declaration is also improper because Mr. Mills was not disclosed in Bristol's Fed. R. Civ. P. 26(e)(1) initial disclosures, and therefore Bristol cannot use his testimony to support Bristol's claims at summary judgment. *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014); *Shenwick v. Twitter, Inc.*, 2021 WL 1232451, at *2 (N.D. Cal. Mar. 31, 2021).  Finally, the declaration itself makes clear that Mr. Mills is testifying about settlement negotiations with Cigna a month before litigation was filed by Bristol, and therefore his testimony is clearly not admissible under Fed. R. Evid. 408.  Mr. Mills' December 18, 2018 letter to Cigna, in fact, makes clear it was his understanding that his communications with Cigna were covered by Fed. R. Evid. 408 as well. (Dkt. 131, Ex. HH ("Confidential Settlement Communications").)

Thus, Bristol's belated attempt to submit this declaration to the Court is based on a frivolous legal position, and if Bristol goes forward with filing it, Cigna reserves all rights, including moving to strike the declaration and seeking sanctions pursuant to Rule 11.

Sincerely,

RICHARD W. NICHOLSON, JR.
Partner
**McDermott Will & Emery LLP**  One Vanderbilt Avenue, New York, NY 10017-3852
**Tel** +1 212 547 5337     **Email** rnicholson@mwe.com
Website | vCard | Twitter | LinkedIn

**From:** Lavin, Matt <Matt.Lavin@AGG.com>
**Sent:** Monday, December 5, 2022 11:58 AM
**To:** Nicholson, Richard W., Jr. <Rnicholson@mwe.com>; Donovan, William <Wdonovan@mwe.com>; Diggs, Richard <Rdiggs@mwe.com>
**Cc:** Collins, Richard T. <Rich.Collins@AGG.com>; towerlawsd (towerlawsd@gmail.com) <towerlawsd@gmail.com>; Modiano, Aaron R. <Aaron.Modiano@AGG.com>; Dorothy Easley MD JD BCS Appeals <dfeasley@easleyappellate.com>
**Subject:** Bristol Cigna - Declaration

**[ External Email ]**

Hi Rich, we've reviewed your reply brief and were surprised to see for the first time Cigna's position that the tolling period was not part of the dispute process.   We reached out to Bristol's former attorney, John Mills, who has prepared the attached declaration.

Please let us know by close of business pacific time whether Cigna will stipulate to supplement the record with this declaration.

Thanks.

**Matt Lavin**
**Partner**



Arnall Golden Gregory LLP
1775 Pennsylvania Ave NW, Suite 1000
Washington, DC 20006
**p:** 202.677.4959
Matt.Lavin@agg.com | bio | linkedin | vcard | website